IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. |
| PHILIP RUSS SMITH, ) ) | COMPLAINT |
| ) | Jury Trial Demanded |
| Defendant. ) | |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III ("Schmidt") and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action, and make and file this their complaint, and show the Court as follows:

PARTIES, JURISDICTION AND VENUE

1.

BidZirk is a South Carolina corporation with its principal place of business in Greenville County, South Carolina.

2.

Schmidt and Patterson, husband and wife, are individuals residing at 307 Shefwood Drive, Easley, Pickens County, South Carolina 29642.

3.

Defendant Phillip Russ Smith ("Smith") is an individual residing at 601 Cleveland Street, Apartment 5-B, Greenville, Greenville County, South Carolina 29601, where he may be served

with a copy of the summons and complaint. The Court may exercise personal jurisdiction over Smith, and venue in this Court is proper as to Smith.

4.

The Court's original subject matter jurisdiction is invoked pursuant to 15 U.S.C. § 1121(a).

5.

Smith publishes a web log (or "blog") at www.jackwhispers.blogspot.com.

6.

Beginning in December 2005, Smith began to promote a pending series of blog entries concerning auction listing companies. An auction listing company is a business that accepts goods on consignment, and administers auction sales of consigned goods on web sites such as eBay. BidZirk is an auction listing company, which as part of its regular business accepts goods on consignment and administers the auction of such goods on eBay.

7.

BidZirk earns a fee for its services, which is a percentage of the money received from a completed auction on eBay. BidZirk informs its customers of its fees and discloses fully its fee schedule at the time items are consigned at BidZirk's premises.

8.

Smith is an amateur dealer and re-seller primarily of Apple and Macintosh computer equipment and accessories. Smith approached BidZirk with a proposal to consign computer

equipment with BidZirk for auction and sale on eBay. BidZirk accepted consignment goods from Smith and proceeded to list the items for auction on eBay.

9.

Smith was ultimately dissatisfied with the prices that he received for auctioned items, and with the timing of payments made to him at the conclusion of auctions. Schmidt met with Smith, presented him with an accounting and reconciliation of all monies received from completed auctions of Smiths' consigned goods, and paid to Smith all monies which were due and owing.

10.

Smith advertised on his blog that he intended to publish a four-part series of postings concerning auction listing companies. Part I of Smith's series of postings appeared on the internet at [www.jackwhispers.blogspot.com](www.jackwhispers.blogspot.com) on December 28, 2005. Smith's posting, while ostensibly concerned with auction listing companies generally, mentioned only BidZirk. Smith's posting also made reference to Schmidt, BidZirk's owner and president, as well as to another company, ChanneLinx, which Schmidt operates.

11.

Counsel for BidZirk caused a letter to be hand delivered to Smith on December 28, 2005, demanding that Smith cease use of BidZirk's logo and service mark on the blog, that all references to Schmidt be removed, and that references to ChanneLinx be removed.

12.

Smith offered to remove the offending items from the blog in return for a payment of $500. Later on December 28, 2005, BidZirk's logo, certain references to Schmidt, and

3

references to ChanneLinx were removed from Smith's blog. Neither BidZirk nor Schmidt paid $500 to Smith.

13.

On December 29, 2005, Smith published Part II of his planned series of web postings. Part II referenced the letter received from counsel, and indicated that Smith had a right to post BidZirk's logo and service mark on the blog. The BidZirk logo was again posted on Smith's blog. Smith also included a link to a story referencing Schmidt and Patterson's marriage. Smith also contended in his blog that BidZirk was not "up front" about its fees for services. This accusation is false.

FOR A FIRST CAUSE OF ACTION – Lanham Act violation

14.

BidZirk realleges and incorporates by reference the allegations set forth in Paragraphs 1-13 as though fully set forth herein.

15.

Smith's blog includes numerous references to and advertisements for goods and services. These advertisements, when "clicked" by a visitor to Smith's blog, send the visitor to a website specifically promoting the advertised good or service. Smith receives payments from advertisers for each visitor that accesses one of these "click through" advertisements. Accordingly, Smith's blog represents a commercial venture, the purpose of which is to promote the use and purchase of certain goods and services, in order to earn income for Smith's blog and presumably to defray publication costs.

16.

Smith posted, and continues to post, BidZirk's logo and trademarks on his blog, in connection with false and misleading descriptions of fact, which misrepresent the characteristics or qualities of BidZirk's services or commercial activities.

17.

Smith received actual notice of BidZirk's claim of ownership and exclusive rights to the use of its trademarks, and thereafter has persisted in his use of BidZirk's trademarks on his blog, without the permission or consent of BidZirk.

18.

BidZirk is entitled to damages from Smith for Smith's use of BidZirk's trademarks, pursuant to 15 U.S.C. §§ 1125(a)(1)(B) and 1117(a). Further, BidZirk is entitled to a trebling of such damages and a reasonable attorneys' fee, pursuant to 15 U.S.C. § 1117(b).

