Answer to complaint as requested by The Honorable Judge Herlong

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| Philip J Smith | ) ) ) | COMPLAINT Jury Trial Demanded |
| Defendant. | ) ) | |

The Defendant, Philip J Smith, answering the Complaint of the Plaintiff herein, would respectfully show unto this Court the following:

PARTIES, JURISDICTION AND VENUE

1.

The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of this Complaint.

2.

The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of this Complaint.

3.

The Defendant, upon information and belief, contends that the information in Paragraph 3 of this Complaint is incorrect to the extent of the proper naming and address of the Defendant. The correct address, as stated in

contracts with the Plaintiff is 601 Cleveland St Condo 5C. The proper legal name for the Defendant is Philip J Smith.

4.

The Defendant, knowledgable of this jurisdication, does not believe this is the proper venue to settle this matter.

5.

Upon information and belief, Defendant admits publishing a news services and consumer awareness site in the form of a weblog located at jackwhispers.blogspot.com.

6.

Upon information and belief, Defendant admits Bidzirk is a listing company and admits promoting said news reports in December of 2005. Defendant contends the whole of Bidzirk is a tax shelter and not a viable or profitable business plan. Defendant maintains that Bidzirk is operating fraudulently and therefore denies Complaint/description contained in Paragraph 6.

7.

Upon information and belief, Defendant denies Bidzirk fully discloses fee structures and has eyewitness accounts on multiple occasions where Bidzirk promised and clarified one fee structure then charged another.

8.

Upon information and belief, denies claim in Pargraph 8. Philip Smith has been on eBay for 9 years and taught eBay at Greenville Technical College from 2000-2001 LEAP program. Smith consults and reports on eBay issues regularly. / Bidzirk accepted items on contract but refused to sell most items and failed to obtain prices that Professional sellers obtain using eBay auction services.

2

9.

Upon information and belief, Defendant denies Schmidt paid all monies due and owing. Monies paid were late without interest and top dollar as advertised on the Bidzirk website and brochure were not obtained.

10.

Upon information and belief, Defendant accepts timeframe of articles posted, but denies that other listing companies were not mentioned. Defendant's story was of a personal nature and example of Bidzirk was given because it was the only company Defendant had used. Defendant interviewed several listing companies and thoroughly searched "problematic stories" concerning these services. Plaintiff makes mention of Channelinx on his own Bidzirk site. There are outwardly negative news releases concerning this company.

11.

Upon information and belief, admits receiving a threatening cease and desist order and adds that an unrelated party was also served embarrasing Defendant.

12.

Upon information and belief, Defendant denies this claim. Defendant offered concession if monies owed were paid in full. For opposing counsel to make such claim and take this act of good faith in such a manner is contemptable.

13.

Upon information and belief, Defendant admits to description of the posting on the website, but denies that information contained therein were false. Defendant has 3rd party eyewitness accounts of the clarifications on fee structures.

FOR A FIRST CAUSE OF ACTION – Lanham Act violation

14.

Upon information and belief, Defendant restates answers made in Paragraphs 1-13

15.

Upon information and belief, Defendant denies description of advertising revenue. Defendant receives little to zero money from said advertisements and merely promotes them as quality products the Defendant personally uses. No "per click revenue" is made from Defendant's site. Defendant also asserts that Jackwhispers is not a commercial venture and is a consumer advocacy site.

4

16.

Upon information and belief, Defendant denies any claim made on his website are false, misleading, or inappropriately/illegally posted.

17.

Upon information and belief, Defendant denies claim that he must obtain rights to logo. Defendant use of marks falls under the fair use clauses of the Lanham Act.

18.

Upon information and belief, Defendant denies that Bidzirk has claims of merit to warrant a trial or to continue litigation.

19.

Upon information and belief, Defendant denies claims made in Paragraph 19.

FOR A SECOND CAUSE OF ACTION – Defamation

20.

Upon information and belief, Defendant restates answers made in Paragraphs 1-19.

5

21.

Upon information and belief, Defendant asks for the Court to kindly declare these claims, made by Plaintiff and Plaintiff counsel frivolous.

22.

Upon information and belief, Defendant begs of the court to understand the nature of the website as a charitable consumer advocacy site. In said article Defendant went above and beyond to be fair and to compliment Bidzirk when meritted. Internet search tallies from Netcraft indicate no one is searching for the terms "Bidzirk". Only 22 such searches, for the term Bidzirk have been made within the past year. 20 of those searches have come in 2006. These searches are most likely from opposing counsel and Schmidt.

23.

Upon information and belief, Defendant denies this claim. Defendant actually compliments Bidzirk in several parts of the news piece and ask that readers understand the nature of the article and not misconstrue it's purpose.

24.

Upon information and belief, Defendant denies claims that the news report contains ANY flase information.

25.

The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of this Complaint. Information contained in this Paragraph are of no relevance to complaint. Defendant deals with influencial businesses and city officials, no one spoken to knows the name of the owner of Bidzirk.

6

26.

Upon information and belief, defendant denies allegations made in Paragraph 26.

### FOR A THIRD CAUSE OF ACTION – Invasion of privacy

27.

Upon information and belief, Defendant restates answers made in Paragraphs 1-26.

28.

Upon information and belief, Defendant asks the Court to deny the frivolous claims made in paragraph 28.

29.

Upon information and belief, Defendant admits linking to said photograph (published in the Greenville Journal and on the greenvillejournal.com website) in April of 2005. Linked article made specific reference to Jill patterson and Ty Schmidt starting Bidzirk. This fact was also promoted to Defendant and partners of the Defendant upon contract and consignment.Defendant also states to the Court that the marriage of Jill Patterson and Ty Schmidt is matter of Public Record.

30.

Upon information and belief, Defendant accepts statement made in Paragraph 30 of this Complaint.

31.

Upon information and belief, Defendant denies publishing photograph. Defendant linked to another site and did not include an actual photograph.

32.

Upon information and belief, Defendant asks the Court to deny the frivolous claims made in paragraph 32.

33.

Upon information and belief, Defendant asks the Court to deny the frivolous claims made in Paragraph 33.

### FOR A FOURTH CAUSE OF ACTION – Injunction

34.

Upon information and belief, Defendant restates answers made in Paragraphs 1-33.

35.

Upon information and belief, Defendant asks the Court to deny the frivolous claims made in Paragraph 35.

36.

Upon information and belief, Defendant asks the Court to deny the frivolous claims made in Paragraph 36. No use of likeness or identity was made on Defendant's website.

8

3/2/2K6