IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, Daniel Schmidt, ) | |
| III, and Jill Patterson, ) | C.A. No. 6:06-00109-HMH-WMC |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| Philip J. Smith, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 DSC.[1] BidZirk, LLC ("BidZirk"), Daniel Schmidt, III ("Schmidt"), and Jill Patterson ("Patterson") (collectively "Plaintiffs") filed a complaint seeking damages, injunctive relief, and attorneys' fees for alleged violations of the Lanham Act, 15 U.S.C. § 1125, and damages for alleged defamation and invasion of privacy. The Plaintiffs filed a motion for a preliminary injunction on February 3, 2006. On March 16, 2006, Magistrate Judge Catoe held a hearing on the motion. In his Report entered March 21, 2006, Magistrate Judge Catoe recommended denying the Plaintiffs' motion for a preliminary injunction.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Dockets.Justia.com

# I. Factual and Procedural Background

This case arises from the posting of a four-part article titled "Special Report: You Gotta Be Berserk to Use an eBay Listing Company! The Whole Story" ("article") on Philip J. Smith's ("Smith") blog located at http://www.jackwhispers.blogspot.com ("blog"). (Objections Ex. 1 (Article).) The article concerns Smith's experience using BidZirk, an auction listing company, to sell items on eBay. (Id.) "An auction listing company is a business that accepts goods on consignment, and administers auction sales of consigned goods on web sites such as eBay." (Compl. ¶ 6.) BidZirk is paid a fee for these services based on a percentage of the money received from an auction. (Id. ¶ 7.)

In the article, Smith depicts BidZirk's trademark and details his interactions with Schmidt, BidZirk's president. (Objections Ex. 1 (Smith Article).) Smith relates the positive and mostly negative aspects of utilizing an eBay listing company, like BidZirk, and provides a checklist for his readers to utilize in deciding whether to use a listing company. (Id.)

> The Plaintiffs filed a motion for a preliminary injunction alleging that
>
> Defendant's use of BidZirk's trademarks on his jackwhispers.com web site tarnishes and dilutes the marks, and pursuant to 15 U.S.C. § 1116, such dilution should be enjoined. Further, BidZirk has at least suffered nominal damages as a result of Defendant's unauthorized use of its marks and, as a consequence of Defendant's bad faith infringement, BidZirk should recover its attorneys' fees incurred in obtaining a preliminary injunction.

(Pls.' Mem. Supp. Preliminary Injunction 6.)

# II. Discussion of the Law

In his Report, Magistrate Judge Catoe recommended denying the Plaintiffs' motion for the reason that the Plaintiffs are not entitled to injunctive relief under 15 U.S.C.

2

§ 1125(c)(4)(C) of the Lanham Act, because the use of BidZirk's "trademark [in the article] was in news reporting or news commentary." (Report and Recommendation 7 (internal quotation marks omitted).) The Plaintiffs filed an objection to the Report and Recommendation on April 4, 2006.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Plaintiffs specifically object to Magistrate Judge Catoe's finding that they are not entitled to a preliminary injunction enjoining Smith from using BidZirk's trademark on the blog because his "use of [BidZirk's] trademark was in news reporting or news commentary." (Report and Recommendation 7 (internal quotation marks omitted).) The Plaintiffs object that the article is not news reporting or news commentary, but is nothing more than "cybergriping, a practice in which an individual often a disgruntled customer, complains (or flames) a business or a businessperson on the internet." (Objections 6 (internal quotation marks omitted).) Further, the Plaintiffs allege that Smith's article goes beyond news gathering and offers suggestions to the Plaintiffs on how to run their business. (Id. 6.) Moreover, the Plaintiffs submit that Smith's adversarial and vindictive approach towards the Plaintiffs

indicates that the function of Smith's article on his blog is "to injure BidZirk and its principals." (Id. 9.)

As evidence of Smith's intent, the Plaintiffs reference an email from Smith sent to Plaintiffs' counsel, Kevin Elwell, on March 29, 2006, indicating that he plans to file suit against the Plaintiffs, to inform the "DA" that BidZirk is defrauding customers and is merely a tax shelter, and to picket in front of BidZirk's business. (Objections Ex. 3 (Email from Smith to Elwell (March 29, 2006)).)

"A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (internal quotation marks omitted). When considering a motion for a preliminary injunction, the court must consider four factors: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Id. at 263 (internal quotation marks omitted).

Under the Lanham Act, the court has the power to grant injunctions "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of [15 U.S.C. § 1125]." 15 U.S.C. § 1116(a) (West 1998 & Supp. 2005). Section 1125(c)(1) provides:

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection.

4

However, under § 1125(c)(4)(C), no "forms of news reporting and news commentary" are actionable under § 1125. These terms are not defined in the Lanham Act. Further, there is no published case deciding whether a blogger is a journalist. However, in determining whether Smith was engaged in news reporting or news commentating, the court has applied the functional analysis suggested by commentators and the Plaintiffs, which examines the content of the material, not the format, to determine whether it is journalism. See David Hudson, BLOGGING from http://www.firstamendmentcenter.org//press/topic.aspx?topic=blogging; (Pls.' Mem. Supp. Preliminary Injunction Ex. 34 (Hudson on Blogging).).

    Upon review of the content of the article, the court finds that Smith's use of the BidZirk mark in the article was in the context of news reporting or news commentary. The article posted by Smith concerning the Plaintiffs is written for the purpose of conveying information. In the four installments of the article, Smith describes his experience with BidZirk in great detail. (Objections Ex. 1 (Smith Article).) In addition, Smith addresses the positive and negative aspects, in his opinion, of dealing with a an eBay listing company, such as BidZirk. (Id.) Further, Smith provides a checklist for using an eBay listing company and tips for selling items on eBay. (Id.) The fact that Smith reports negatively about his experience with BidZirk does not dictate that the article's function was not news reporting or news commentary. As such, the court denies the Plaintiffs' motion for a preliminary injunction. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the Plaintiffs' motion for a preliminary injunction, docket number 6, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
April 10, 2006