IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, et. al.,        )<br>                               )<br>            Plaintiff,       )<br>                               )<br>     vs.                      )<br>                               )<br> Phillip J. Smith,            )<br>                               )<br>            Defendant(s).     )<br>                               ) | Civil Action No. 6:06-0109-HMH-WMC<br><br>**O R D E R** |

     A motion for judgment on the pleadings has been filed in this case. Because the defendant does not have an attorney, the Clerk is directed to send him or her by mail a copy of this Order, an explanation of summary judgment procedure, and a copy of pertinent extracts from Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.

     The defendant shall have a period of **thirty-four (34) days** from the date of this Order to file any material (s)he wishes to file in opposition to the motion in accordance with the requirements explained in the Rules, and if (s)he fails to respond adequately, the motion may be granted, thereby ending this case.[1] Careful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits filed in opposition to judgment on the pleadings to be based on personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matters contained in the affidavit if he or she were called to the witness stand. Affidavits or exhibits pertaining to matters that are not involved in this case will not be considered by the Court, nor will affidavits that contain only conclusory statements or argument of facts or law.

     A person who is representing himself in federal court may submit a brief or memorandum containing argument if he or she desires to do so, but this is not required. However, submission of a brief, or even the filing of a reply to an answer or return, will not be sufficient alone to withstand a properly supported motion for judgment on the pleadings.

     This order is entered at the direction of the Court.


April 21, 2006

                                                                   s/William M. Catoe<br>
                                                                   United States Magistrate Judge

---

[1] This is one (1) month plus four (4) days mail time, and the time will not be enlarged unless highly persuasive reasons are submitted under oath to support a motion to enlarge time.

## EXPLANATION OF SUMMARY JUDGMENT PROCEDURE

(For parties that do not have counsel)[2]

Most pro se litigants are prisoners who seek federal habeas corpus relief or relief available under civil rights statutes, 42 U.S.C. § 1983 et seq. Generally, the only issues federal courts entertain in such cases are alleged violations of rights secured by the Constitution. The Federal Rules of Civil Procedure apply in all civil rights cases, and the rules applicable to pleadings and motions apply for the most part in federal habeas cases started by state (or federal) prisoners.

When a defendant (or a respondent) moves or pleads for summary judgment under Rule 56, or sets up in a motion or pleading a defense that the plaintiff (or petitioner) has failed to state a claim upon which relief can be granted, he is arguing, in effect, that a constitutional claim has not been shown by the plaintiff's complaint (or the petitioner's petition). If affidavits or other material are submitted by a defendant (or respondent) to support that defense, and if the court accepts such matters outside the pleading, the court treats the submission as a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Whenever one or more affidavits or other material outside the pleading of a defendant (or respondent) are served on a pro se plaintiff (or a pro se petitioner), he cannot rest upon the allegations or denials of his own pleadings. He has a right to file one or more opposing affidavits or other exhibits, and indeed must do so if his action is to survive. If this is not done, the court may very well grant summary judgment against him. [This is true also if the parties are all represented by counsel.]

All affidavits submitted by pro se litigants must meet the standards required by Rule 56, which standards can be determined from the following quotation of a portion of Rule 56(e):

> "(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

If a pro se litigant does not fully understand what facts would be admissible, and who would be competent to testify, he should not withhold affidavits, for the court will determine whether these standards are met by his affidavit(s).

Under Rule 56(f), if a person served with affidavits cannot obtain opposing affidavits, he must submit to the court his own affidavit, stating why he cannot present by affidavit facts essential to justify his opposition to the facts set out in the affidavits served by the opposing party. Under Rule 56(g), all affidavits submitted to the court must be made in good faith (and, obviously, the facts sworn to must be true),[3] and appropriate action will be taken by the court if it is satisfied that affidavits are presented in bad faith, or solely for the purpose of delay.

UNITED STATES MAGISTRATE JUDGE

---

[2]This explanation, or one of similar import, is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure applies in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

[3]All affidavits submitted in a federal case are submitted under penalties of perjury or subornation of perjury (18 U.S.C. §§ 1621 and 1622), and the federal statute which makes use of the mail to defraud a crime (18 U.S.C. § 1341) has been applied to convict a person who transmitted false averments by mail in a civil rights suit seeking damages. United States v. Murr, 681 F.2d 246 (4th Cir. 1982), cert. denied, 459 U.S. 973 (1982).

**EXCERPTS FROM RULE 12 AND RULE 56**

Federal Rules of Civil Procedure[4]

Rule 12(b) provides, in part:

"* * * If, on a motion asserting the defense...to dismiss for failure of the pleading [this means the complaint, motion or petition] to state a claim upon which relief can be granted, matters outside the pleading [here meaning the answer or return] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent [that is, having some connection with the matter or matters in dispute] to such a motion by Rule 56."

Rule 12 (c) provides, in part:

"* * * Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 56 provides, in part:

"(b). . . A party against whom a claim...is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

"(e) * * * When a motion for summary judgment [and this includes a Rule 12(b) motion to dismiss] is made and supported as provided in this rule, an adverse party [this is the plaintiff(s) or petitioner(s)] may not rest upon the mere allegations or denials of his pleading [meaning the complaint, motion or the petition], but his response, by affidavits or as otherwise provided in this rule, must set forth <u>specific</u> <u>facts</u> showing that there is a genuine issue for trial. [Emphasis added to show that specific facts are required, not conclusory allegations or argument.]  If he does not so respond, summary judgment, if appropriate, shall be entered against him."

See attached explanation of summary judgment procedure for a quotation of a part of Rule 56(e) as to the form and sufficiency of affidavits filed in support of or in opposition to a motion for summary judgment.  Rule 56(e) also requires that copies of all papers referred to in an affidavit must be attached to the affidavit, and that such copies must be sworn to or certified.

---

[4] The material contained within brackets is inserted by way of explanation of terms used, and is not a part of the Rules quoted. These extracts are prepared for the use of state and federal prisoners who submit complaints, petitions or § 2255 motions to the United States District Court in their own behalf (<u>pro se</u>).  The United States Court of Appeals for the Fourth Circuit has expressly or impliedly approved the application of Rules 12 and 56 to petitions for post-conviction relief in federal court pursuant to Title 28, United States Code, Sections 2254 and 2255, as well as to civil rights actions based on Title 42, United States Code, Sections 1983 and 1985.