Civil Action # 6:06-cv-00109 **BIDZIRK** vs **Smith**

RECEIVED
USDC CLERK, GREENVILLE, SC

**Philip J Smith** makes the following known to the District Court For The District Of South Carolina Greenville Division.

2006 APR 26  P 1: 44

Countersuit filed this day against **Bidzirk, Daniel "Ty" Schmidt, Kevin Elwell**

First matter for countersuit:

**1. Fraudulent misrepresentation:** Philip Smith and associated partners contracted to consign items with Bidzirk beginning in May of 2005. Daniel "Ty" Schmidt met with Philip Smith (Plaintiff in this matter) to express interest in Bidzirk's consignment of a significantly large technology inventory. Bidizrk, owned by Schmidt accepted 100's of items into inventory and failed to reach even average eBay ending prices for said items. Bidzirk also fraudulently charged Smith (Plaintiff) listing fees that were due to errors in listing prices and KNOWN and pointed out (by Plaintiff) errors in accounting

**2. Fraudulent misrepresentation:** Bidzirk, in the month of August 2005, renegotiated consignment contract to 30% (down from 35%) + eBay & Paypal fees. Philip Smith (Plaintiff) NEVER received this renegotiated amount.

**3. Fraudulent misrepresentation:** Bidzirk operates under ebay IDs that were previously owned by Jill Patterson and do not represent Bidzirk. Bidzirk has been incorporated less than 1 year at the date of this countersuit. Yet, as a matter of eBay record, feedback dates back to 3 years ago. Bidzirk also advertises with signage on their storefront with no mention that fees are taken out of transactions ... giving the appearance that there may no fees involved. Condensing of this message: "Bring It In, We List It, We Send You A Check"

**4. Breach Of Contract:** Statements 1-3 contained herein adequately rephrase this matter

**5. Breach Of Trust:** Ty Schmidt contracted 100's of item to consign for Plaintiff, knowing that Plaintiff was a professional and experienced eBay seller in his own right. Ty Schmidt knowingly requested and accepted more inventory knowing that he would not be able to meet contractual obligations for it's consignment. Ty Schmidt (and Bidzirk) failed to sell time sensitive and economically sensitive items in a timely matter. Over 1000 items contracted to sell were held (unknowingly to Plaintiff) reducing their value to Plaintiff for eBay sales on his own or through another means of procurement.

**6. Defamation:** I service the advertising agency that Bidzirk using for marketing representation, I am well known throughout the Greenville and Upstate area because of my unique position as the ONLY certified Apple Technician in the

upstate (with reputation). Ty Schmidt maliciously seeks frivolous litigation against me solely as a smear campaign against my lively hood and income. Further, Schmidt counsel, Kevin M Elwell improperly served my best friend and business associate causing me immense embarrassment.

**7. Defamation:** The mere fact of this litigation has caused me immense embarrassment because I am known amongst all circles of my influence as being prudent and wise financially. This matter and Bidzirk's breach of trust and contract has caused me immense embarrassment both online and off.

**8. Defamation:** The Plaintiff has suffered severe emotional and social damge to friendships and business partnerships due to contractual misrepresentation and failure to perform as advertised. Plaintiff had to explain to owner of inventory why he only received $3500 instead of an expected $10-$12,000.

**9. Actual Damages:** Bidzirk was contracted to consign an appraised eBay value of $45,000 worth of inventory. Expressing to Ty Schmidt, Jill Patterson in front of eyewitnesses Plaintiff made this known. Plaintiff also sought to express urgency of timeframes for compensation. Inventory that did not even get lowest average eBay prices and inventory that was donated improperly or not sold under acceptable contractual timeframes caused severe economic loss not only by fraudulent contractual split but by time sensitivity. I ask of the court, and/or by jury to grant Plaintiff the sum of $20,000 - the difference in expected and contractual understanding.

**10. Contempt Of Court: Kevin M Elwell:** Kevin M. Elwell opposing counsel has fraudulently supplied defaming remarks and accounts of events to the court concerning matters of good faith between opposing counsel and Plaintiff. It is Plaintiff's belief this would be evident to a reasonable jury. Further, Elwell, has moved through litigation brought on by Schmidt hoping for a technicality due to Plaintiff's Pro Se litigation.

**Plaintiff holds these truths to be self evident in this matter:**

The Jackwhispers website is NOT a commercial entity and is filed on 2005 tax year as non profit. In fact, the website posted an annual loss because affiliate income did not match hosting and research related costs involved with the website. The website does not generate $500 in cash revenue. The threshold for non profits is $1500. The website is maintained as a consumer advocacy. It has been in operation for 4 years. Opposing counsel's reference and smear campaign to indicate that I am a commercial entity is not relevant to this case. Commercial entity defense only applies to a competing venture or a dilution of a name due to a competing venture. No one, reasonably will confuse an editorial and news commentary website with an eBay dropoff. Further, the products promoted on the Jackwhispers website have NO CHANCE in any conceivable way of ever being for sale or consigned to Bidzirk for sale in their business or on eBay. Bidzirk does not

co sponsor or affiliate themselves with Amazon Affilates Program ... nor do they consign items under $50. Further, items posted are affiliate links and are for the sole purpose of offsetting domain name and domain hosting costs.

fair use in the Lanham Act (for clarifying copyright law), specifically grants news and news commentary of ALL FORMS to have fair use of trademarks unless specifically meant as a campaign to defame a COMPETITOR! Plaintiff is NOT a competitor.

Daniel "Ty" Schmidt and Jill Patterson's ownership of Bidzirk, their marriage, and their likeness are all matters of public domain and public taxpayer and license record.

Bidzirk failed to disclose that splits would reach an average of approximately 50/50 and and also failed miserably to obtain "high dollar" as advertised for the consignments given them.

Bidzirk operates under previously registered eBay IDs and trades their business on a false representation of higher than should be feedback totals and comments.

Ty Schmidt presented what is certified by my bank as a post dated check.

Bidzirk was 4+ months late in making full payment for owed compensation and held inventory worth $6000 + for 4+ months. Some of this inventory was time sensitive technology items and therefore lost value during Bidzirk's possession. No interest was paid on this money that was 120+ days late.

Plaintiff, maintains that ruling was essentially made during previous injunction hearing. Bidzirk is continuing frivolous litigation hoping for a technicality or slip up in Defendant's *Pro Se* representation.

Absent special instructions from Judge Cato, I, Philip Smith file this countersuit on behalf of myself, *Pro Se*

I ask of the court clerk to keep Philip Smith up to date on other requirements for court submissions by mail.

Philip Smith (Plaintiff herein) will file all court requested documents on dates stated by court.

Thank you.

----------