IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-109-HMH |
| PHILIP J. SMITH, | ) ) | MOTION TO DISMISS |
| Defendant. | ) | |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III ("Schmidt")
and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action, and pursuant to
Fed. R. Civ. P. 12(b), file this their motion for judgment on the pleadings, and show the
Court as follows:

**<u>INTRODUCTION</u>**

Plaintiffs filed their complaint on January 10, 2006, asserting claims for
trademark dilution, defamation and invasion of privacy. See Doc. 1. Defendant failed to
answer and the clerk entered default. The Court after hearing set aside the default and
ordered Defendant to file a proper answer. Defendant filed his answer on March 2, 2006,
asserting no counterclaims at that time. See Doc. 19. Nearly two months later,
Defendant filed a counterclaim containing ten "counts" which appear to attempt to state
claims for misrepresentation (Counts 1-3), breach of contract (Count 4), breach of trust

Dockets.Justia.com

(Count 5) defamation (Counts 6-8), actual damages (Count 9), and contempt of court (Count 10). <u>See</u> Doc. 39.

Plaintiffs' claims arise solely out of Defendant's publication of an internet blog on Defendant's website at <u>www.jackwhispers.blogspot.com</u>. Defendant's counterclaims arise from a completely disconnected set of occurrences, and are permissive in nature. <u>See</u> Fed. R. Civ. P. 13(b). Accordingly, the Court may not exercise subject matter jurisdiction over Defendant's counterclaims. <u>See</u> 28 U.S.C. § 1367. Further, Defendant's claims as stated are subject to judgment on the pleadings or, in the alternative, to an order for more definite statement pursuant to Fed. R. Civ. P. 12(e).

## <u>ARGUMENT</u>

<u>I.</u>    <u>The Court Does Not Have Supplemental Jurisdiction Over Counterclaims Asserted by Defendant.</u>

Defendant's counterclaims provide no independent basis for federal jurisdiction. The Court may not exercise supplemental jurisdiction over Defendant's claims because these counterclaims are not related to the claims in the action within original jurisdiction such that they form part of the same case or controversy. <u>See</u> 28 U.S.C. § 1367(a).

Defendant's counterclaims are permissive. They do not arise out of the same transaction or occurrence as the subject matter of the claim properly before the Court. <u>See</u> Fed. R. Civ. P. 13(a). In <u>Johnson v. Gala Indus.</u>, the court held that federal jurisdiction does not exist over permissive counterclaims unless the claim has an independent basis for jurisdiction. <u>Johnson v. Gala Indus.</u>, 1996 U.S. Dist. LEXIS 9893 at *3 (W.D. Va. 1996).

In <u>Sue & Sam Mfg. Co. v. B-L-S Constr. Co.</u>, the United States Court of Appeals for the Fourth Circuit set forth a four-factor test to determine whether a counterclaim is

compulsory or permissive under Fed. R. Civ. P. 13(a).  Sue & Sam Mfg. Co., 538 F.2d at 1051-3.  The four inquires of the test are: (1) whether the issues of fact and law in the claim and Counterclaim are essentially the same; (2) whether res judicata would bar a subsequent suit on the counterclaim absent the compulsory counterclaim rule; (3) whether the same evidence would support or refute the claim and the counterclaim; and (4) whether there is a logical relationship between the claim and the counterclaim.  Id.  It is not necessary, however, for all four inquiries to be answered affirmatively for the Counterclaim to be compulsory.  Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988).  Rather, these inquires are to be treated "less like a litmus test and more like a guideline."  Id.  In the instant case, none of the Sue and Sam inquiries can be answered affirmatively.

A.     There are divergent issues of fact and law between the Plaintiffs' claims and the Defendant's counterclaims.

The issues of fact and law in the Plaintiffs' claim and Defendant's counterclaims are not essentially the same.  The facts in issue in Plaintiffs' claims are entirely independent of the facts at issue in Defendant's counterclaims.  Plaintiffs' claims for arise from the contents of a blog published by Defendant.  Defendant's counterclaims arise from the dealings between Defendant and BidZirk and the initiation of litigation by Plaintiffs against Smith.  In Sue and Sam, the matter properly before the court involved the negligent repair of a roof.  Sue & Sam, 538 F.2d. at 1049-50.  In Sue and Sam, the defendant sought to bring a counterclaim for negligent design of the roof.  Sue & Sam,, 538 F.2d. at 1050.  The court held that the issues of fact and law in the claim and the counterclaim were dissimilar because each arose from a different set of facts.  Sue & Sam, 538 F.2d. at 1052.  In the instant case, under Sue and Sam, the issues of fact and law in Defendant's claims arise from a different and independent set of facts.

