Civil Action # 6:06-cv-00109 **BIDZIRK** vs **Smith**

RECEIVED
USDC CLERK, GREENVILLE, SC

2006 MAY 17  P 3: 40

**Philip J Smith** makes the following known to the District Court For The District Of South Carolina Greenville Division.

Countersuit filed this day against **Bidzirk, Daniel "Ty" Schmidt, Kevin M. Elwell**

After counsel and conference with business partners and associates I make the following:

**Amendments, Clarifications, and Extensions To Countersuit**

1. **Defamation of Character.** Immense damage to my reputation and potential cause of physical harm by actions of opposing attorney by contacting mentally unstable persons. Opposing attorney contacted other (unrelated) subjects of articles from my website. (Jack Campbell, Bill Palmer, etc.) This action has caused me severe embarrassment, social duress, slander across the internet, and potential physical harm.

2. **Defamation of Character** occurred through their interaction with other people in the same business and occupational space as myself.

3. **Defamation of Character** has occurred through the opposing attorney sending me an overabundance of legal documents and packages of documents and other "reading material" that may or may not have direct relevance to this case. Because I am already aware of things like the content of my website, it is clearly an effort to harass and annoy me beyond the constraints of legal process. My neighbors see on a daily basis that I am being inundated with a volume of legal documents that clearly pertain to some kind of legal action being taken against me and can only get the impression that I am in some kind of trouble.

4. **Defamation of Character** Statements that have been made about me in court documents, emails, and letters sent to me by the opposing attorney, and conversations in person and on the telephone have been defaming in nature in that they have accused me of having ill motive, lying about my intentions in having a consumer and Macintosh advocacy website, and my intentions in dealing with Bidzirk. Further, opposing attorney mocks my Pro Se litigation and demeans my intelligence in both official court document and in testimony. Seeing as I deal with court officials in my business and as an IT service and repair business, I feel I have received irreparable harm to my reputation.

5. **Defamation Of Character** This litigation has caused me social duress and mental duress with my Contract Computer Sales And Repair Store (Computer Clinic). Litigation and its explanation has caused my Computer Clinic relationship irreparable harm and has hurt my chances of renewal.

6. **Breach of Contract.** Bidzirk and I had an agreement to set up a mutually

beneficial relationship that I fully expected to be ongoing. The intent that Ty set up for me and my partners was one of wanting to do whatever it took within reason to get us to send our procurement business his way. We had spoke of having the goods we purchased delivered to the Bidzirk warehouse or store directly rather than going through our company first. He had mentioned in several conversations that he was even looking for warehouse space in Greenville and not cheap warehouse space to facilitate this intention. It is clear to us the Ty had the intention of going forward with this relationship and was not "seeing how it went" Because of this clear intention, we were taking the initial lost time and money in trying to make this relationship work. It was our perception that it would be an ongoing venture and we viewed our lost time and money as an investment that would eventually pay off. When Ty refused to do right by us and reversed himself in his intentions, I felt we could no longer recoup our lost time and money.

**7. Breach Of Contract** I left several thousand dollars worth of merchandise with Bidzirk for them to SELL. Not only did this merchandise languish for nearly five months with little or no attempts to sell it, but several 100 items went unsold and were actually given away or disposed of without my express or implied consent. Some valuable and time sensitive items were returned without sale or attempt to sale as agreed by consignment contract.

**8. Breach Of Contract** According to the documentation in Bidzirk literature and on the website, Bidzirk expresses a reputation for selling on eBay that gives the clear notion that they get average to above average pricing for the auctions that they set up. This has not been the case with the auctions that I have done through Bidzirk (in ANY auction)—the auctions have sold for much less than average.

**9. Breach Of Contract** Verbal contracts are important in this relationship and have been almost totally ignored in favor of the written literature such verbal conversations and contracts were designed to append or replace. We spoke several times of flat 25% and 30% auction rates with full agreement from Ty. We also mentioned several times that the warehouses we were seeking to empty had specific values in the resale and eBay space and mentioned those values in the sense that we expected to reap x amount from the sale. Full verbal agreement was expressed at the time.

