IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 6:06-CV-109-HMH |
| PHILIP J. SMITH, ) ) ) | MOTION FOR JUDGMENT |
| Defendant. ) | ON THE PLEADINGS |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III ("Schmidt") and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action, and pursuant to Fed. R. Civ. P. 12(c), file this their motion for judgment on the pleadings, and show the Court as follows:

**INTRODUCTION**

Plaintiffs filed their complaint on January 10, 2006, asserting claims for trademark dilution, defamation and invasion of privacy. See Doc. 1. Defendant failed to answer and the clerk entered default. The Court, after a hearing, set aside the default and ordered Defendant to file a proper answer. Defendant filed his answer on March 2, 2006, asserting no counterclaims at that time. See Doc. 19. Nearly two months later, on May 26, 2006, Defendant filed a counterclaim containing ten "counts" which appear to attempt to state claims for misrepresentation, breach of contract, breach of trust, defamation, actual damages, and contempt of court. See Doc. 39. On May 16, 2006, in response to

Defendant's counterclaim, Plaintiffs filed a motion for judgment on the pleadings seeking dismissal of Defendant's counterclaims for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. See Doc. 42. The following day, Defendant filed a supplement to his counterclaim which restates and slightly modifies his original claims and attempts to state claims for defamation of character (Counts 1-5), breach of contract (Counts 6-9), fraud (Counts 10-12), and tampering (Count 13). See Doc. 43.

Defendant's supplemental counterclaim does nothing to address the jurisdictional defects identified in the original, and does not resolve the ambiguity of Defendant's initial allegations. Defendant's "clarified" claims are identical to his original claims, excepting a few non-substantive sentences. Plaintiffs hereby incorporate their previously-interposed defenses in light of Defendant's de minimus modification of his original claims.

Defendant's supplemental counterclaims do not arise from the same transaction or occurrence as Plaintiffs' claims, and are permissive in nature. Further, Defendant's supplemental counterclaims do not articulate any independent basis for federal jurisdiction. Accordingly, the Court may not exercise subject matter jurisdiction over Defendant's supplemental counterclaims. See 28 U.S.C. § 1367. Like his original counterclaims, Defendant's new claims as stated are subject to judgment on the pleadings or, in the alternative, to dismissal under Fed. R. Civ. P. 12(b)(6) or an order for more definite statement pursuant to Fed. R. Civ. P. 12(e).

## ARGUMENT

I.  The Court Does Not Have Supplemental Jurisdiction Over Defendant's Supplemental Counterclaims.

Defendant's supplemental counterclaims are permissive, and do little other than restate his original allegations. See Doc. 39, 43. The Court may not exercise supplemental jurisdiction over Defendant's "new" claims because these counterclaims are not related to Plaintiffs' claims, or the transaction or occurrence upon which Plaintiffs' claims are based. See 28 U.S.C. § 1367(a). Like Defendant's original counterclaims, Defendant's supplemental claims have no independent basis for federal jurisdiction and are properly asserted in state court, if at all. The jurisdictional issues regarding Defendant's counterclaims are fully briefed in Plaintiffs' first motion for judgment on the pleadings. See Doc. 42. For the same reasons set forth in Plaintiffs' motion, the Court cannot exercise jurisdiction over any of Defendant's supplemental counterclaims. See Doc. 42; Sue & Sam Mfg. Co. v. B-L-S Constr. Co., 538 F.2d 1048 (4th Cir. 1976); Johnson v. Gala Indus., 1996 U.S. Dist. LEXIS 9893 at *3 (W.D. Va. 1996).

II. Defendant's Supplemental Counterclaims Fail to State A Claim Upon Which Relief May be Granted.

Defendant's supplemental claims restate the allegations found in his first counterclaim with the exception of Count 13, which alleges "tampering." See Doc 42. Even assuming, arguendo, that the Court may exercise jurisdiction over Defendant's

3

supplemental counterclaims, the Court should dismiss these claims for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).[1]

Count 13, which alleges "tampering", is the only new claim among Defendant's supplemental counterclaims that is anything other than a restatement of Defendant's original claims.[2] Defendant's Count 13 in fact states no justifiable claim for relief, and is legally unintelligible. However, construing Count 13 as liberally as possible, Defendant's "tampering" allegation could be interpreted as an effort to state a claim for intentional interference with prospective contractual relations.[3]

The elements required to sustain a cause of action for intentional interference with prospective contractual relations are: (1) the intentional interference with the plaintiff's contractual relations; (2) for an improper purpose or by improper methods; and (3) causing injury to the plaintiff. United Educational Distrib., LLC v. Educational Testing Svc., 564 S.E.2d 324, 328 (S.C. App. 2002).

In United, the plaintiffs marketed study materials by mailing lead cards to military bases. United, 564 S.E.2d at 327. Because of rules covering marketing on military bases, the plaintiffs were given mailing addresses without names or phone numbers, which rendered the plaintiffs unable to investigate why they had not received their

---

[1] Under Fed. R. Civ. P. 12(b)(6), "a district court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005). In disposing of a 12(b)(6) motion, the court must decide whether the pleadings allege facts that, if proven true, would entitle the plaintiff to relief. Id.

