IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PHILIP RUSS SMITH, )<br>)<br>Defendant. )<br>_____ | Civil Action No. 6:06-CV-00109-HMH<br><br>MOTION TO STRIKE |

      COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III ("Schmidt") and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action, and pursuant to Fed. R. Civ. P. 12(f), file this their motion to strike, and show the Court as follows:

**INTRODUCTION**

      Plaintiffs filed their complaint on January 10, 2006, asserting claims for trademark dilution, defamation and invasion of privacy. See Doc. 1. On May 17, 2006, Defendant filed a motion to dismiss Plaintiffs' complaint. See Doc. 44. Defendant offers no legal theory or authority supporting his motion to dismiss Plaintiffs' claims. Defendant's motion is redundant, immaterial, impertinent to the controversy and fails sufficiently to articulate any defense to Plaintiffs' claims. Defendant's motion to dismiss should be stricken by the Court pursuant to Fed. R. Civ. P. 12(f).

**ARGUMENT**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court on its own initiative or by motion to "strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to "avoid the waste of time and money that arises from litigating unnecessary issues." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005). A motion to strike is a considered a drastic remedy because, as some courts have noted, it is oft utilized by a desperate party in need of a delay. See, e.g., Simaan, Inc. v. BP Prods. No. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). It is well-established, however, that a motion to strike is an appropriate remedy to address a party's attempt to interpose "redundant, immaterial, impertinent or scandalous matter." See Fed. R. Civ. P. 12(f); see also Schenley Distillers Corp. v. Renken, 34 F. Supp. 678, 684 (E.D.S.C. 1940) ("Matter may be considered redundant if it is verbose, repetitious, superfluous, or foreign to the issue. Matter is immaterial if is it non-essential, without weight, inconsequential, or collater[al],[1] and not determinative. Matter is impertinent if it is irrelevant and does not pertain to the controversy or proceeding before the Court").

In this case, Defendant's motion to dismiss falls squarely under the plain language of Rule 12(f). Nowhere in his motion does he plead a defense to any of Plaintiffs' claims. The motion is a confusing jumble of diction, setting forth no discernible legal arguments, and is generally unintelligible. Further, Defendant's one-page motion is redundant in that it repeatedly states that the Court should drop all Plaintiffs' claims, simply because the Court denied

---

[1] This word is "collaterial" in the original.

Plaintiffs' motion for a preliminary injunction, which sought to require Defendant to cease displaying Plaintiff BidZirk's trademark on his website.  The matters stated in Defendants motion are immaterial in that they are non-determinative and inconsequential to the merits of Plaintiffs' claims for defamation and invasion of privacy, which remain pending.  See e.g., Defendant's motion ("Further, BidZirk [sic] and legal counsel's actions are becoming 'self-fulfilling' . . . the more they protract this frivolous litigation the worse their image becomes for seeming to pick on the little guy.").  Defendant's motion is impertinent in that it raises matters irrelevant to the action and which do not pertain to the proceeding before the Court.

Further, dismissing Plaintiffs' claims for the reasons set forth in Defendant's motion would severely prejudice Plaintiffs by dismissing their case for reasons unrelated to the controversy.  The instant motion is not made for purposes of delay.  Rather, it is filed to obtain specific relief; namely, to require Defendant to articulate some basis for dismissal of Plaintiffs' claims, if that is in fact what he seeks.  At present, Defendant's motion is merely another in a line of several submissions by Defendant that have no relevance, and present no matter properly for ruling by the Court.  See Docs. 39, 43, 44.  Defendant has burdened the docket enough, and his latest incoherent submission should be removed from the record.

## CONCLUSION

For the foregoing reasons, Defendants pray that the Court grant their motion and strike from the record Defendant's motion to dismiss.

This 14th day of June, 2006.

/s/ Kevin M. Elwell

_____

KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-109-HMH |
| PHILIP J. SMITH, | ) ) | |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

This is to certify that I have this day served a copy of the foregoing MOTION TO STRIKE upon the following parties by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

Philip J. Smith
601 Cleveland Street
Apartment 5-C
Greenville, South Carolina 29601

This 14th day of June, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson