# The 'Coarse Conversation' of Tucker Max

This week, the United States District Court for the Eastern District of Pennsylvania ruled that Section 509 of the Communications Decency Act (CDA), codified at 47 U.S.C. § 230, bars a defamation claim based upon anonymous postings to a message board not authored by the defendant. The defendant in the case of <u>DiMeo v. Max</u> was Tucker Max, a self-described "aspiring celebrity" and operator of the website (www.tuckermax.com) which hosts the message board at issue in the suit.

After a New Year's Eve party hosted by plaintiff Anthony DiMeo III's public relations firm ended prematurely, over-attended and under-supplied, angry partygoers and others took to the Tucker Max message boards to comment upon the party and its host. The message board posts, "many of them [found by the court to be] laden with vulgarity", criticized the event, ridiculed DiMeo, or expressed outright animosity toward him. DiMeo filed suit, alleging that some of the posts constituted defamation. The matter was removed to federal court, where Max filed his motion to dismiss.

In granting Max's motion, the District Court held that the content of the offending posts constituted "information provided by another information content provider [other than Max]," despite the fact that Max selected and edited posts which appeared on the website. As such, DiMeo's defamation claim was barred by Section 509 of the CDA. Though the site "could be a poster child for . . . vulgarity," the court found that the freedom to communicate anonymously over the Internet should be protected, even in the case of "the coarse conversation that, it appears, never ends on

---

\* The Tucker Max website is very offensive, but it is still protected free speech.

Just because someone doesn't like what you say or because it paints someone in a bad light does not mean it is not news. Would Bidzick sue NBC Dateline had they done the exact same story?