IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 6:06-0109-HMH-WMC ) ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) |
| Philip Smith, | ) ) |
| Defendant. | ) ) |

This matter is before the court on the plaintiffs' motions to dismiss (document #41) and for judgment on the pleadings (document #46). The plaintiffs are represented by counsel, and the defendant is proceeding *pro se*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In March 2005, the defendant consigned a large number of items with plaintiff BidZirk, LLC, a business that offers, for a fee, services related to eBay listing and auctions. Plaintiff Daniel G. Schmidt, III, is the owner and president of BidZirk, and plaintiff Patterson is his wife. The defendant was ultimately dissatisfied with the price he received for certain items and with the timing of payments to him following the sale of certain items. The defendant publishes an internet website at www.jackwhispers.blogspot.com. Following his experience with BidZirk, the defendant posted a four-part series on his web log ("blog") in which he detailed his experience with BidZirk. The series was titled, "You Gotta Be Berserk to Use an eBay Listing Company!". The defendant concluded with a checklist that he recommended for use by readers when considering using an eBay listing company. In the

series, the defendant used several depictions of BidZirk's trademark.[1] In their complaint against the defendant, the plaintiffs allege causes of action for violation of the Lanham Act, defamation, and invasion of privacy. The plaintiffs seek injunctive relief and damages. The defendant has alleged several counterclaims. On April 10, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, denied the plaintiffs' motion for preliminary injunction, finding that the defendant's use of BidZirk's trademark was in the context of news reporting or news commentary, and thus the plaintiffs were not entitled to injunctive relief under the Lanham Act. The plaintiffs appealed that order to the United States Court of Appeals for the Fourth Circuit on April 21, 2006, where it is now pending.

On May 17, 2006, the plaintiffs filed a motion to dismiss for lack of jurisdiction. By order filed on May 17, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 5, 2006, the plaintiffs filed a motion for judgment on the pleadings. By order filed on June 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 21, 2006, the defendant filed his response along with several affidavits in support of his position.

In their motion to dismiss for lack of subject matter jurisdiction, the plaintiffs argue that the defendant's counterclaims arise from a completely disconnected set of occurrences than the allegations in the complaint, and thus the court does not have supplemental jurisdiction over those counterclaims. On June 5, 2006, the plaintiffs filed a motion for judgment on the pleadings, arguing that the court also does not have subject matter jurisdiction over supplemental counterclaims filed by the defendant.

---

[1] At the hearing on March 16, 2006, the defendant agreed to remove all but one of the depictions of the plaintiffs' trademark from his blog within two hours of the close of the hearing.

A permissive counterclaim must have an independent basis for jurisdiction, while a compulsory counterclaim does not have such a requirement. *Sue & Sam Mfg. Co. v. B-L-S Constr. Co.*, 538 F.2d 1048, 1051 (4th Cir. 1976). A four-factor test is used to determine whether a counterclaim is compulsory or permissive under Federal Rule of Civil Procedure 13(a). The four inquiries of the test are: (1) whether the issues of fact and law in the claim and counterclaim are essentially the same; (2) whether *res judicata* would bar subsequent suit on the counterclaim absent the compulsory counterclaim rule; (3) whether the same evidence would support or refute the claim and the counterclaim; and (4) whether there is a logical relationship between the claim and counterclaim. *Id.* at 1051-53.

In this case, the plaintiffs' claims against the defendant arise from the contents of the blog published by the defendant, which details his experience with BidZirk. In contrast, the defendant's original counterclaims arise from his dealings with the plaintiff BidZirk in auctioning his items on eBay (fraudulent misrepresentation, breach of contract, and breach of trust claims) and the plaintiffs' conduct in pursuing this action against him (defamation and contempt of court claims). After the motion to dismiss was filed, the defendant filed a supplement to his counterclaims in which he restates and slightly modifies the original claims and alleges additional claims for defamation, breach of contract, fraud, and tampering. The additional claims again arise from the plaintiffs' and their attorney's conduct with regard to this litigation (defamation of character claims) and the defendant's dealings with BidZirk in auctioning his items on eBay (breach of contract, fraud, and tampering claims) (5/17/06 supp.).

Considering the above factors, it is clear that the defendant's original and supplemental counterclaims are permissive rather than compulsory. The issues of fact and law in the plaintiffs' claims and the defendant's counterclaims arise from different and independent sets of facts, the evidence required to prove the claims does not bear at all on the counterclaims, and the injuries asserted are different in time and alleged cause.

Accordingly, in order for this court to have subject matter jurisdiction over the defendant's counterclaims, the defendant must provide an independent basis for federal jurisdiction, which he has not done. Thus, this court may not exercise supplemental jurisdiction over the defendant's counterclaims. Based upon the foregoing, the plaintiffs' motions to dismiss the defendant's counterclaims and supplemental counterclaims should be granted.

Wherefore, based upon the foregoing, the court recommends that the plaintiffs' motions to dismiss for lack of jurisdiction (document # 41) and for judgment on the pleadings (document # 46) be granted. The parties' remaining motions will be held in abeyance pending the United States Court of Appeals for the Fourth Circuit's ruling on the plaintiffs' appeal.

                                                s/William M. Catoe
                                                United States Magistrate Judge

October 17, 2006

Greenville, South Carolina