IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>PHILIP J. SMITH,  )<br>)<br>Defendant.  )<br>_____ | Civil Action No. 6:06-CV-00109-HMH<br><br>MOTION TO COMPEL ATTENDANCE<br>AT DEPOSITION AND FOR SANCTIONS |

COMES NOW BidZirk, LLC ("BidZirk"), Plaintiff in the above-captioned action, and pursuant to Fed. R. Civ. P. 37, files this its motion to compel Defendant Philip Smith's attendance at his deposition, and for sanctions, and shows the Court as follows:

## **INTRODUCTION**

Plaintiffs filed their complaint on January 10, 2006, asserting claims for trademark dilution, defamation and invasion of privacy. See Document 1. Defendant failed to answer and the clerk entered default. The Court, after hearing, set aside the default and ordered Defendant to file a proper answer. Defendant filed his answer on March 2, 2006. See Document 19. Plaintiffs filed motions to dismiss, see Document 41, and for judgment on the pleadings, see Document 46. On October 17, 2006, the Court issued its report and recommendation, see Document 63, advising that Plaintiffs' motions be granted. Defendant has filed a paper purporting in its title to ask for additional time to object to the report and recommendation, see Document 66, but no request for additional time actually appears within the filing.

On July 28, 2006, BidZirk noticed Defendant's deposition, to take place on September 14, 2006 in Greenville. See Exhibit 1. Notice was properly mailed to Defendant's address, and counsel certified such. Id. On September 14, 2006, after waiting for Defendant to appear, counsel telephoned Defendant to inquire whether Defendant intended to attend his deposition. Defendant denied knowledge of any noticed deposition, but did in fact appear and was administered the oath by the court reporter at approximately 10:35 a.m., 35 minutes after the deposition was supposed to be convened. See transcript, attached as Exhibit 2. During the deposition, Defendant was combative, rude and evasive, refusing to answer even the most basic of questions. See, e.g., Exhibit 2, p. 5-11, 23, 28-9, 52, 65. Defendant accused counsel of treating him in a 'demeaning' manner, when counsel was simply attempting to obtain complete answers to questions posed. See Exhibit 2, p. 56. Ultimately, Defendant rose from his chair, declared the deposition 'done,' removed his microphone and left the deposition room with original exhibits in his hands. See Exhibit 2, p. 73-5.

Defendant's outrageous behavior did not end on September 14, however. BidZirk noticed Defendant's deposition again, for October 26, 2006. See Document 64. On October 24, 2006, Defendant spoke with counsel via telephone. Defendant indicated that he could not attend a deposition on October 26, whereupon counsel offered to reschedule the deposition to a date more convenient to Defendant. Defendant indicated that November 3, 2006 was a convenient date, and counsel accordingly amended BidZirk's notice to take deposition and filed the document with the Court. See Document 65. Defendant indicated during the telephone conversation that he would attend his deposition, if it was rescheduled to November 3.

2

On November 2, Defendant left a voicemail message on counsel's office voicemail, stating that he would not be attending his deposition on November 3. Counsel attempted to telephone Defendant to explain that BidZirk would be forced to file a motion to compel Defendant's attendance at the deposition. Defendant hung up on counsel. Counsel then forwarded an e-mail message to Defendant, attempting to impart the same information. See Exhibit 3. Based upon Defendant's unjustified and unseemly behavior respecting his own deposition, the Court should (1) issue an order compelling Defendant to attend the remainder of his deposition; and (2) sanction Defendant for his behavior during discovery, including requiring Defendant to pay BidZirk's attorneys' fees incurred in preparing and filing and instant motion, and in being forced to convene Defendant's deposition twice.

## ARGUMENT

Fed. R. Civ. P. 37(d) provides, in pertinent part:

> If a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it make take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . In lieu of any order or in addition thereto, the court shall require that party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

In this case, Defendant (1) quit his deposition without justification; (2) received an accommodation from counsel regarding the date for the continuation of his deposition; and (3)

nevertheless refuses to attend his deposition. Under the circumstances, the Court is well within its discretion to compel Defendant to attend his deposition, pay costs and expenses, or even to strike his pleadings. See, e.g., Pope v. Hadwin-White Buick GMC-Trucks, Inc., 2006 U.S. Dist. LEXIS 11503 (D.S.C. 2006) (copy attached as Exhibit 4). The Court has wide discretion in fashioning an order in the event that a party fails to attend its deposition. See, e.g., Network Computing Servs. Corp. v. Cisco Sys., 223 F.R.D. 392, 400 (D.S.C. 2004) ("[T]he sanctions enumerated by Rule 37 are not exclusive, but flexible, and may be applied in as many or varied forms as the court desires by exercising discretion in the light of the facts of each case") citing Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981) (internal quotation marks omitted). Defendant has pending no motion for protective order, and no circumstances exist that reasonably could render unjust an order compelling attendance or issuing sanctions in this action.

BidZirk has in this case attempted to vindicate its rights in its own trademarks, and Plaintiffs Schmidt and Patterson have attempted to carry their burden, as they must, to demonstrate defamation and invasion of privacy by Defendant. In his sundry unintelligible filings with the Court, Defendant has repeated himself over and over, citing no authority to support his position(s), such as those may be divined by reading Defendant's submissions. Defendant's obvious scorn for the legal process and the Court's procedural rules is evident in his behavior during discovery – Defendant refuses to be deposed, and, despite having actual

knowledge of Plaintiffs' discovery requests, has done nothing whatsoever to answer or object to them.[1]

### CONCLUSION

The Court should require Defendant to attend and complete his deposition as soon as possible. In addition, the Court should order Defendant to pay BidZirk's expenses and attorneys' fees incurred in preparing and filing the instant motion, and in reconvening his deposition. Counsel's affidavit regarding expenses and attorneys' fees is attached as Exhibit 6.

WHEREFORE, BidZirk prays that the Court grant its motion, compel Defendant to attend his deposition, and order Defendant to pay BidZirk's expenses and attorneys' fees attending the instant motion.

This 2nd day of November, 2006.

/s/ Kevin M. Elwell

_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com        Attorneys for Plaintiffs BidZirk, LLC,
                             Daniel G. Schmidt, III and Jill Patterson

---

[1] Defendant was served with Plaintiffs' discovery requests on July 28, 2006. See Exhibit 5. At his deposition on September 14, Defendant denied receipt of these documents. However, when Defendant erupted in a tantrum and stormed out of the conference room on September 14, he left with paper copies of Plaintiffs' discovery requests, which had been marked as exhibits to Defendant's deposition. Even assuming, arguendo, that Defendant did not receive Plaintiffs' discovery requests on July 28, since September 14 (49 days prior to November 2, the date of filing of the instant motion), when he took physical possession of copies of Plaintiffs' discovery requests, Defendant has not responded to these requests in any way.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON,      )<br>)<br>Plaintiffs,      )<br>)<br>v.      )<br>)<br>PHILIP J. SMITH,      )<br>)<br>Defendant.      )<br>_____ | Civil Action No. 6:06-CV-00109-HMH<br><br>CERTIFICATE OF SERVICE |

This is to certify that I have this day served a copy of the foregoing MOTION TO COMPEL ATTENDANCE AT DEPOSITION AND FOR SANCTIONS by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 2nd day of November, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USCD Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III, and Jill Patterson