*2006 U.S. Dist. LEXIS 11503, \**

James Edward Pope, Plaintiff, -vs- Hadwin-White Buick GMC-Trucks, Inc., Defendant.

Civil Action No. 4:04-2266-RBH-TER

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION

2006 U.S. Dist. LEXIS 11503

February 2, 2006, Decided

**SUBSEQUENT HISTORY:** Modified by, in part, Accepted by, in part, Dismissed without prejudice by, Objection overruled by Pope v. Hadwin-White Buick GMC-Trucks, Inc., 2006 U.S. Dist. LEXIS 11511 (D.S.C., Feb. 28, 2006)

**CORE TERMS:** recommendation, pro se, motion to dismiss, undersigned, deposition, discovery, raising, failed to respond, failure to object, de novo review, rescheduled, recommended, proceeded, scheduled, relieved, ten-day, mail, discovery process, filed motion, trial date, communicate, scheduling, deadline

**COUNSEL:** **[\*1]** For James Edward Pope, Plaintiff: Chalmers Carey Johnson, Chalmers Johnson Law Firm, Charleston, SC.

For Hadwin-White Buick GMC Trucks Inc, Defendant: Kristine L Cato, Paul M Platte, Rogers Townsend and Thomas, Columbia, SC.

**JUDGES:** Thomas E. Rogers, III, United States Magistrate Judge.

**OPINION BY:** Thomas E. Rogers III

**OPINION:** REPORT AND RECOMMENDATION

In this case, plaintiff alleges causes of action for discrimination based on race and age in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. The case was filed July 9, 2004, and plaintiff was initially represented by an attorney. Plaintiff, through his attorney, filed a motion on February 7, 2005, to have that attorney relieved as counsel for plaintiff. The undersigned scheduled a hearing via telephone to be held March 8, 2005, and directed that plaintiff participate in the hearing. After having difficulty obtaining the participation of plaintiff in the telephonic hearing on March 8, 2005, the undersigned rescheduled the hearing for March 24, 2005, and required the attendance in person of the attorneys and plaintiff. A hearing was held on March 24, 2005, and the motion to be relieved was **[\*2]** granted. The undersigned gave plaintiff thirty (30) days to find another attorney and, upon failure to do so, he would proceed *pro se.*

Defendant filed a motion to dismiss (Document # 23) on June 1, 2005. In the motion to dismiss, defendant asserts that plaintiff failed to appear for his deposition scheduled for January 7, 2005, and March 22, 2005. Defendant further asserts that plaintiff has failed to participate in the discovery process by failing to properly provide responses to Rule 26(a) disclosures. Additionally, plaintiff failed to appear for his deposition rescheduled for May 12, 2005, May 13, 2005, and then May 19, 2005. Defendant argues that plaintiff's case should be dismissed or, in the alternative, sanctions should be imposed prohibiting plaintiff from offering his testimony or testimony of any witness for purposes of this case.

Exhibit 4

Because plaintiff was proceeding pro se, he was advised on or about June 3, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond n1 to the defendants' motion could result in dismissal of his case.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The order states that failure "to respond adequately, the motion may be granted, thereby ending the case. Careful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits . . . to be based upon personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matter contained in the affidavit if he or she was called to the witness stand . . . . submission of a brief . . . will not be sufficient alone to withstand a properly supported motion for summary judgment."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*3]**

On or about July 4, 2005, another attorney entered an appearance on behalf of plaintiff. On July 7, 2005, the attorney belatedly filed a motion for extension of time to respond to defendant's motion to dismiss, which requested an extension until July 15, 2005, to respond. The undersigned granted the motion and allowed plaintiff until July 15, 2005, to respond to defendant's motion.

Plaintiff did not respond by July 15, 2005, and no motion for further extension or any other filing has been made by plaintiff.

On October 14, 2005, defendant filed a second motion to dismiss (Document # 31). In the motion, defendant asserts that plaintiff has failed to participate in discovery, including failing to appear for his deposition, as set forth in the previously filed motion to dismiss. It further asserts that plaintiff has failed to oppose its previously filed motion to dismiss. It also asserts that the parties appeared to have reached an agreement to resolve the case, defendant's attorney forwarded settlement papers to plaintiff's attorney but has received no communication from plaintiff's attorney, and plaintiff's attorney refuses to communicate with defendant's counsel.

Plaintiff has failed **[*4]** to respond to this second motion to dismiss filed by defendant.

The initial scheduling order in this case included a discovery deadline of March 28, 2005, with a trial date not before August 1, 2005. The scheduling order was amended on April 4, 2005, setting a new discovery deadline for May 31, 2005, and trial date not before September 1, 2005.

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1) the degree of plaintiffs responsibility in failing to respond;

    (2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). **[*5]**

In the present case, the plaintiff has proceeded *pro se* and with two different attorneys. He failed to appear for his own deposition while being represented by his first attorney and then while he was proceeding *pro se.* He has failed to respond to discovery while proceeding *pro se* and while represented. He has failed to respond to defendant's motion to dismiss while *pro se* and while represented. Apparently, defendant has offered to resolve the case on mutual terms and plaintiff, or his counsel, will not communicate with defendant's counsel. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

Additionally, plaintiff's failure participate in the discovery process, most notably his failure to appear for a deposition on five occasions, warrants dismissal of this action pursuant to **Rule 37(d)**, Fed.R.Civ.P.

For the foregoing reasons, it is recommended that defendant's motions to dismiss (Documents # 23 & 31) be granted and this case dismissed. **[*6]**

February 2, 2006
Florence, South Carolina

Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So**

**The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.** *See* **Mathews v. Weber, 423 U.S. 261, 270-271, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS(R) 3411 (D.S.C. 1993).**

**During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, [*7] written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made and the basis for such objections.** *See* **Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS(R) 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS(R) 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.** *See*

United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party [*8] waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS(R) 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009, 106 S. Ct. 535, 88 L. Ed. 2d 466 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, [*9] and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS(R) 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, [*10] apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS(R) 19302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed

**as follows:**

**Larry B. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

Source: Legal **>** Federal Legal - U.S. **>** District Court Cases - By State **>** SC Federal District Courts
Terms: **"rule 37(d)"**  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, November 3, 2006 - 12:14 AM EST

* Signal Legend:
- 🛑 -  Warning: Negative treatment is indicated
- 🅀 -  Questioned: Validity questioned by citing refs
- ⚠ -  Caution: Possible negative treatment
- ♦ -  Positive treatment is indicated
- Ⓐ -  Citing Refs. With Analysis Available
- ⓘ -  Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

  About LexisNexis  |  Terms & Conditions
Copyright ©  2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.