IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 6:06-0109-HMH-WMC ) |
| vs. | ) **ORDER AND** ) **REPORT OF MAGISTRATE JUDGE** ) |
| Philip Smith, | ) ) |
| Defendant. | ) ) |

This matter is before the court on several motions filed by the plaintiffs and the defendant. The plaintiffs are represented by counsel, and the defendant is proceeding *pro se*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In March 2005, the defendant consigned a large number of items with plaintiff BidZirk, LLC, a business that offers, for a fee, services related to eBay listing and auctions. Plaintiff Daniel G. Schmidt, III, is the owner and president of BidZirk, and plaintiff Patterson is his wife. The defendant was ultimately dissatisfied with the price he received for certain items and with the timing of payments to him following the sale of certain items. The defendant publishes an internet website at www.jackwhispers.blogspot.com. Following his experience with BidZirk, the defendant posted a four-part series on his web log ("blog") in which he detailed his experience with BidZirk. The series was titled, "You Gotta Be Berserk to Use an eBay Listing Company!". The defendant concluded with a checklist that he recommended for use by readers when considering using an eBay listing company. In the

series, the defendant used several depictions of BidZirk's trademark.[1]  In their complaint against the defendant, the plaintiffs allege causes of action for violation of the Lanham Act, defamation, and invasion of privacy.  The plaintiffs seek injunctive relief and damages.

On April 10, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, denied the plaintiffs' motion for preliminary injunction.  The plaintiffs appealed that order to the United States Court of Appeals for the Fourth Circuit on April 21, 2006, where it is now pending.  The defendant alleged several counterclaims, which were dismissed by order of Judge Herlong on November 7, 2006.

On April 21, 2006, the plaintiffs filed a motion for judgment on the pleadings (doc. no. 33).  By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 17, 2006, the defendant filed a motion to dismiss (doc. no. 44), which the plaintiffs moved to strike on June 14, 2006 (doc. no. 50).  On June 5, 2006, the plaintiffs moved to amend their complaint to add allegations because the defendant "has further libeled Plaintiffs, and Plaintiffs seek additional damages" (m. to amend 2) (doc. no. 45).  On June 28, 2006, the plaintiffs filed an amended motion to amend their complaint (doc. no. 55). On July 6, 2006, the defendant filed a motion for hearing (doc. no. 57), and on July 28, 2006, the plaintiffs filed a motion to amend the scheduling order (doc. no. 62).

### *Plaintiffs' Motion for Judgment on the Pleadings*

In their complaint, the plaintiffs allege claims for trademark dilution, defamation, and invasion of privacy.  The plaintiffs argue that the defendant has admitted "certain conduct that renders him liable for defamation and invasion of privacy, and the

---

[1] At the hearing on March 16, 2006, the defendant agreed to remove all but one of the depictions of the plaintiffs' trademark from his blog within two hours of the close of the hearing.

Court should accordingly enter judgment on the pleadings" (m. for judgment at 1).  The Fourth Circuit Court of Appeals had held that *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989).  This court has reviewed the pleadings at issue under this standard and recommends that the motion for judgment on the pleadings be denied.

***Defendant's Motion to Dismiss and Plaintiffs' Motion to Strike***

On May 17, 2006, the defendant moved for dismissal of all claims brought by the plaintiffs.  On June 14, 2006, the plaintiffs moved to strike the defendant's motion to dismiss.  In their motion to strike, the plaintiffs make the following statement: "Defendant has burdened the docket enough, and his latest incoherent submission [the plaintiff's motion to dismiss] should be removed from the record" (pl. m. to strike 3).  Clearly, the plaintiffs are in no position to cast aspersions on the *pro se* defendant as to frequency of filings.  Furthermore, as set forth above, *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally." *White*, 886 F.2d at 722-23.  The plaintiffs' motion to strike is denied.  However, as argued by the plaintiffs, the defendant offers no legal theory or authority supporting his motion to dismiss.  He argues essentially that this lawsuit is unfair.  Based upon the foregoing, this court recommends that the defendant's motion to dismiss be denied.

***Plaintiffs' Motions to Amend Complaint***

On June 5, 2006, the plaintiffs moved to amend their complaint, and, on June 28, 2006, the plaintiffs filed an amended motion to amend their complaint.  The plaintiffs seek to add another cause of action for defamation because of "additional defamatory remarks" made "on a new website devoted specifically to maligning BidZirk,

www.kingkongwrong.blogspot.com" (pl. amended m. to amend 1).  Pursuant to Federal Rule of Civil Procedure 15(a), after responsive pleadings have been served, a party may amend a pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed.R.Civ.P. 15(a).  The decision to grant leave to amend a complaint is committed to this court's discretion.  *Foman v. Davis*, 371 U.S. 178 (1962).  The first motion to amend is moot as it has been replaced by the amended motion.  Based upon the foregoing, the second motion to amend the complaint is granted.

### *Defendant's Motion for Hearing*

The defendant filed a motion for a hearing "regarding undue social, mental, and financial stress" (m. for hearing at 2) that he is suffering as a result of the instant action. The request for a hearing is denied at this time.

### *Plaintiffs' Motion to Amend Scheduling Order*

The plaintiffs have moved to amend the scheduling order extending the dates for discovery, motions, disclosures, pretrial briefs, and jury selection by 60 days.  The motion to amend the scheduling order is granted.

Now, therefore, based upon the foregoing,

IT IS ORDERED that:

(1) the plaintiffs' motion to strike (doc. no. 50) is denied;

(2) the plaintiffs' first motion to amend (doc. no. 45) is found to be moot;

(3) the plaintiffs' second motion to amend (doc. no. 55) is granted;

(4) the defendant's motion for hearing (doc. no. 57) is denied at this time; and

4

(5) the plaintiffs' motion to amend scheduling order (doc. no. 62) is granted.

IT IS RECOMMENDED that:

(1) the plaintiffs' first motion for judgment on the pleadings (doc. no. 33) be denied; and

(2) the defendant's motion to dismiss (doc. no. 44) be denied.

                                                  s/William M. Catoe
                                                  United States Magistrate Judge

January 29, 2007

Greenville, South Carolina