IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, ) ) | OBJECTIONS TO MAGISTRATE'S REPORT |
| Defendant. ) | |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III ("Schmidt") and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action, and pursuant to 28 U.S.C. § 636(b)(1), file these objections to the report issued January 29, 2007 by Magistrate Judge William M. Catoe, and show the Court as follows:

## INTRODUCTION

Magistrate Judge Catoe's report and recommendation disposes of or recommends to the Court dispositions of several pending motions. Plaintiffs assert objections only to Magistrate Judge Catoe's recommendation that Plaintiffs' motion for judgment on the pleadings (see Doc. No. 33) be denied.

## ARGUMENT

Plaintiffs alleged in their original moving papers:

In this case, Schmidt alleges that Defendant published statements on his blog that tended to impeach the honesty, integrity, virtue or reputation of Schmidt, which caused injury to him in his business or occupation. [Defendant's] statements

>include, but are not limited to: (1) derogatory statements concerning Schmidt's alleged impropriety or inadequacy in performing his trade or profession . . . [Defendant's] statements are defamatory and actionable per se.
>
>See Complaint, ¶ 22.
>
>Schmidt and Patterson also allege that Defendant misappropriated their likenesses in his internet blog, thereby tortiously invading Schmidt's and Patterson's privacy. See Complaint, ¶¶ 29-33. Respecting this misappropriation, Schmidt and Patterson allege that Defendant's purpose in linking his blog to the aforementioned photograph was to imply that Schmidt and Patterson, by virtue of their then-pending marriage, were unable to dedicate themselves sufficiently to the operations and administration of BidZirk. See Complaint, ¶ 30. In his answer, Defendant "accepts statement [sic] made in Paragraph 30 of this Complaint." See Answer, ¶ 30.

See Doc. 33. Magistrate Judge Catoe found that "The Fourth Circuit Court of Appeals had held that pro se pleadings 'must' be held to 'less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally.' White v. White, 886 F.2d 721, 722-23 (4 Cir.1989). This court has reviewed the pleadings at issue under this standard and recommends that the motion for judgment on the pleadings be denied." See Report and Recommendation, p. 3 (Doc. No. 74).

White, however, was a pro se prisoner's right case, and the pleading in question was a complaint, not an answer. The question considered by the Fourth Circuit in White concerned application of 28 U.S.C. § 1915(b) and the rule announced in Neitzke v. Williams, 490 U.S. 319 (1989), having to do with dismissal of frivolous complaints. See White, 886 F.2d at 724. Further, while the opinion in White makes reference to liberal standards for pro se pleadings, the Fourth Circuit, mindful of the liberal review standard, nevertheless affirmed in White the dismissal of the plaintiff's complaint. Id.

White and the liberal pleading rule do not avoid the effect of Defendant's answer in the instant case. Plaintiffs alleged in their complaint that Defendant defamed them and invaded their privacy. Defendant "accepted" Plaintiffs' allegations. Under the circumstances, no amount of liberal construction of Defendant's answer can morph Defendant's "acceptance" of Plaintiffs' allegations into anything other than an unqualified admission of defamation and invasion of privacy. The liberal review of pro se pleadings 'standard' set forth in White, applied to its full extent, cannot avoid the legal effect of Defendant's unambiguous admission of Plaintiffs' allegations. The Court should grant Plaintiffs' motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Plaintiffs pray that the Court reject the magistrate's recommendation concerning Plaintiffs' motion for judgment on the pleadings, and grant Plaintiffs' motion.

This 9th day of February, 2007.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP J. SMITH,<br><br>Defendant. | Civil Action No. 6:06-CV-00109-HMH<br><br>CERTIFICATE OF SERVICE |

This is to certify that I have this day served a copy of the foregoing OBJECTIONS TO MAGISTRATE'S REPORT by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 9th day of February, 2007.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USCD Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III, and Jill Patterson