IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) | REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) | |

COMES NOW BidZirk, LLC ("BidZirk") and Daniel G. Schmidt III ("Schmidt") and Jill Patterson ("Patterson"), Plaintiffs in the above-captioned action and, pursuant to Local Civil Rule 7.07 DSC, file this their reply to Defendant's response to Plaintiffs' motion for summary judgment, filed January 15, 2007, and show the Court as follows:

## INTRODUCTION

Pro se litigants are not excused from compliance with court orders, nor are they permitted to ignore substantive and procedural law. Defendant has been provided several opportunities to conform his defense, as well as his responses to motions and discovery requests, to mandatory procedural rules. While Plaintiffs understand and endorse a measure of liberality in the case of pro se litigants such as Defendant, such munificence should be attended by reasonable limits. This Court, analyzing an inmate's suit under the Federal Tort Claims Act, noted that the United States Supreme Court held, in a similar circumstance, that

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, <u>we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel</u>.

<u>Sheridan v. Reidell</u>, 465 F. Supp. 2d 528, 534 (D. S.C. 2006) (emphasis supplied) citing <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). Indeed, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980); see also <u>Farnsworth v. City of Kansas City, Mo.</u>, 863 F.2d 33, 34 (8th Cir. 1988); <u>American Inmate Paralegal Assoc. v. Cline</u>, 859 F.2d 59, 61 (8th Cir. 1988); <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984). Here, Plaintiffs have attempted to conduct discovery in this matter, while Defendant has refused to answer deposition questions, and has not responded to discovery requests. Defendant filed a response to Plaintiffs' motion for summary judgment (having been granted an extension by the Court in which to do so) which fails <u>utterly</u> to address the fact that, pursuant to Fed. R. Civ. P. 36, and by virtue of failing to respond or object to Plaintiffs' requests for admission, Defendant has <u>in judicio</u> admitted to all those matters contained in Plaintiffs' requests, including Plaintiffs' those related to Plaintiffs' claims for defamation, trademark infringement and invasion of privacy.

**ARGUMENT**

1. <u>Smith's Response Addresses No Argument Raised in Plaintiffs' Motion for Summary Judgment.</u>

Defendant's response is in fact not at all responsive to the points raised in Plaintiffs' memorandum in support of their motion for summary judgment. Defendant's response sets forth no additional facts which remain in dispute. Smith offers no new proofs, or references to any discovery, exhibits or affidavits; he merely rests on his allegation that Plaintiffs have no claim. Accordingly, Plaintiffs are entitled to summary judgment (1) in Plaintiff Schmidt's favor on his claims for defamation and invasion of privacy; (2) in Plaintiff Patterson's favor on her claim for invasion of privacy; and (3) in Plaintiff BidZirk's favor on its claims for trademark infringement.

2. <u>Defendant Has Not Responded to Plaintiffs' Discovery Requests, Nor Given Any Reason for Not Responding.</u>

Plaintiffs' motion for summary judgment is based on Defendant's admissions concerning Plaintiffs' claims of defamation, invasion of privacy, and trademark infringement. Generally, if requests for admissions are not answered without explanation within 30 days, they are deemed admitted under Fed. R. Civ. P. 36. <u>See</u> <u>Carney v. I.R.S.</u>, 258 F.3d 415, 417-8 (5th Cir.2001); <u>Dukes v. South Carolina Ins. Co.</u>, 770 F.2d 545, 549 (5th Cir.1985); <u>In re Fisherman's Wharf Fillet, Inc.</u>, 83 F. Supp. 2d 651, 654 (E.D.Va.1999); <u>Stewart v. Jones</u>, 946 F. Supp. 466, 470 n.4 (S.D.Miss.1996). Further, lack of response to requests for admission can result in an adverse grant of summary judgment where an essential issue is deemed admitted. <u>Stewart</u>, 946 F. Supp. at 470 n.4; <u>Gardner v. Borden, Inc.</u>, 110 F.R.D. 696, 697 (S.D.W. Va.1986). "It is well settled that failure to respond to a request for admissions will permit entry of a summary judgment if the

facts admitted are dispositive of the case." Freed v. Plastic Packaging Materials, Inc., 66 F.R.D. 550, 552 (E.D. Pa.1975) citing Moosman v. Joseph P. Blitz, 358 F.2d 686, 688 (2d Cir. 1966). Defendant has not responded to Plaintiff's discovery requests, and he has given no explanation for his failure to respond. Defendant's failure to respond is not an accidental omission incident to his pro se status; rather, Defendant (aware of his obligation to respond since at least January 15, 2007) has consciously ignored Plaintiffs' requests for admission.

3.    Smith Has Not Filed a Motion to Withdraw His Admissions.

Smith could have requested leave of the Court to withdraw or amend his admissions under Fed. R. Civ. P. 36(b). However, he has made no motion to do so. See Carney, 258 F.3d at 419 (noting that the only way to withdraw or amend an admission is by motion to the court, and court has discretion whether to grant leave to withdraw or amend).

4.    The Court Has Already Given Defendant Many Chances to Fulfill Discovery Obligations, to No Avail.

Defendant has had many opportunities to be heard in this Court. Although Defendant was provided an extended period of time to explain his failure to respond to Plaintiffs' discovery requests, he neither explained his failure, nor has he served objections or responses. Judgment against Defendant is warranted due to his demonstrated indifference to applicable procedural rules, after repeated notice to him to abide by those rules. See, e.g., Conagra Feed Co. v. Higgins, 200 F.R.D. 265, 268 (W.D.N.C. 2001) (granting default judgment against pro se defendant after failure to comply with or produce discovery).

At some point, the Federal Rules of Civil Procedure must be applied evenly to all parties.

Plaintiffs have consistently abided by these rules, but are being forced to litigate against an adversary who is not, and has not, done so. Defendant's failure to operate within the framework provided by the Federal Rules unfairly prejudices Plaintiffs' ability to establish the elements of their claims, ascertain the nature of Defendant's defenses (if any) or prepare for trial. Under the circumstances, judgment against Defendant is appropriate, and the Court should so order.

## CONCLUSION

Based on the foregoing, and Plaintiff's memorandum, Plaintiffs request that the Court grant Plaintiffs' motion for summary judgment: (1) in Plaintiff Schmidt's favor on his claims for defamation and invasion of privacy; (2) in Plaintiff Patterson's favor on her claim for invasion of privacy; and (3) in Plaintiff BidZirk's favor on its claims for trademark infringement.

This 30th day of April, 2007.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USCD Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, </br></br>　　　Plaintiffs, </br></br>v. </br></br>PHILIP J. SMITH, </br></br>　　　Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 6:06-CV-00109-HMH </br> ) </br> ) </br> ) CERTIFICATE OF SERVICE </br> ) |

　　　This is to certify that I have this day served the foregoing REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

　　　　　　　　　Mr. Philip J. Smith
　　　　　　601 Cleveland Street, Apartment 5-C
　　　　　　　Greenville, South Carolina 29601

　　This 30th day of April, 2007.

　　　　　　　　　　　　　　　　　　　/s/ Kevin M. Elwell
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　KEVIN M. ELWELL
　　　　　　　　　　　　　　　　　　USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs BidZirk, LLC,
　　　　　　　　　　　　　　　　　　Daniel G. Schmidt, III, and Jill Patterson