IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson, <br><br>                  Plaintiffs,<br><br>vs.<br><br>Philip Smith,<br><br>                  Defendant. | Civil Action No. 6:06-0109-HMH-WMC<br><br>**<u>ORDER</u>** |

      This matter is before the court on the defendant's motion to strike lis pendens and motion for abuse of discovery. The plaintiffs are represented by counsel, and the defendant is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

      In March 2005, the defendant consigned a large number of items with plaintiff BidZirk, LLC, a business that offers, for a fee, services related to eBay listing and auctions. Plaintiff Daniel G. Schmidt, III, is the owner and president of BidZirk, and plaintiff Patterson is his wife. The defendant was ultimately dissatisfied with the price he received for certain items and with the timing of payments to him following the sale of certain items. The defendant publishes an internet website at www.jackwhispers.blogspot.com. Following his experience with BidZirk, the defendant posted a four-part series on his web log ("blog") in which he detailed his experience with BidZirk. The series was titled, "You Gotta Be Berserk to Use an eBay Listing Company!". The defendant concluded with a checklist that he recommended for use by readers when considering using an eBay listing company. In the

series, the defendant used several depictions of BidZirk's trademark.[1]  In their complaint against the defendant, the plaintiffs allege causes of action for violation of the Lanham Act, defamation, and invasion of privacy.  The plaintiffs seek injunctive relief and damages.

On April 10, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, denied the plaintiffs' motion for preliminary injunction, finding that the defendant was entitled to the "news reporting and news commentary" defense.  The plaintiffs appealed that order to the United States Court of Appeals for the Fourth Circuit on April 21, 2006.  On March 6, 2007, the Fourth Circuit affirmed the district court.  The defendant alleged several counterclaims, which were dismissed by order of Judge Herlong on November 7, 2006.

On October 26, 2006, the defendant filed a motion to strike lis pendens and a motion for abuse of discovery, along with other motions already ruled upon by this court.  On January 15, 2007, the plaintiffs filed a motion for summary judgment.  By order filed January 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  When the defendant did not timely respond, he was given an extension until April 26, 2007, to file any opposition to the motion for summary judgment.  The defendant filed his response on April 8, 2007.  A status hearing was held before this court on May 2, 2007.  The defendant was given three days in which to file his responses to requests for admission served upon him by the plaintiffs.  The motion for summary judgment will be addressed by the court by a separate report and recommendation.

The plaintiffs filed a notice of lis pendens as to the defendant's condominium on October 23, 2006.  The filing of a lis pendens in South Carolina is governed by South Carolina Code Annotated Section 15-11-20, which provides:

---

[1] At the hearing on March 16, 2006, the defendant agreed to remove all but one of the depictions of the plaintiffs' trademark from his blog within two hours of the close of the hearing.

2

> In an action *affecting the title to real property* the plaintiff (a) not more than twenty days before filing the complaint or at any time afterwards or (b) whenever a warrant of attachment under §§ 15-19-10 to 15-19-560 shall be issued or at any time afterwards or a defendant when he sets up an affirmative cause of action in his answer and demands substantive relief, at the time of filing his answer or at any time afterwards if such answer be intended to affect real estate, may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action and the description of the property in that county affected thereby. If the action be for the foreclosure of a mortgage such notice must be filed twenty days before judgment and must contain the date of the mortgage, the parties thereto and the time and place of recording such mortgage.

S.C. Code Ann. § 15-11-10 (emphasis added).

The defendant has filed a motion to strike the lis pendens. In the status hearing on May 2, 2007, this court ordered the plaintiffs to provide authority for the filing of the lis pendens at this stage of the litigation. The plaintiffs argue that the instant action is one "affecting the title to real property" and cite *Pond Place Partners, Inc. v. Poole*, 567 S.E.2d 881, 889 (S.C. Ct. App. 2002) as their support.[2] In *Pond Place*, the South Carolina Court of Appeals stated:

> Since the filing of a lis pendens is an extraordinary privilege granted by statute, strict compliance with the statutory provisions is required. *See Cook*, 291 S.C. at 532, 354 S.E.2d at 563 (1987) (finding a complaint filed more than twenty days after the filing of the lis pendens renders the lis pendens invalid).
>
> The lis pendens mechanism is not designed to aid either side in a dispute between private parties. Rather, lis pendens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is

---

[2] The plaintiffs also state that the court has already ruled that the defendant's motion to strike the lis pendens is moot per a docket entry dated May 2, 2007. However, the plaintiffs are mistaken. On October 26, 2006, the defendant filed one document that contained several motions. These motions were docketed by the Clerk's Office as "document number 66." This court ruled on three of those motions, two motions for extension of time and a motion for a status hearing, by a text order entered on May 2, 2007. However, this court has not previously ruled upon the defendant's remaining motions, the motion to strike the lis pendens and the motion for abuse of discovery, that are at issue in this order.

3

> already on public record, *i.e.*, the fact of a suit involving property. Thus, it notifies potential purchasers that there is pending litigation that may affect their title to real property and that the purchaser will take subject to the judgment, without any substantive rights. 51 Am.Jur.2d Lis Pendens § 2 (2000).

*Pond Place*, 567 S.E.2d at 889. The court further stated that actions affecting title to real estate

> include actions attempting to set aside a fraudulent conveyance of real property and actions to establish a constructive trust over real estate. They also include actions to quiet title; actions to establish the existence of an easement; actions to reform deeds to resolve a boundary dispute; actions for specific performance; and actions for mortgage foreclosures. Where no real property is implicated, however, like when the enforcement of a lien is against the substitute security under the "bonding out" procedure of the mechanic's lien statute rather than against the original real property itself, a notice of pendency of action need not be filed.

*Id.* at 889-90 (citing cases, citations omitted).

The plaintiffs have come forward with no authority for the filing of a notice of lis pendens when the subject real property is in *no way* related to the allegations in the complaint and the defendant is not yet subject to a judgment. *See Atkinson v. Fundaro*, 400 So.2d 1324 (Fla. Dist. Ct. App. 1981) (finding no privilege for the filing of a lis pendens on property that had absolutely no involvement in the underlying litigation). The authority cited by the plaintiffs actually disproves their point. The types of actions cited by the court all *affect the title to real estate*, as required by the statute. As the court in *Pond Place* stated, "the filing of a lis pendens is an extraordinary privilege granted by statute." The plaintiffs in this case are not entitled to that extraordinary privilege at this stage of the litigation. Accordingly, the notice of lis pendens filed by the plaintiffs on October 26, 2006, should be cancelled.

The defendant has also filed a motion for "abuse of discovery" and "abuse of deposition" in which he contends that he has been treated with a "total lack of respect and without dignity in depositions." He further contends that the plaintiffs have "inundated [his]

4

mailbox with paperwork." The plaintiffs have shown that the defendant has repeatedly failed to respond to discovery. In the status hearing held May 2, 2007, this court reiterated to the defendant that while he is proceeding without an attorney he must still comply with court-imposed deadlines and the Federal Rules of Civil Procedure. This court has given the defendant three days to submit responses to the plaintiffs' discovery. It does not appear to this court that the plaintiffs have abused the discovery process. Accordingly, the motion is denied.

       Now, therefore, based upon the foregoing,

       IT IS ORDERED that:

       (1)    the defendant's motion to strike (doc. no. 66) is granted and the plaintiffs are ordered to withdraw the lis pendens; and

       (2)    the defendant's motion for abuse of discovery (doc. no. 66) is denied.

       IT IS SO ORDERED.

                                              s/William M. Catoe
                                              United States Magistrate Judge

May 7, 2007

Greenville, South Carolina