IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

BidZirk, LLC, Daniel G. Schmidt, )
III, and Jill Patterson, )
) Civil Action No. 6:06-0109-HMH-WMC
Plaintiffs, )
) **REPORT AND RECOMMENDATION**
vs. )
)
Philip Smith, )
)
Defendant. )
)

       This matter is before the court on the plaintiffs' motion for summary judgment. The plaintiffs are represented by counsel, and the defendant is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       In March 2005, the defendant consigned a large number of items with plaintiff BidZirk, LLC, a business that offers, for a fee, services related to eBay listing and auctions. Plaintiff Daniel G. Schmidt, III, is the owner and president of BidZirk, and plaintiff Patterson is his wife. The defendant was ultimately dissatisfied with the price he received for certain items and with the timing of payments to him following the sale of certain items. The defendant publishes an internet website at www.jackwhispers.blogspot.com. Following his experience with BidZirk, the defendant posted a four-part series on his web log ("blog") in which he detailed his experience with BidZirk. The series was titled, "You Gotta Be Berserk to Use an eBay Listing Company!". The defendant concluded with a checklist that he recommended for use by readers when considering using an eBay listing company. In the

series, the defendant used several depictions of BidZirk's trademark.[1]  In their complaint against the defendant, the plaintiffs allege causes of action for violation of the Lanham Act, defamation, and invasion of privacy.  The plaintiffs seek injunctive relief and damages.

On April 10, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, denied the plaintiffs' motion for preliminary injunction, finding that the defendant was entitled to the "news reporting and news commentary" defense.  The plaintiffs appealed that order to the United States Court of Appeals for the Fourth Circuit on April 21, 2006.  On March 6, 2007, the Fourth Circuit affirmed the district court.  The defendant alleged several counterclaims, which were dismissed by order of Judge Herlong on November 7, 2006.

On January 15, 2007, the plaintiffs filed a motion for summary judgment, contending that the defendant had admitted liability on all claims because he failed to respond to the plaintiffs' requests for admissions. By order filed January 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  When the defendant did not timely respond, he was given an extension through April 26, 2007, to file any opposition to the motion for summary judgment.  The defendant filed his response on April 8, 2007.  A status hearing was held before this court on May 2, 2007.  The defendant was given three days in which to file his responses to the requests for admission served upon him on July 28, 2006.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[1] At the hearing on March 16, 2006, the defendant agreed to remove all but one of the depictions of the plaintiffs' trademark from his blog within two hours of the close of the hearing.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

3

In their complaint, the plaintiffs allege claims for trademark dilution, defamation, and invasion of privacy. The plaintiffs argue that the defendant has admitted "certain conduct that renders him liable for defamation and invasion of privacy, and the Court should accordingly enter judgment on the pleadings" (m. for judgment at 1). The defendant is proceeding *pro se*. In his response to the motion for summary judgment, the defendant contends that this court has treated him unfairly and that he does not understand the plaintiffs' requests. The Fourth Circuit Court of Appeals had held that *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989). As set forth above, in a status hearing held before this court on May 2, 2007, the defendant was given three days in which to file his responses to requests for admission served upon him on July 28, 2006. This court reminded the defendant that he is to abide by the Federal Rules of Civil Procedure and the deadlines imposed by the court. By e-mail dated May 4, 2007, this court was notified by the defendant that he mailed his responses to the discovery requests to the plaintiffs on that date. Because of the defendant's *pro se* status and the fact that he has now responded to the discovery requests, the motion for summary judgment should be denied at this time.

Now, therefore, based upon the foregoing, it is recommended the plaintiffs' motion for summary judgment be denied.

                                                s/William M. Catoe
                                                United States Magistrate Judge

May 7, 2007

Greenville, South Carolina