IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,     )
III, and JILL PATTERSON,             )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )    Civil Action No. 6:06-CV-00109-HMH
                                     )
PHILIP J. SMITH,                     )
                                     )    MOTION TO COMPEL DISCOVERY
        Defendant.                   )
_____  )


COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III and Jill Patterson,

Plaintiffs ("Plaintiffs") in the above-captioned action, and file their motion to compel discovery

pursuant to Fed. R. Civ. P. 37, and show the Court as follows:

## INTRODUCTION

The Scheduling Order ("Order") dated March 03, 2006 set out the scheduled dates for

discovery. The Order specifies that discovery shall be completed no later than August 7, 2006.

See Doc. 20. On July 28, 2006, Plaintiffs served interrogatories, requests for production of

documents and requests for admission. See Exhibits 1-3. Defendant failed to respond to these

requests over a period of nearly nine months, serving responses only after being ordered to do so

by the Court. See Doc. 89 (referencing Court's order during May 2 status conference to

Defendant to respond to Plaintiffs' discovery requests within three days). Defendant served his

responses on or about May 5, 2007, albeit incompletely. See Exhibit 4. On May 14, 2007,

Plaintiffs' counsel wrote Defendant, requesting complete responses to several discovery requests to which Defendant had served inadequate responses. See Exhibit 5. On May 15, 2007, Defendant responded to counsel via email, indicating that Plaintiffs should "[g]o ahead and submit to the court that I am refusing to answer anything further." See Exhibit 6. Defendant has offered no explanation for his incomplete and evasive answers to Plaintiffs' discovery requests. Defendant's actions show willful disobedience and gross indifference towards the Court's orders. Defendant has willfully neglected Plaintiffs' discovery requests and continues to do so, simply because he does not deem Plaintiffs' requests important enough to bother with, even though the Court has told him otherwise. Defendant must be compelled to comply, and provide complete responses to Plaintiffs' discovery requests. The Court should also impose necessary sanctions, including entry of judgment against Defendant, pursuant to Fed. R. Civ. P. 37(b).

## ARGUMENT

I.     Legal standard.

Fed. R. Civ. P. 37 provides, in pertinent part:

> (a) . . . A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . (3) . . . For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. (4)(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

See Fed. R. Civ. P. 37 (emphasis supplied).

2

In <u>Kodish v. Oakbrook Terrace Fire Protection Dist.</u>, 235 F.R.D. 447 (N.D. Ill. 2006), the court found that "[a] party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." <u>Kodish</u>, 235 F.R.D. at 449-50 citing <u>Rubin v. Islamic Republic of Iran</u>, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). The burden rests upon the objecting party to show why a particular discovery request is improper. <u>Kodish</u>, 235 F.R.D. at 450. Defendant has made no attempt to justify his failure fully to respond to Plaintiffs' discovery requests<u>.</u>

II.     <u>Discovery requests at issue.</u>

Defendant's discovery responses are deficient, incomplete and evasive. Plaintiffs' requests for admission, interrogatories and requests for production of documents and Defendant's incomplete or evasive responses or answers to respective requests or interrogatories are set forth below:

INTERROGATORIES

2.

For each person known by Defendant to be a witness concerning any facts relevant to this action, summarize the witness' knowledge or observations, or produce a copy of ach written or recorded statement taken from each such witness.

RESPONSE

Already provided via affidavit.

3.

Identify all documents, correspondences, e-mails, and other records that relate in any manner to any fact related to this action.

RESPONSE

Privileged and considerable burden.

4.

Identify all photographs, reports, or other prepared documents that relate in any manner to the claims or defenses asserted in this action.

RESPONSE

Vague.

5.

Identify all items that you confined for auction with BidZirk, as to each such item, state (a) when you dropped off the item; (b) whether the item was sold; (c) the appraised value of the item; (d) how the appraised value was obtained; (e) the price for which the item was sold by BidZirk; (f) the date on which the item was sold; (g) the amount you received for the item (h) the amount of fees you paid related to the sale of each item.

RESPONSE

BidZirk has this record.

6.

