IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, </br></br>    Plaintiffs, </br></br> v. </br></br> PHILIP J. SMITH, </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 6:06-CV-00109-HMH </br> ) </br> ) </br> ) REQUEST FOR PRODUCTION </br> )             OF DOCUMENTS </br> ) |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III, and Jill Paterson, Plaintiffs herein, and pursuant to Fed. R. Civ. P. 34 propound these requests for production of documents to Defendant Philip J. Smith. Defendant is required to answer fully in writing these requests within 30 days after service hereof. These requests are deemed continuing, and require supplemental answers if Defendant obtains additional responsive documents after service of responses.

DEFINITIONS

a. Document – as used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control, or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, taps, stenographic or handwritten notes, microfilm, bulletins,

circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records, tapes or other media, computer diskettes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or cop contains any commentary or notation whatsoever that does not appear on the original.

b. Person – as used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

c. Date – as used herein "date" shall mean the exact day, month and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

d. Communication – as used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally-conveyed meaning.

e. You – as used herein "you" shall mean the defendant responding to these requests, or any person or persons acting or purporting to act in any manner on any defendant's behalf.

f. Or – "or" is used herein exclusively in the conjunctive sense, and shall mean "and/or."

g. Illustrative material – as used herein, "illustrative material" shall mean any photograph, drawing, diagram, chart, model, film, videotape, print, lithograph, tape, computer program, or any other tangible thing which purports visually to recreate or document any fact relevant to any issue in this action, the date each item was made, the

2

person making each such item, the present location and custodian of each such item, and a description of what each item purports to illustrate.

    h. Identify – as used herein, "identify" when used in reference to (1) a person who is an individual, shall mean to state his or her full legal name, present or last known residence address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers; (2) a person who is a firm, partnership, corporation, proprietorship, association, financial institution or other organization or entity, shall mean to state its full legal name (including any trade names under which the entity does business or was formerly known) and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identify of its chief executive officer; (3) an oral communication, shall mean to state the date, subject matter, communicator, recipient, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; (4) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of persons known to have seen the document or to have received copies, its present location and custodian, and a description of the contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of the document to his responses hereto, specifying the particular interrogatory or request for production of documents to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response

to any interrogatory or request for production of documents was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances and any authorization for such disposition, and, if you know, the present location and custodian of such document.

    i. State all facts – as used herein, "state all facts" shall mean to state all facts discoverable under the Federal Rules of Civil Procedure known to Defendant or his attorneys, to identify all persons having knowledge of such facts, and to identify all communication concerning or relating to such facts. When used in reference to an allegation in the pleadings, "state all facts" shall include all facts negating, as well as supporting, an allegation.

    j. Corporate name – when the name of a particular company is used, such use encompasses all names under which the pertinent company has functioned or operated.

## INSTRUCTIONS

    a. Objections based upon privilege – in the event that any information, document, or thing requested herein is withheld under a claim of privilege, provide the following information with respect to each such fact, document or thing: (1) the type of information, document or thing; its general subject matter; and the place and approximate date it was prepared or created; (2) the name and title of each person who also has the information, or prepared or created the document or thing and the name and title of each other person to whom such information has been related, or who has received or

4

**Exhibit 2, p. 4**

examined the document or thing or a copy thereof; (3) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to apart of the information, document or thing withheld; and (4) the numbers of all interrogatories or subparts thereto to which the information, document or thing withheld would otherwise be responsive.

      b. To the extent the information called for by these interrogatories and requests for production of documents is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

      c. Documents no longer in your possession – if any document which you would have produced in response to any interrogatory or request for production of documents was but is no longer in your possession or subject to you control or is no longer in existence, state whether such document or thing is (1) missing or lost; (2) destroyed; (3) transferred to some other person, firm, corporation or entity; (4) otherwise disposed of and, in any such instance, set forth the surrounding circumstances and any authorization for such disposition, state the approximate date of any such disposition and, if known, also state the present location and custodian of each such document or thing.

<u>REQUESTS</u>

1.

      Produce all documents identified in Defendant's responses to Plaintiffs' interrogatories.

5

2.

Produce any reports prepared by any testifying expert on behalf of Defendant.

3.

Produce all photographs or other depictions that show the actual items you consigned with BidZirk.

4.

Produce all documents, banners, pamphlets, or other materials that relate in any manner to your protesting of BidZirk.

5.

Produce a copy of any document that evidences your graduation from high school; e.g., G.E.D. or actual diploma.

6.

Produce a copy of any permits in your possession, custody or control that purport to give you permission to protest or picket BidZirk locations.

7.

Produce, in machine-readable form, the data contents of the personal computer upon which you write copy for any website.

8.

Produce all documents, including correspondence and electronic mail, from any individual with legal training with whom you have communicated regarding any aspect of this action.

This 28th day of July, 2006.

*[signature: Kevin M. Elwell]*
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com              Attorneys for Plaintiffs BidZirk, LLC,
                                   Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

This is to certify that I have this day served the foregoing REQUESTS FOR PRODUCTION OF DOCUMENTS by hand delivery to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 28th day of July, 2006.

_____
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com        Attorneys for Plaintiffs BidZirk, LLC,
                             Daniel G. Schmidt, III and Jill Patterson

**Exhibit 2, p. 8**