IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,   )
III, and JILL PATTERSON,   )
  )
    Plaintiffs,   )
  )
v.   )    Civil Action No. 6:06-CV-00109-HMH
  )
  )
PHILIP J. SMITH,   )
  )    PLAINTIFFS' INTERROGATORIES
    Defendant.   )

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III, and Jill

Patterson, Plaintiffs herein, and pursuant to Fed. R. Civ. P. 33 propound the following

interrogatories to Defendant Philip J. Smith. Defendant is required to answer fully in

writing these interrogatories within 30 days after service hereof. These interrogatories

are deemed continuing, and require supplemental answers if Defendant obtains additional

responsive information after service of responses.

### DEFINITIONS

a. Document – as used herein, "document" shall mean any tangible thing upon

which information is or has been stored, recorded or communicated in the custody,

control, or possession of Defendant or of which Defendant has knowledge, including

without limitation letters, correspondence, invoices, contracts, agreements, purchase

orders, memoranda, taps, stenographic or handwritten notes, microfilm, bulletins,

**Exhibit 4, p. 1**

Dockets.Justia.com

circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records, tapes or other media, computer diskettes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or cop contains any commentary or notation whatsoever that does not appear on the original.

b. Person – as used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

c. Date – as used herein "date" shall mean the exact day, month and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

d. Communication – as used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally-conveyed meaning.

e. You – as used herein "you" shall mean the defendant responding to these requests, or any person or persons acting or purporting to act in any manner on Defendant's behalf.

f. Or – "or" is used herein exclusively in the conjunctive sense, and shall mean "and/or."

g. Illustrative material – as used herein, "illustrative material" shall mean any photograph, drawing, diagram, chart, model, film, videotape, print, lithograph, tape, computer program, or any other tangible thing which purports visually to recreate or document any fact relevant to any issue in this action, the date each item was made, the

2

examined the document or thing or a copy thereof; (3) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to apart of the information, document or thing withheld; and (4) the numbers of all interrogatories or subparts thereto to which the information, document or thing withheld would otherwise be responsive.

b. To the extent the information called for by these interrogatories is unknown to you, so state, and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

c. Documents no longer in your possession – if any document which you would have produced in response to any interrogatory or request for production of documents was but is no longer in your possession or subject to you control or is no longer in existence, state whether such document or thing is (1) missing or lost; (2) destroyed; (3) transferred to some other person, firm, corporation or entity; (4) otherwise disposed of and, in any such instance, set forth the surrounding circumstances and any authorization for such disposition, state the approximate date of any such disposition and, if known, also state the present location and custodian of each such document or thing.

## INTERROGATORIES

1.

Identify all persons known to Defendant to have knowledge concerning any fact related to this action, and state whether any written or recorded statements have been procured from any such witness.

Dave Buzzell - affidavit
Frank Watts - affidavit
Mike Lowe - affidavit
Bank of America Branch Manager
(recorded conversation)

Neighboring businesses to
Bidzirk - statements off record
Jack Campbell - statement
Bill Palmer - statement
eBay Powerseller Reps

**Exhibit 4, p. 3**

2.

For each person known by Defendant to be a witness concerning any facts relevant to this action, summarize the witness' knowledge or observations, or produce a copy of each written or recorded statement taken from each such witness. *Already provided via affidavit*

3.

Identify all documents, correspondences, e-mails, and other records that relate in any manner to any fact related to this action. *( privaledged and considerable ) burden*

4.

Identify all photographs, reports, or other prepared documents that relate in any manner to the claims or defenses asserted in this action. *( vague )*

5.

Identify all items that you consigned for auction with BidZirk, as to each such item, state (a) when you dropped off the item; (b) whether the item was sold; (c) the appraised value of the item; (d) how the appraised value was obtained; (e) the price for which the item was sold by BidZirk; (f) the date on which the item was sold; (g) the amount you received for the item; and (h) the amount of fees you paid related to the sale of each item. *( Bidzirk has this record )*

6.

