Kevin M. Elwell
Attorney at Law
· admitted in ·
South Carolina, Georgia and North Carolina

14 May 2007

VIA ELECTRONIC MAIL and
REGULAR MAIL
Mr. Philip J. Smith
601 Cleveland Street
Apartment C
Greenville, South Carolina 29601

    RE:    *BidZirk, LLC v. Smith*
             United States District Court for the District of South Carolina,
             Greenville Division
             Civil Action No. 6:06-CV-00109-HMH (WMC)

Dear Mr. Smith:

      I am in receipt of your discovery responses, which are deficient in several particulars. These deficiencies are set forth below:

      *Request for Admission No. 14*. Your response neither admits nor denies this request. Please provide an appropriate response.

      *Request for Admission No. 15*. Your response neither admits nor denies this request. Please provide an appropriate response.

      *Request for Admission No. 17*. Your response neither admits nor denies this request. Please provide an appropriate response.

      Request for Admission No. 18. Your response to this request is unintelligible. Please either admit or deny that BidZirk is the only eBay auction company mentioned by name in your blog post.

      *Request for Admission No. 28*. Your response neither admits nor denies this request. Please provide an appropriate response.

      *Interrogatory No. 2*. Your response to this interrogatory indicates that you have "already provided by affidavit" the information requested. However, the only persons listed in your response to Interrogatory No. 1 as having given affidavits are Dave Buzzell, Frank Watts and Mike Lane. Please provide a summary of the knowledge held by the remaining witnesses listed in your response to Interrogatory No. 1.

      *Interrogatory No. 3*. Your response indicates that this information is "privileged." However, you are unrepresented, and so have no grounds to assert the attorney-client privilege. In any event, please provide a log of each and every document, correspondence, e-mail or other records related to this action. Further, we disagree that

K.M. Elwell, P.C.
111 East North Street
Greenville, SC 29601
www.kmelwell.com

Office: 864.232.8060
Mobile: 404.388.0485
Facsimile: 404.759.2124
kmelwell@kmelwell.com

the volume of documents relevant to this action cannot be so burdensome that you cannot produce them with a modicum of effort. Please provide a complete response to this interrogatory.

*Interrogatory No. 4*. Your response to this interrogatory indicates only "vague," which is an incomplete objection at best. We disagree that there is anything vague about a standard request for identification of "photographs, reports or other prepared documents" related to this case. Please identify the information requested.

*Interrogatory No. 5*. It is irrelevant that BidZirk has any records requested in discovery; one point of the request is to ascertain what records *you* possess. It is not a proper ground for objection that the requesting party allegedly has the information sought from another litigant. Please provide a complete response to this interrogatory.

*Interrogatory No. 6*. This interrogatory seeks information concerning experts that you may have testify at trial in this case. You identify no one, and your response is not responsive to the questions posed. Please provide the information requested regarding experts in this case.

*Interrogatory No. 9*. You respond to this interrogatory by alleging that the IP records requested are "priviledged [sic]." As with Interrogatory No. 3, you have no grounds to assert privilege in this action. Please provide a complete response to the interrogatory, and identify the IP records as requested.

*Interrogatory No. 13*. Your response to this interrogatory again indicates that you are attempting to assert privilege in order to avoid disclosure of the information requested. As with the other interrogatory responses in which you attempt to assert privilege, you have no grounds to do so. Further, there is nothing vague about a request for documents that you created or maintained during your dealings with BidZirk. Please provide a full and complete response to this interrogatory.

*Interrogatory No. 14*. Your response to this interrogatory includes only a three-item list, evidently of sites where you have published posts related to BidZirk, Mr. Schmidt or Ms. Patterson. This interrogatory seeks information on the dates of publication, a summary of the contents of the post, the current status of the post and your purpose behind publishing each post. Please provide this information as part of a supplemental response.

*RPOD No. 1*. Your response to this request indicates "I've responded in line," which makes no sense. This request asks you to produce all documents identified in response to Plaintiffs' interrogatories. Please provide a complete response to this request, and produce all documents which you identify in response to Plaintiffs' interrogatories, *including* those identified in any supplemental responses to interrogatories which you serve in response to this letter.

*RPOD No. 2*.  If you have received any reports prepared by an expert witness in this case, please produce a copy.

*RPOD No. 3*.  Your response to this request indicates that the documents requested will be produced at a later date.  Given that the proposed scheduling order in this case has the case being tried in November of this year, time is growing short.  Please provide documents responsive to this request at this time.

*RPOD No. 5*.  Your response to this request indicates your opinion that your diploma or G.E.D. is immaterial to this case.  Since we believe that you did not in fact graduate high school when you testified you did, documents indicating your actual receipt of a diploma or G.E.D. are relevant to impeachment of you in this case.  Please provide the information requested.

*RPOD No. 7*.  Yes, all 368 GB.  As indicated, we will provide you with storage media sufficient to hold the data if you wish.  Please let me know when or if you need this equipment in order fully to comply with this request

*RPOD No. 8*.  As with your responses to interrogatories, you have no counsel, and consequently no grounds to assert privilege in this action.  Please provide all documents sought in this request.

Please consider this correspondence as Plaintiffs' good faith effort to resolve a discovery dispute without seeking formal relief from the Court.  In the event that we do not receive full and complete responses by May 21, 2007, we will proceed with filing a motion to compel discovery, and will seek recovery of all attendant attorney's fees and expenses.  Please govern yourself accordingly.

Sincerely yours,

Kevin M. Elwell

ec:   Mr. Daniel G. Schmidt, III

**Exhibit 5, p. 3**