19.

BidZirk is further entitled to an injunction against Smith's use of BidZirk's trademarks, pursuant to 15 U.S.C. § 1116, and specifically requests that the Court enter an injunction as soon as practicable.

FOR A SECOND CAUSE OF ACTION – Defamation

20.

Schmidt realleges and incorporates by reference the allegations set forth in Paragraphs 1-19 as though fully set forth herein.

21.

The Court may exercise jurisdiction over Schmidt's claim for defamation through the Court's inherent pendent or supplemental jurisdiction.

22.

Smith published statements on his blog that tended to impeach the honesty, integrity, virtue or reputation of Schmidt, which caused injury to him in his business or occupation. Smith's statements include, but are not limited to: (1) derogatory statements concerning Schmidt's alleged impropriety or inadequacy in performing his trade or profession; and (2) statements (also abjectly false) that imply that Schmidt's past involvement in businesses identified by Smith as failing indicate incompetency in Schmidt's operation of BidZirk. Smith's statements are defamatory and actionable per se.

23.

Smith's statements were published with actual or implied malice, and with the intent wantonly to injure Schmidt in his business or profession.

24.

Smith's statements are false, and were published on the internet, at a publicly-accessible website, www.jackwhispers.blogspot.com, during December 28, 2005 and thereafter.

25.

Smith's statements concerned Schmidt, identified in the blog as "the owner of BidZirk." Schmidt is well-known through Greenville and the surrounding area, as he is a principal in a number of high-profile business ventures, is active in charity and social events, and has received

publicity for his entrepreneurial activities. It is a known fact that a reference to "the owner of BidZirk" could refer only to Schmidt, who is the company's president.

26.

Schmidt has suffered special damages in an amount to be proved at trial, and has suffered damages in the form of embarrassment, humiliation and mental injury as a result of the injury to his reputation inflicted by Smith's publication of defamatory statements.

FOR A THIRD CAUSE OF ACTION – Invasion of privacy

27.

Schmidt and Patterson reallege and incorporate by reference the allegations set forth in Paragraphs 1-26 as though fully set forth herein.

28.

The Court may exercise jurisdiction over Schmidt's and Patterson's claims for invasion of privacy through the Court's inherent pendent or supplemental jurisdiction.

29.

On December 29, 2005, Smith "linked" his blog to a photograph of Schmidt and Patterson, which photograph and accompanying text referenced Schmidt and Patterson's pending marriage.

30.

Smith's purpose in linking his blog to the aforementioned photograph was to imply that Schmidt and Patterson, by reason of their then-pending marriage, were unable to dedicate themselves sufficiently to the operations and administration of BidZirk.

31.

In publishing Schmidt's and Patterson's photograph, Smith appropriated their likenesses for his own purposes and benefit.

32.

Schmidt and Patterson have an interest in the use of their individual identities, which interest was tortiously violated and appropriated unlawfully by Smith.

33.

As a proximate result of Smith's appropriation of their likenesses and Smith's invasion of their privacy, Schmidt and Patterson are entitled to damages for mental distress and actual damages in an amount to be proven at trial.

FOR A FOURTH CAUSE OF ACTION – Injunction

34.

BidZirk, Schmidt and Patterson reallege and restate the allegations set forth in Paragraphs 1-33 as though fully set forth herein.

35.

Immediate and irreparable harm to BidZirk will result if Smith is not enjoined from further use of BidZirk's trademarks. BidZirk is entitled to an injunction against use of its trademarks pursuant to 15 U.S.C. § 1116.

36.

Immediate and irreparable harm to Schmidt and Patterson will result if Smith is not enjoined from further use of their likenesses and identities. Schmidt and Patterson are entitled to

an injunction against use or appropriation of their likenesses or identities pursuant to equity, and according to Fed. R. Civ. P. 65.

    PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

    WHEREFORE, BidZirk, Schmidt and Patterson pray:

(a)     that BidZirk have judgment against Smith for violations of the Lanham Act, along with treble damages, attorneys' fees and costs, as applicable;

(b)     that Schmidt have judgment against Smith for defamation, in an amount to be proven at trial;

(c)     that Schmidt and Patterson have judgment against Smith for invasion of privacy, in an amount to be proven at trial;

(d)     that Smith be enjoined from use of BidZirk's trademarks, pursuant to 15 U.S.C. § 1116;

(e)     that Smith be enjoined from use of Schmidt's and Patterson's likenesses and identities, pursuant to Fed. R. Civ. P. 65 and applicable equitable principles;

(f)     for a trial by jury; and

(g)     for such other and further relief as the Court deems mete and just.

    (signatures next page)

This 10th day of January, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III, and Jill Patterson

10