B.    Res judicata would not bar a subsequent suit on Defendant's counterclaims absent the compulsory counterclaim rule.

Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in a former suit and any issues which may have been raised in the former suit. Eldeco, Inc. v. Skanska USA Bldg., Inc., 412 F. Supp. 2d 556, 558 (D.S.C. 2005). For a subsequent action to be barred by res judicata, it must involve subject matter that was properly included, or should have been included in the former case. Id. The issue in Eldeco was whether a prior action for breach of contract barred a subsequent suit between the same parties for the unpaid balance of the same contract. Id. The court held that res judicata did not apply because the subsequent action required the consideration of an entirely different set of facts and evidence. Eldeco, 4 F. Supp. 2d at 559. In the instant case, Defendant's claims require consideration of an entirely different and independent set of facts and evidence for adjudication by the Court. Under Eldeco, res judicata would not bar Defendant from bringing his claims in a subsequent action.

C.    The same evidence cannot support or refute Plaintiffs' claims and Defendant's counterclaims.

In Sue and Sam, the plaintiff's claim arose from water damage, whereas the second suit arose from snow damage that occurred two years later. See Sue & Sam, 538 F.2d at 1052. The court held that the evidence of rain damage had irrelevant to proof of the defendant's snow damage. Id. In the instant case, the evidence required to prove Defendant's claims does not bear at all upon Plaintiff's claims. Under Sue and Sam, the same evidence does not support or refute Plaintiffs' claims and Defendant's counterclaims, eliminating any relationship between those claims.

D.     There is a no logical relationship between Plaintiff's claims and Defendant's counterclaims.

In Sue and Sam, the court held that the plaintiff's rain damage in the first suit was not logically related to the snow damage in the second suit, brought by the defendant. Sue and Sam, 538 F.2d. at 1053. The court explained that the differences in time, the causes of action, the cause of the damage, the proof of facts, and the issues of the two claims ruled out the existence of any logical relationship between the claim and the Counterclaim. Id. Here, Defendant claims that he suffered injuries resulting from his consignment of items with BidZirk and from resulting litigation. Plaintiffs claim injuries resulting from what Defendant has published on his internet blog. Under Sue and Sam, Defendant's counterclaims bear no logical relationship to Plaintiffs' claims because the injuries asserted are different in time, the causes of action, the cause of damage, the proof of facts, and the issues. Under Sue and Sam, Defendant's counterclaims cannot be considered compulsory; accordingly, these Counterclaims are permissive.

Defendant's Counterclaims are permissive because they cannot provide an affirmative response to any of these inquiries set forth in Sue and Sam.

II.     Defendant's Counterclaim Fails to State A Claim Upon Which Relief Can be Granted.

Even assuming, arguendo, that the Court may exercise jurisdiction over Defendant's claims, the Court should dismiss Defendant's counterclaims for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(e).

In Counts 1-3 of the counterclaim, Defendant alleges that Plaintiffs made fraudulent misrepresentations in transactions whereby Defendant consigned items with

Plaintiffs for action and sale on eBay.  <u>See</u> Doc. 39 at 1.  South Carolina law provides that:

> In order to recover in an action for fraud and deceit, based upon misrepresentation, the following elements must be shown by clear, cogent and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximate injury. Failure to prove any one of the foregoing elements is fatal to recovery.

<u>Ring v. Sports Auth. Inc.</u>, 2005 U.S. Dist. LEXIS 39635 (D.S.C. Oct. 6, 2005) (Catoe, M.J.).

Count 1 alleges fraudulent misrepresentation in that Plaintiffs charged Defendant incorrect listing fees for which resulted from listing price errors.  <u>See</u> Doc. 39 at p. 1. Defendant further alleges that he knew about the errors in the listing prices and that informed Plaintiffs about these errors.  <u>Id.</u>  Nowhere in Count 1 does Defendant allege a representation made by Plaintiffs.  Under <u>Ring</u>, Defendant's failure to allege a specific misrepresentation is fatal to his claim for fraudulent misrepresentation.  <u>See</u>, Fed. R. Civ. P. 9(b).