**10. Fraud.** Bidzirk has blatantly misrepresented itself in several key areas. First of all, their feedback is very misrepresented as it extends back several years when Bidzirk has only been open right at a year. The Bidzirk website clearly portrays Bidzirk and its employees as experts in their field that are able to get average to above average pricing in their auctions. The implication is that they can get better results than the average eBay seller. They also say that the typical time between selling the item and the seller getting payment is about three to five weeks. We have waited as many as nearly five months getting payment.

**11. Fraud.** Bidzirk's terms and conditions are not disclosed at storefront and clearly

made on brochure ... this is barring the fact of witnessed verbal agreements that amended the contract terms. Bidzirk's minimum charge is 44% ... the average percentage taken from our sales were 49% with some splits reaching as high as 54% Bidzirk's favor. If this potential split had been revealed to us from the beginning ... explained as it is here, we would not have contracted Bidzirk from day one.

**12. Fraud.** Bidzirk is operating wholly as a tax shelter / tax deduction. Bidzirk makes the claim on its website that expansion of the chain was to occur very soon. Current Bidzirk auctions for BOTH locations in Greenville do not add up to rental payment for both locations. Adding Utilities, Amoritization of Equipment, Advertising Cost, Supplies Cost, and Employment Costs ...I estimate Bidzirk is operating at a monthly minimum loss of $10,000. (Being knowledgeable of these aspects of business professionally and knowing most of these costs that are public record or easily obtained)

**13. Tampering** new evidence has indicated to me that Bidzirk may be tampering with Google search engine results to avoid the article in question being seen. A "censor bot" from csentry.com has been placed on my article in the April - May 2006 timeframe.

**Original counter alleges (with grammar and statement clarification):**

First matter for countersuit:

**1. Fraudulent misrepresentation:** Philip Smith and associated partners contracted to consign items with Bidzirk beginning in May of 2005. Daniel "Ty" Schmidt met with Philip Smith (Plaintiff in this matter) to express interest in Bidzirk's consignment of a significantly large technology inventory. Bidzirk, owned by Schmidt, accepted 100's of items into inventory and failed to reach even average eBay ending prices for said items. Bidzirk also fraudulently charged Smith (Plaintiff) listing fees. Contract stated 35% of auction end + ebay + paypal. Sometimes these splits were less than 9% ... but Bidzirk *always* charged a minimum of 9%. (See Bidzirk record of payment for final disbursement where 9% figure was auto applied) Bidzirk knew of errors in listing prices, knew of accounting errors, and I (and associate) pointed out errors in accounting that went uncorrected on several occasions.

**2. Fraudulent misrepresentation:** Bidzirk, in the month of August 2005, renegotiated consignment contract to 30% (down from 35%) + eBay & Paypal fees. Philip Smith (Plaintiff) NEVER received this renegotiated amount.

**3. Fraudulent misrepresentation:** Bidzirk operates under ebay IDs that were previously owned by Jill Patterson and do not represent Bidzirk. Bidzirk has been incorporated less than 1 year at the date of this countersuit. Yet, as a matter of eBay record, feedback dates back to 3 years ago. Bidzirk also advertises with signage on their storefront with no mention that fees are taken out of transactions ... giving the

appearance that there may no fees involved. Condensing of this message: "Bring It In, We List It, We Send You A Check"

**4. Breach Of Contract:** Statements 1-3 contained herein adequately rephrase this matter

**5. Breach Of Trust:** Ty Schmidt contracted 100's of item to consign for Plaintiff, knowing that Plaintiff was a professional and experienced eBay seller in his own right. Ty Schmidt knowingly requested and accepted more inventory knowing that he would not be able to meet contractual obligations for it's consignment. Ty Schmidt (and Bidzirk) failed to sell time sensitive and economically sensitive items in a timely matter. Over 1000 items contracted to sell were held (unknowingly to Plaintiff) reducing their value to Plaintiff for eBay sales on his own or through another means of procurement.

**6. Defamation:** I service the advertising agency that Bidzirk uses for marketing representation, I am well known throughout the Greenville and Upstate area because of my unique position as the ONLY certified Apple Technician in the upstate (with reputation). Ty Schmidt maliciously seeks frivolous litigation against me solely as a smear campaign against my lively hood and income. Further, Schmidt counsel, Kevin M Elwell improperly served my best friend and business associate causing me immense embarrassment.