[2] Defendant has further defamed Plaintiffs through his publication on his website of the allegations set forth in Count 13.

[3] Intentional interference with contractual relations includes the similar torts of interference with lawful business and interference with prospective business advantage. The general wrong of the related torts consists of intentional and improper methods of diverting ongoing or potential business or contractual rights from another, which do not amount to fair competition. United, 564 S.E.2d at 326.

4

normal percentage of lead card responses.  United, 564 S.E.2d at 327-8.  The plaintiffs alleged that the defendant and others had made a concerted effort to prevent the plaintiffs from obtaining new business.  The plaintiffs argued that the only connection between the alleged conduct of the defendant and the decline in the plaintiffs' business was the defendant's interference.  Id.  Finding that the plaintiffs failed to allege that they had a reasonable probability of entering into a specific contract but for the interference of the defendant, the court dismissed the plaintiffs' claim on the pleadings pursuant to Rule 12(b)(6).[4]  Id.

In the instant case, Defendant's "tampering" claim can generously be interpreted to allege that he lost potential business from Plaintiffs' alleged actions to block traffic to Defendant's website.  Similar to the plaintiff in United, Defendant provides no evidence to support any allegation that he had a reasonable probability of entering into a specific contract but for the alleged interference, or "tampering," of Plaintiffs.  Defendant's unarticulated allegation that he may have lost revenue or readership from unknown internet users due to Plaintiffs' alleged blocking of traffic to Defendant's website[5] fails to demonstrate any actual prospective contractual opportunity.  Under United, Defendant has failed to satisfy the first element necessary to support a cause of action for the intentional inference with potential contractual relations.  Accordingly, the Court should dismiss Count 13 of Defendant's supplemental counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

---

[4] The court in United based its decision on Rule 12(b)(6), SCRCP, not Fed. R. Civ. P. 12(b)(6).  However, the language of the two rules is identical.

[5] Plaintiffs, incidentally, categorically deny any allegation of tampering in any fashion with search engine results as alleged by Defendant.

III.   Defendant Should be Required to More Definitely State His Counterclaims.

Rule 12(e) provides, in pertinent part,

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive statement.

If Defendant's claims are not dismissed, they are at least subject to an order for more definite statement under Fed. R. Civ. P. 12(e). Defendant's counterclaims as stated are completely ambiguous as to their specific allegations. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a [party] can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). In the instant case, Defendant's counterclaims do not provide sufficient notice of the nature or substance of his claims.

Each of Defendant's counterclaims is vague and unclear and fails to provide sufficient notice of a claim. Defendant's fraudulent misrepresentation claims (Counts 1-3 of his original counterclaim), fail to allege a specific misrepresentation made by the Plaintiffs to the Defendant. See Doc. 43; Fed. R. Civ. P. 9(b). Defendant's breach of contract claims (Count 4 of his original counterclaim and Counts 6-9 of his supplemental counterclaim) do not allege a specific contract or agreement between Plaintiffs and Defendant. See Doc. 43. Defendant's defamation claims (Counts 6-8 of his original counterclaim and Counts 1-5 of his supplemental counterclaim) allege no false and defamatory statement made by Plaintiffs. Id. Defendant's fraud claims (Counts 11-12 of his amended counterclaim) allege no specific fraudulent conduct by Plaintiffs or specific harm suffered by Defendant. Id.; See Fed. R. Civ. P. 9(b). The other counterclaims asserted by Defendant, including breach of trust, actual damages, contempt of court, and

tampering, misuse legal terminology to such an extent that they are completely unintelligible. See Doc. 43. Accordingly, if the Court does not dismiss Defendant's supplemental counterclaims pursuant to Fed. R. Civ. P. 12(c) or 12(b)(6), the Court should order that Defendant re-file his counterclaims in a fashion that will provide Plaintiffs with sufficient notice as to what Defendant's allegations actually are.

## CONCLUSION

For the reasons set forth above, and the reasons asserted in their previous motion, Plaintiffs pray that the Court grant their motion, and enter judgment on the pleadings on Defendant's supplemental counterclaim or order a more definite statement respecting those claims.

This 5th day of June, 2006.

|  |  |
|---|---|
|  | /s/ Kevin M. Elwell |
|  | _____ |
|  | KEVIN M. ELWELL |
|  | USDC Bar No. 9706 |
| K.M. ELWELL, P.C. |  |
| 111 East North Street |  |
| Greenville, South Carolina 29601 |  |
| (864) 232-8060 |  |
| (404) 759-2124 e-facsimile |  |
| kmelwell@kmelwell.com |  |
|  | Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON,                              )<br>)<br>Plaintiffs,                              )<br>)<br>v.                              )<br>)<br>PHILIP J. SMITH,                              )<br>)<br>Defendant.                              )<br>_____ | Civil Action No. 6:06-CV-109-HMH<br><br>CERTIFICATE OF SERVICE |

This is to certify that I have this day served a copy of the foregoing MOTION FOR JUDGMENT ON THE PLEADINGS upon the following parties by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

Philip J. Smith
601 Cleveland Street
Apartment 5-C
Greenville, South Carolina 29601

This 5th day of June, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL. P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk,
LLC, Daniel G. Schmidt, III,
and Jill Patterson