Identify al expert witnesses that Defendant proposes to have testify at the trial of this action and, as to each such expert witness, state (a) his or her qualifications; (b) a description of the subject matter upon which each expert is expected to testify; (c) the facts on which each expert is expected to rely in providing testimony; (d) the facts and opinions to which each expert is expected to testify; (e) a summary of the grounds for each opinion or conclusion; (f) whether each such expert has conducted any investigation, inspection, examination or testing related in any manner to the facts, circumstances or issues presented in this action and, if so, state the nature of such investigation, inspection, examination or testing, the results of the same and date(s) on which

such work was performed; and (g) identify any actions in which each such expert has given testimony at trial, arbitration or a deposition.

## RESPONSE

Already provided by affidavit, possibly Bank of America, Branch Manager, ebay Powersell rep.

### 9.

Identify all IP records and other computer data and records that relate in any manner to the traffic on your websites or to the facts of this action.

## RESPONSE

Privileged.

### 13.

Identify all documents that you created or maintained through out the course of your dealings with BidZirk.

## RESPONSE

Privileged and vague.

### 14.

Identify all materials that you have published on any media relating in any manner to Plaintiffs, and for each such publication state (a) where it was published; (b) when it was published; (c) summary of its contents; (d) whether it remains posted or when it was removed; and (e) your purpose behind the publication.

## RESPONSE

Auctionbytes.com
Am I The Only One.org
Responses in eBay forums

See Exhibit 4, p. 3-6.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

Produce all documents identified in Defendant's responses to Plaintiff's interrogatories.

RESPONSE

I have responded in line. Note these were hand delivered but not actually received until October 2006.

2.

Produce any records prepared by any testifying expert on behalf of Defendant.

RESPONSE

Reports?

3.

Produce all photographs or other depictions that show the actual items you consigned with BidZirk.

RESPONSE

Considerable burden will provide at a later date.

5.

Produce a copy of any document that evidences your graduation from high school; <u>e.g.</u>, G.E.D. or actual diploma.

RESPONSE

Immaterial to this case.

7.

Produce in machine-readable form, the data contents of the personal computer upon which you write copy for any website.

RESPONSE

All 368 GBs!!

8.

Produce all documents including correspondence and electronic mail, from any individual with legal training with whom you have communicated regarding any aspect of this action.

RESPONSE

Privileged.

See Exhibit 4, p. 14-5.

REQUESTS FOR ADMISSION

14.

Admit that you included a link to a story referencing Mr. Schmidt's and Ms. Patterson's marriage in your article, which included a photographic depiction of the likeness of Mr. Schmidt and Ms. Patterson.

RESPONSE

Linked- this link is also made on the BidZirk website.

15.

Admit that you did not have the permission of Jill Patterson or Daniel Schmidt to link the posting to a photograph depicting them.

RESPONSE

Greenville Journal provides this permission…linking is not on a request basis.

17.

Admit that you received actual notice of BidZirk's claim of ownership and exclusive rights to the use of its trademarks, and thereafter have persisted in using BidZirk's trademarks on your blog, without the permission or consent of BidZirk.

RESPONSE

BidZirk consent is not required.

18.

Admit that BidZirk is the only eBay listing company mentioned by name in the posting.

RESPONSE

Specifically yes, categorically no.

28.

Admit that you believe yourself to be a person of superior intelligence.

RESPONSE

My IQ is 156.  The average is 110.

See Exhibit 4, p. 29-33.

Defendant failed to admit, deny or provide appropriate answers to Requests for Admission No. 14, 15, 17, and 28.  Defendant's response to Request for Admission No. 18 is unintelligible, as Defendant has neither admitted nor denied the request.  See Exhibit 4.

Defendant's response to Interrogatory No. 2 is incomplete as all witnesses have not given affidavits.  Defendant should be compelled to supply the requested summary of knowledge held by remaining witnesses.  Defendant's response to Interrogatory No. 3 is incomplete. Defendant's response to the interrogatory indicates that the information is "privileged" even though Defendant is unrepresented.  The Court should compel Defendant to provide a complete answer to Interrogatory No. 3.  Defendant's response to Interrogatory No. 4 is incomplete. Defendant has not identified why he contends that the interrogatory is "vague."  Defendant's response to Interrogatory No. 5 is incomplete.  Defendant has, without any reason, refused to

provide the information concerning experts, as requested under Interrogatory No. 6. Defendant

has refused to identify the records mentioned in Interrogatory No. 9, on the ground of privilege,

though Defendant is unrepresented. Defendant's response to Interrogatory No. 13, that the

information sought is "privileged" is evasive, for the same reason. Defendant's response to

Interrogatory No. 14 is incomplete as the Defendant has not furnished information on the dates

of publication, summary of contents of the post, current status of the post and purpose behind

publishing each post. See Exhibit 4.