Identify all expert witnesses that Defendant proposes to have testify at the trial of this action and, as to each such expert witness, state (a) his or her qualifications; (b) a description of the subject matter upon which each expert is expected to testify; (c) the facts on which each expert is expected to rely in providing testimony; (d) the facts and opinions to which each expert is expected to testify; (e) a summary of the grounds for

*( alredy provided via affidavit, possibly bank of america branch manager, ebay Powersale rep)*
*6*

**Exhibit 4, p. 4**

each opinion or conclusion; (f) whether each such expert has conducted any investigation, inspection, examination or testing related in any manner to the facts, circumstances or issues presented in this action and, if so, state the nature of such investigation, inspection, examination or testing, the results of same and the date(s) on which such work was performed; and (g) identify any actions in which each such expert has given testimony at trial, arbitration or a deposition.

7.

Identify all documents, pictures, audio or video recordings, or other records that relate to your dealings with Plaintiffs or Plaintiffs' counsel. *(vague and already asked)*

8.

Identify all documents, records, receipts, internet protocol ("IP") records, and other electronic or computer data that evidence your ownership or control of the websites at www.jackwhispers.blogspot.com, www.kingkongwrong.blogspot.com, and www.fixyourthinking.com.

*(see attached)*
*(this information is identical for all 3)*

9.

Identify all IP records and other computer data and records that relate in any manner to the traffic on your websites or to the facts of this action. *(privaledged)*

10.

Identify all awards that you have received for your writing.

*DIGG TOP 100 Apple stories*
*Blog 100 2005, 2006 2007*
*Digital Culture 2007*

11.

Identify all materials that evidence your experience as a publisher of news reporting or news commentary.

*My blog is published and I comment on news and provide news analysis. I have been publishing this website in some form since 1997. Much in the same way as Matt Drudge broke the Monica Lewinsky scandal I am creditted for breaking news about Jack Campbell.*

7

Exhibit 4, p. 5

12.

Identify all documents and records that relate to your dealings with online auction listing companies other than BidZirk.

*(Please see attached)*

13.

*( Also vague & priveladged)*

Identify all documents that you created or maintained throughout the course of your dealings with BidZirk.

*( Priveladged and vague)*

14.

Identify all materials that you have published on any media relating in any manner to Plaintiffs, and for each such publication, state (a) where it was published; (b) when it was published; (c) a summary of its contents; (d) whether it remains posted or when it was removed; and (e) your purpose behind the publication.

This 28th day of July, 2006.

*- Auctionbytes. com*
*- AmI The Only One. org*
*- Responses in eBay forums*

_Kevin M Elwell_
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

8

Exhibit 4, p. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,   )
III, and JILL PATTERSON,   )
  )
    Plaintiffs,   )
  )
  )
v.   )   Civil Action No. 6:06-CV-00109-HMH
  )
  )
PHILIP J. SMITH,   )
  )   CERTIFICATE OF SERVICE
    Defendant.   )

This is to certify that I have this day served the foregoing PLAINTIFFS'

INTERROGATORIES by hand delivery to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 28th day of July, 2006.

*KEVIN M. ELWELL*

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

**Exhibit 4, p. 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,  )
III, and JILL PATTERSON,          )
                                  )
    Plaintiffs,               )
                                  )
v.                                )    Civil Action No. 6:06-CV-00109-HMH
                                  )
                                  )
PHILIP J. SMITH,                  )    REQUEST FOR PRODUCTION
                                  )         OF DOCUMENTS
    Defendant.                )

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III, and Jill Paterson, Plaintiffs herein, and pursuant to Fed. R. Civ. P. 34 propound these requests for production of documents to Defendant Philip J. Smith. Defendant is required to answer fully in writing these requests within 30 days after service hereof. These requests are deemed continuing, and require supplemental answers if Defendant obtains additional responsive documents after service of responses.

DEFINITIONS

a. Document – as used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control, or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, taps, stenographic or handwritten notes, microfilm, bulletins,

circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records, tapes or other media, computer diskettes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or cop contains any commentary or notation whatsoever that does not appear on the original.

b. Person – as used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

c. Date – as used herein "date" shall mean the exact day, month and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

d. Communication – as used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally-conveyed meaning.

e. You – as used herein "you" shall mean the defendant responding to these requests, or any person or persons acting or purporting to act in any manner on any defendant's behalf.

f. Or – "or" is used herein exclusively in the conjunctive sense, and shall mean "and/or."

g. Illustrative material – as used herein, "illustrative material" shall mean any photograph, drawing, diagram, chart, model, film, videotape, print, lithograph, tape, computer program, or any other tangible thing which purports visually to recreate or document any fact relevant to any issue in this action, the date each item was made, the