Count 2 alleges that Plaintiffs unilaterally altered the terms of a consignment contract without informing Defendant.  Similarly to Count 1, Count 2 does not allege a representation made by Plaintiffs.  Defendant's claim in Count 2 fails as a matter of law under <u>Ring</u>.

Count 3 alleges fraudulent misrepresentation based on Plaintiffs' use of improper eBay identification numbers.  Defendant does not standing to be a party to this claim. For a party to have standing it must be a real party of interest.  <u>Anchor Points v. Shoals Sewer Co.</u>, 308 S.C. 422, 428 (1992).  The court in <u>Anchor Points</u> defined a real party in

interest as "one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action." Id. Defendant's misrepresentation claim also alleges that BidZirk's storefront sign implies that BidZirk does not charge fees for its services. Defendant admits that he was aware of the service fees in the Counterclaim. Therefore, he did not rely on the representation thus barring a claim for misrepresentation.

Count 4 alleges a breach of contract  stating that Counts 1-3 to "adequately rephrase this matter." See Doc. 39 at 1. To recover for a breach of contract the claimant must show:

> (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach.

Tomlinson v. Mixon, 367 S.C. 467, 479 (S.C. App. 2006). This count is ambiguous as to what contract was breached or how the contract was breached.

Count 5 alleges breach of trust which may be liberally construed to allege a breach of fiduciary duty. Defendant's claim fails to establish the existence of a fiduciary relationship. Under South Carolina law, "A fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence." Moore v. Moore, 360 S.C. 241, 250 (2004). Here, Defendant cannot establish the existence of a fiduciary relationship because he has not shown that he imposed a special confidence in Plaintiffs.

Counts 6-8 evidently allege defamation. To recover for defamation Defendant must show that: (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or that the publication of the statement caused special harm. Fleming v. Rose, 350 S.C. 488, 494 (2002). In this case, Defendant's three defamation counts each fail at the first element because Defendant alleges no false or defamatory statement. Therefore, all three defamation counts fail on the pleading as a matter of law.

Count 9 alleges "actual damages" as the cause of action. Generously construed, this Count may be deemed to allege a claim for breach of contract. However, as in Count 4, there is no way to determine what contract Defendant references. The Court should order that the claim be restated in more specific terms. See Fed. R. Civ. P. 12(e).

Count 10 accuses Plaintiffs' counsel of contempt of court. Count10 references counsel's disclosure of a conversation with Defendant to the Court whereby Defendant offered to remove the offending contents from his blog in exchange for $500. See Doc. 6 at 19-20. Although Defendant may disagree with Plaintiffs' counsel's account of the conversation, Defendant fails to offer any evidence to support an improper representation to the Court in violation of Fed. R. Civ. P. 11(b).

Count 10 also accuses Plaintiffs' counsel of proceeding through litigation hoping for a technicality due to Defendant's pro se litigation. This allegation cannot be interpreted to state any discernable claim for which relief can be granted.

Following the ten counts in the counterclaim, Defendant states further allegations under a section titled, "Plaintiff holds these truths to be self evident in this matter." This

8

section evidently assserts defenses to Plaintiffs' claims and restates the same allegations presented earlier in the counterclaim. Similarly to the allegations made in the ten counts of the counterclaim, the allegations present no clear claim for which relief may be granted by the Court. This material is mere argument, and cannot be deemed to state a claim.

CONCLUSION

     For the reasons above, Plaintiffs pray that the Court grant their motion to dismiss.

     This 16th day of May, 2006.


                                   /s/ Kevin M. Elwell
                                   _____
                                   KEVIN M. ELWELL
                                   USCD Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

                                   Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,       )
III, and JILL PATTERSON,               )
                                       )
      Plaintiffs,              )
                                       )
v.                                     )        Civil Action No. 6:06-CV-109-HMH
                                       )
PHILIP J. SMITH,                       )
                                       )        CERTIFICATE OF SERVICE
      Defendant.               )
_____ )

      This is to certify that I have this day served a copy of the foregoing MOTION TO

DISMISS upon the following parties by depositing same in the United States Mail in a

properly-addressed envelope with adequate postage affixed to:

Philip J. Smith
601 Cleveland Street
Apartment 5-C
Greenville, South Carolina 29601

      This 16th day of May, 2006.

                           /s/ Kevin M. Elwell
                           _____
                           KEVIN M. ELWELL
                           USDC Bar No. 9706

K.M. ELWELL. P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

                           Attorneys for Plaintiffs BidZirk,
                           LLC, Daniel G. Schmidt, III, and Jill
                           Patterson