**7. Defamation:** The mere fact of this litigation has caused me immense embarrassment because I am known amongst all circles of my influence as being prudent and wise financially. This matter and Bidzirk's breach of trust and contract has caused me immense embarrassment both online and off.

**8. Defamation:** The Plaintiff (in counter) has suffered severe emotional and social damge to friendships and business partnerships due to contractual misrepresentation and failure to perform as advertised by Bidzirk. Plaintiff had to explain to owner of inventory why he only received $3500 instead of an expected $10-$12,000 minimum.

**9. Actual Damages:** Bidzirk was contracted to consign an appraised eBay value of $45,000 worth of inventory. Expressing to Ty Schmidt, Jill Patterson in front of eyewitnesses Plaintiff (in counter) made this known. Plaintiff also sought to express urgency of timeframes for compensation. Inventory that did not even get lowest average eBay prices and inventory that was donated improperly or not sold under acceptable contractual timeframes caused severe economic loss not only by fraudulent contractual split but by time sensitivity. I ask of the court, and/or by jury to grant Plaintiff the sum of $20,000 - the difference in expected and contractual understanding.

**10. Contempt Of Court: Kevin M Elwell:** Kevin M. Elwell opposing counsel has fraudulently supplied defaming remarks and accounts of events to the court

concerning matters of good faith between opposing counsel and Plaintiff. It is Plaintiff's belief this would be evident to a reasonable jury. Further, Elwell, has moved through litigation brought on by Schmidt hoping for a technicality due to Plaintiff's Pro Se litigation.

**Plaintiff holds these truths to be self evident in this matter:**

The Jackwhispers website is NOT a commercial entity and is filed on 2005 tax year as non profit (501-3c). In fact, the website posted an annual loss because affiliate income did not match hosting and research related costs involved with the website. The website does not generate $500 in cash revenue. The threshold for non profits is $1500. The website is maintained as a consumer advocacy. It has been in operation for 4 years. Opposing counsel's reference and smear campaign to indicate that I am a commercial entity is not relevant to this case. Commercial entity defense only applies to a competing venture or a dilution of a name due to a competing venture. No one, reasonably will confuse an editorial and news commentary website with an eBay dropoff. Further, the products promoted on the Jackwhispers website have NO CHANCE in any conceivable way of ever being for sale or consigned to Bidzirk for sale in their business or on eBay. Bidzirk does not co sponsor or affiliate themselves with Amazon Affilates Program ... nor do they consign items under $50. Further, items posted are affiliate links and are for the sole purpose of offsetting domain name and domain hosting costs.

Fair use in the Lanham Act (for clarifying copyright law), specifically grants news and news commentary of ALL FORMS to have fair use of trademarks unless specifically meant as a campaign to defame a COMPETITOR! Plaintiff is NOT a competitor.

Daniel "Ty" Schmidt and Jill Patterson's ownership of Bidzirk, their marriage, and their likeness are all matters of public domain and public taxpayer and license record.

Bidzirk failed to disclose that splits would reach an average of approximately 50/50 and and also failed miserably to obtain "high dollar" as advertised for the consignments given them.

Bidzirk operates under previously registered eBay IDs and trades their business on a false representation of higher than should be feedback totals and comments.

Ty Schmidt presented what is certified by my bank as a post dated check.

Bidzirk was 4+ months late in making full payment for owed compensation and held inventory worth $6000 + for 4+ months. Some of this inventory was time sensitive technology items and therefore lost value during Bidzirk's possession. No interest was paid on this money that was 120+ days late.

Plaintiff, maintains that ruling was essentially made during previous injunction hearing. Bidzirk is continuing frivolous litigation hoping for a technicality or slip up in Defendant's *Pro Se* representation.

Absent special instructions from Judge Cato, I, Philip Smith file this countersuit on behalf of myself, *Pro Se*

I ask of the court clerk to keep Philip Smith up to date on other requirements for court submissions by mail.

Philip Smith (Plaintiff herein) will file all court requested documents on dates stated by court.

Thank you.

------------------------------------