Defendant's response to RPOD No. 1 that he has "responded in line" makes no sense.

Defendant should be compelled to produce all documents identified by him in his response to

Plaintiff's interrogatories. The Court should compel Defendant to produce any reports generated

by expert witnesses, as requested in RPOD No. 2. Defendant has not produced the documents

requested in RPOD No. 3. Defendant's response to RPOD No. 5 that his diploma or G.E.D. is

"immaterial" to the case is incorrect. The information sought in RPOD No. 5 is material to the

case, at least because it is relevant to impeachment of Defendant. Defendant has not fully

complied with RPOD No. 7. Defendant's refusal to furnish the documents mentioned in RPOD

No. 8, on the ground of "privilege" is evasive and incomplete, because Defendant is

unrepresented, and cannot assert privilege in this action. See Exhibit 4.

Defendant's evasive and incomplete answers are simply continuations of his prior refusal

to participate in discovery at all. In a recent case, Shaffer v. The Northwestern Mut. Life Ins.

Co., 2007 U.S. Dist. LEXIS 1552 (N.D.W. Va. 2007), see Exhibit 7, the court held that "[p]arties

answering interrogatories have a duty to answer "without evasiveness, and in good faith."

Shaffer, 2007 U.S. Dist. LEXIS at *5-6.  Answers that are "evasive or incomplete ... [are] treated

as a failure to disclose, answer, or respond." Id. citing Von Der Heydt v. Kennedy, 299 F.2d 459,

462 (D.C. Cir.1962).

Defendant has failed to produce documents clearly in his custody or control in response

to Plaintiffs' requests for production of documents. "A response to a request for production of

documents which merely promises to produce the requested documents at some unidentified time

in the future, without offering a specific time, place and manner, is not a complete answer as

required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer

or respond." See Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 (D. Md.1997)

(emphasis supplied). See also Exhibit 4, p. 14-5.

III.    Defendant's conduct is in violation of a prior order of the Court.

Plaintiffs have made all possible efforts in good faith and conferred or attempted to

confer with Defendant to secure the disclosure without court action, as required under Fed. R.

Civ. P. 37(a)(2)(A).  See Exhibit 5.  Defendant has resisted all of Plaintiffs' efforts and has

refused to cooperate with Plaintiffs during discovery.  Defendant is subject to the Court order to

compel full and complete responses, and for sanctions for his recalcitrance.  See Warner Bros.

Records Inc. v. Souther, 2006 U.S. Dist. LEXIS 42249 (W.D.N.C. 2006) at * 14-5, see Exhibit 8.

That Defendant's conduct merits sanctions under Fed.Rule.C.P.37 (b) is clear.  Repeated

efforts by Plaintiffs to facilitate disclosure and production of documents, without the

involvement of the Court, has failed due solely to Defendant's obstreperousness.  At the May 2,

2007 status conference, the Court ordered Defendant to respond to Plaintiffs' requests.  See

Docket Entry, Exhibit 9.  In <u>Aetna Life Ins. Co. v. Licht</u>, 2005 U.S. Dist. LEXIS 1119 (S.D.N.Y.

2005) at \*4, the district court held,  <u>inter alia</u>, that "[N[on-compliance with an order compelling

discovery may expose the disobedient party and that party's counsel to liability on all costs

incurred due to the failure to comply with the order."  <u>See</u> Exhibit 10.  In this case, Defendant's

bold refusal to provide complete discovery responses, in the face of an order given <u>in person</u> and

acknowledged by Defendant at the May 2 status conference, is worthy of rebuke.  The <u>Licht</u>

court also held that "[a] party's failure to respond to movant's document and interrogatory

requests justifies the trial court in issuing a harsh punishment by striking all of defendant's

answers and defenses".  <u>Licht</u>, 2005 U.S. Dist. LEXIS 1119 at \*4.  The Court should do likewise

here, strike Defendant's answer and enter judgment by default in Plaintiffs' favor.