2

person making each such item, the present location and custodian of each such item, and a description of what each item purports to illustrate.

h. Identify – as used herein, "identify" when used in reference to (1) a person who is an individual, shall mean to state his or her full legal name, present or last known residence address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers; (2) a person who is a firm, partnership, corporation, proprietorship, association, financial institution or other organization or entity, shall mean to state its full legal name (including any trade names under which the entity does business or was formerly known) and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identify of its chief executive officer; (3) an oral communication, shall mean to state the date, subject matter, communicator, recipient, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; (4) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of persons known to have seen the document or to have received copies, its present location and custodian, and a description of the contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of the document to his responses hereto, specifying the particular interrogatory or request for production of documents to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response

3

**Exhibit 4, p. 10**

to any interrogatory or request for production of documents was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances and any authorization for such disposition, and, if you know, the present location and custodian of such document.

i. State all facts — as used herein, "state all facts" shall mean to state all facts discoverable under the Federal Rules of Civil Procedure known to Defendant or his respective attorneys, to identify all persons having knowledge of such facts, and to identify all communication concerning or relating to such facts. When used in reference to an allegation in the pleadings, "state all facts" shall include all facts negating, as well as supporting, an allegation.

j. Corporate name — when the name of a particular company is used, such use encompasses all names under which the pertinent company has functioned or operated.

## INSTRUCTIONS

a. Objections based upon privilege — in the event that any information, document, or thing requested herein is withheld under a claim of privilege, provide the following information with respect to each such fact, document or thing: (1) the type of information, document or thing; its general subject matter; and the place and approximate date it was prepared or created; (2) the name and title of each person who also has the information, or prepared or created the document or thing and the name and title of each other person to whom such information has been related, or who has received or

4

Exhibit 4, p. 11

person making each such item, the present location and custodian of each such item, and a description of what each item purports to illustrate.

h. Identify – as used herein, "identify" when used in reference to (1) a person who is an individual, shall mean to state his or her full legal name, present or last known residence address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers; (2) a person who is a firm, partnership, corporation, proprietorship, association, financial institution or other organization or entity, shall mean to state its full legal name (including any trade names under which the entity does business or was formerly known) and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identify of its chief executive officer; (3) an oral communication, shall mean to state the date, subject matter, communicator, recipient, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; (4) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of persons known to have seen the document or to have received copies, its present location and custodian, and a description of the contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of the document to his responses hereto, specifying the particular interrogatory or request for production of documents to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response

3

to any interrogatory or request for production of documents was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances and any authorization for such disposition, and, if you know, the present location and custodian of such document.

i. State all facts – as used herein, "state all facts" shall mean to state all facts discoverable under the Federal Rules of Civil Procedure known to Defendant or his attorneys, to identify all persons having knowledge of such facts, and to identify all communication concerning or relating to such facts. When used in reference to an allegation in the pleadings, "state all facts" shall include all facts negating, as well as supporting, an allegation.

j. Corporate name – when the name of a particular company is used, such use encompasses all names under which the pertinent company has functioned or operated.

<u>INSTRUCTIONS</u>

a. Objections based upon privilege – in the event that any information, document, or thing requested herein is withheld under a claim of privilege, provide the following information with respect to each such fact, document or thing: (1) the type of information, document or thing; its general subject matter; and the place and approximate date it was prepared or created; (2) the name and title of each person who also has the information, or prepared or created the document or thing and the name and title of each other person to whom such information has been related, or who has received or

4

examined the document or thing or a copy thereof; (3) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to apart of the information, document or thing withheld; and (4) the numbers of all interrogatories or subparts thereto to which the information, document or thing withheld would otherwise be responsive.

b. To the extent the information called for by these interrogatories and requests for production of documents is unknown to you, so state, and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

c. Documents no longer in your possession – if any document which you would have produced in response to any interrogatory or request for production of documents was but is no longer in your possession or subject to you control or is no longer in existence, state whether such document or thing is (1) missing or lost; (2) destroyed; (3) transferred to some other person, firm, corporation or entity; (4) otherwise disposed of and, in any such instance, set forth the surrounding circumstances and any authorization for such disposition, state the approximate date of any such disposition and, if known, also state the present location and custodian of each such document or thing.

<u>REQUESTS</u>

1.