IV.    <u>Sanctions</u>.

In <u>Whatley v. South Carolina Dep't of Pub. Safety</u>, 2007 U.S. Dist. LEXIS 2391 (D.S.C.

2007), this court noted:

> Dismissal of a party's case for failure to comply with a court order or a discovery
> request is a severe sanction that must be exercised cautiously and with restraint.
> <u>Zaczek v. Fauquier Cty. Virginia</u>, 764 F. Supp. 1071, 1077 (E.D. Va. 1991).
> Nevertheless, Rule 37 of the Federal Rules of Civil Procedure requires all parties
> to comply with discovery requests and any court orders regarding discovery. If a
> party fails to comply, the court may issue sanctions against that party, including
> the dismissal of the party's action. <u>See</u> [Fed. R. Civ. P.] 37(b)(2)(C) (stating
> 'If a party . . . fails to obey an order to provide or permit discovery . . . the court in
> which the action is pending may make . . . an order dismissing the action"). The
> Fourth Circuit has held that a court must consider four factors in determining
> whether dismissal action is the appropriate sanction for a party's failure to comply
> with discovery. Specifically, a court must consider: (1) whether the non-
> complying party acted in bad faith; (2) the degree of prejudice suffered by the
> other parties as a result of the failure to comply; (3) the deterrence value of
> dismissal as a sanction for this sort of non-compliance; and (4) the efficacy of a

less drastic sanction.  See Mutual Fed. Sav. and Loan Ass'n v. Richards & Assoc.,
Inc., 872 F.2d 88, 92 (4th Cir. 1992).

See Whatley, 2007 U.S. Dist. LEXIS 2391 at *34-5; see Exhibit 11.

Defendant in this case has acted in bad faith, by not furnishing complete answers in spite
of repeated requests by Plaintiffs.  Defendant willfully withheld documents and information,
without any justification, prejudicing Plaintiffs in the prosecution of their claims.  Defendant's
willful violation of the Court's order is just the most recent incidence of Defendant's disregard
for procedural rules.  It is well-established that federal courts "possess the inherent authority to
dismiss a case with prejudice."  Link v. Wabash Railroad Co., 370 U.S. 626 (1962).  The Court
should countenance Defendant's failure to participate in discovery no longer.

Defendant's failure to comply with the Court's May 2 discovery order empowers the
Court not only to compel Defendant to do so, but allows the Court to impose sanctions and
reasonable expenses incurred by Plaintiffs in obtaining yet another order from the Court.  In
PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291 (N.D.W. Va. 2004) the court held that "[a] court is
required to award reasonable expenses, including attorney's fees, against the party required to
produce discovery unless that party can demonstrate that it was 'substantially justified' in
withholding the requested information or an award of expenses would be unjust."  PLX, 220
F.R.D. at 295-6 citing Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir.1994).
Defendant has not pointed out any justifiable reason to excuse his failure properly to participate
in discovery.  Counsel's affidavit regarding costs and expenses incurred in bringing the instant
motion is attached.  See Exhibit 12.

12

## CERTIFICATION

Plaintiffs certify that they have in good faith conferred or attempted to confer with Defendant, in an effort to secure the disclosure without court action, as stipulated under Fed. R. Civ. P. 37(a)(2)(A).

## CONCLUSION

Defendant's disobedience and willful disregard demands an order from the Court, compelling Defendant to respond completely to Plaintiffs' discovery requests, assuming that Defendant is not sanctioned in the first instance with the entry of judgment against him.

This 4th day of June, 2007.

/s/ Kevin M. Elwell

KEVIN M. ELWELL
USDC Bar. No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,  )
III, and JILL PATTERSON,          )
                                  )
        Plaintiffs,               )
                                  )
v.                                )     Civil Action No. 6:06-CV-00109-HMH
                                  )
PHILIP J. SMITH,                  )
                                  )     CERTIFICATE OF SERVICE
        Defendant.                )
_____ )

This is to certify that I have this day served the foregoing MOTION TO COMPEL

DISCOVERY by depositing same in the United States Mail in a properly-addressed envelope

with adequate postage affixed to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 4th day of June, 2007.

/s/ Kevin M. Elwell

_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III, and Jill Patterson