Produce all documents identified in Defendant's responses to Plaintiffs' interrogatories.

( I've responded in line)

( Note these were hand delivered but not actually received until October 2006)

5

**Exhibit 4, p. 14**

2.

Produce any reports prepared by any testifying expert on behalf of Defendant.

*(reports?)*

3.

Produce all photographs or other depictions that show the actual items you

consigned with BidZirk.

*( Considerable burden
will provide at a later date)*

4.

Produce all documents, banners, pamphlets, or other materials that relate in any

manner to your protesting of BidZirk.    *( see attached )*

5.

Produce a copy of any document that evidences your graduation from high

school; e.g., G.E.D. or actual diploma.    *( immaterial to this case)*

6.

Produce a copy of any permits in your possession, custody or control that purport

to give you permission to protest or picket BidZirk locations.    *( city law has
changed to no
permit needed )*

7.

Produce, in machine-readable form, the data contents of the personal computer

upon which you write copy for any website.    *ALL 368 GBs!!*

8.

Produce all documents, including correspondence and electronic mail, from any

individual with legal training with whom you have communicated regarding any aspect

of this action.    *( priveledged )*

**Exhibit 4, p. 15**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT, )
III, and JILL PATTERSON, )
)
      Plaintiffs, )
)
v. )    Civil Action No. 6:06-CV-00109-HMH
)
)
PHILIP J. SMITH, )
)    CERTIFICATE OF SERVICE
      Defendant. )
)

This is to certify that I have this day served the foregoing REQUESTS FOR

PRODUCTION OF DOCUMENTS by hand delivery to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 28th day of July, 2006.

KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

**Exhibit 4, p. 16**

Greenville Protest Ordinace
& Procedure

Sec. 36-142. Picketing.

(a)     Conduct of picketing; penalty. Peaceful picketing in the furtherance of a lawful purpose shall be allowed in the city without a permit being required, provided the picketing is done under the following conditions:

(1)     Picketing may be conducted only on the sidewalks or other city-owned areas or right-of-way normally used or reserved for pedestrian movement, and may not be conducted on the portion of a street used primarily for vehicular traffic.

(2)     Such pickets may carry written or printed placards or signs, provided the placards and staffs or poles to which they are attached do not interfere with the free use of the sidewalk by other pedestrians. Such placards, with reasonable use, shall be deemed to comply if they do not exceed 20 inches by 30 inches or 600 square inches. Such staffs and poles, with reasonable use, shall be deemed to comply if they are made of wood, do not exceed 40 inches in length, are not more than one inch in diameter, and are blunt at each end. Placards, staffs and poles exceeding these dimensions, and staffs and poles having pointed ends, are presumed threats to safety.

(3)     Such pickets must march single file and not congregate so as to block the sidewalk or any driveway.

(4)     If pickets promoting different objectives desire to use the same sidewalk within a block for picketing, the police department shift commander shall allot time to each group of pickets for the use of such sidewalk on an equitable basis, but each group shall be permitted to picket subject to the provisions of this section in alternating four-hour time periods.

(5)     The term "block," as used in this section, shall mean each side of a street lying between street intersections.

(6)     Picketing done contrary to this section shall be unlawful, and each individual in violation shall be subject to a fine of up to $50.00 for the first offense, and a fine of up to $100.00 for the second and subsequent offenses within a period of two years.

(b)     Interference with pickets. It shall be unlawful for any person to physically interfere with such pickets in the use of the sidewalk or address profane, indecent, abusive or threatening language to or at such pickets or others to breach the peace.

(c)     Crowd dispersal. A shift commander or supervisor of the police department of the city may, in the event of the assemblage of persons in such numbers as to tend to intimidate pickets pursuing their lawful objective through numbers alone or through use of inflammatory words, direct the dispersal of persons so assembled, and any police officer may arrest any person who fails to leave the place of assemblage when so directed by the police.

(Code 1985, § 5-11-42; Ord. No. 96-3, § 1, 2-12-96)

Chapter 37  RESERVED

Chapter 38  RESERVED*

---

*Editor's note: Ord. No. 99-21, § 1, adopted April 26, 1999, repealed or renumbered provisions formerly set out as ch. 38, which pertained to subdivisions. For a detailed analysis of inclusion of the provisions of Ord. No. 99-21, see the Code Comparative Table.

---