*2007 U.S. Dist. LEXIS 1552, **

DAVID J. **SHAFFER,** M.D., Plaintiff, v. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a foreign corporation, Defendant.

[View the Full Docket from LexisNexis CourtLink for 5:05cv1](#)
Civil Action: 5:05-cv-1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

2007 U.S. Dist. LEXIS 1552

**January** 5, 2007, Decided

**PRIOR HISTORY:** Shaffer v. Northwestern Mut. Life Ins. Co., 2006 U.S. Dist. LEXIS 59294 (N.D. W. Va., Aug. 21, 2006)

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Before the court was plaintiff insured's motion to compel discovery from defendant insurer, pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 26. The action concerned an insurance dispute in which a disagreement regarding discovery arose. Plaintiff had served interrogatories and requests for production on defendant, but defendant did not answer them by an alleged agreed-upon date.

**OVERVIEW:** Defendant eventually answered plaintiff's discovery requests, the answers of which contained a preliminary set of statements concerning rights defendant did not intend to waive and a general set of objections. However, plaintiff declined to withdraw the motion to compel even though the discovery responses had been received. In his motion, plaintiff argued that defendant waived all objections by failing to answer within the proper time indicated by Fed. R. Civ. P. 33(b)(3). The court denied plaintiff's motion. The court held that defendant had waived all objections to plaintiff's interrogatories by failing to timely answer them or justify the delay, in accordance with Fed. R. Civ. P. 33(b)(4). Yet, there was no need to order defendant to re-file its answers without objection as long as plaintiff had complete answers. Plaintiff conceded to all answers except as to one interrogatory, which regarded whether plaintiff's gun shot wound was accidental. The court determined that defendant's response of "unknown" was sufficient as stated and not incomplete or evasive pursuant to Fed. R. Civ. P. 37(a)(3), especially since defendant did not have the opportunity to take plaintiff's deposition.

**OUTCOME:** Plaintiff's motion to compel was denied in its entirety. Any party could, within ten days of being served with a copy of the order, file written objections. If plaintiff sought reasonable expenses, he could do so within fourteen days of the filing of the order.

**CORE TERMS:** interrogatory, discovery, waived, accidental, answer to interrogatory, wound, shot, gun, re-file, defense counsel, answered, reasonable expenses, affirmative defense, discovery process, relevancy, admissible, clerk, oral argument, conversation, contacted, telephone, discovery of admissible evidence, reasonably calculated to lead, prescribed period, obtain discovery, good cause, incomplete, inducement, truthfully, privileged

## LexisNexis(R) Headnotes

Civil Procedure > Discovery > Relevance
<sup>HN1</sup> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Fed. R. Civ. P. 26(b)(2)(i), (ii), and (iii). Fed. R. Civ. P. 26(b)(1).

Civil Procedure > Discovery > General Overview
Governments > Courts > Rule Application & Interpretation
<sup>HN2</sup> The discovery rules are given a broad and liberal treatment.

Civil Procedure > Discovery > Relevance
Evidence > Relevance > Relevant Evidence
<sup>HN3</sup> A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Fed. R. Evid. 402. In striking the appropriate balance between these two tensions, district courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders.

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures
<sup>HN4</sup> Once the discovery process has commenced, a party has a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(2).

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures
<sup>HN5</sup> Parties must respond truthfully to discovery, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed.

Civil Procedure > Discovery > Methods > Interrogatories > Form
<sup>HN6</sup> Fed. R. Civ. P. 33 governs interrogatories. It states that each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

Civil Procedure > Discovery > Methods > Interrogatories > Form
<sup>HN7</sup> All objections to interrogatories must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice

as specific objection.

Civil Procedure > Discovery > Motions to Compel
<sup>HN8</sup> Motions to compel responses to interrogatories and requests for production are governed by Fed. R. Civ. P. 37(a)(2)(B). This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Civil Procedure > Discovery > Motions to Compel
Evidence > Procedural Considerations > Burdens of Proof > Allocation
<sup>HN9</sup> The party opposing a motion to compel bears the burden of showing why it should not be granted.

Civil Procedure > Discovery > Methods > Interrogatories > Form
<sup>HN10</sup> Fed. R. Civ. P. 33(b)(4) provides that any ground for objection not stated in a timely objection is waived unless a party's failure to object is excused by the court for good cause shown.

Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview
Civil Procedure > Discovery > Methods > Interrogatories > Form
<sup>HN11</sup> Fed. R. Civ. P. 33(b)(3) provides a party must answer interrogatories within 30 days after they are served. However, the Federal Rules normally add three days to the time a party has to respond. Fed. R. Civ. P. 6(e) states that whenever a party must or may act within a prescribed period after service and service is made under Fed. R. Civ. P. 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire. Rule 5(b)(2)(B) speaks of mailing service and (D) speaks of service by any means other than hand delivery or leaving service with the clerk of the court if the person has no known address. Hence, when a party makes service by mail, fax, e-mail, etc., three days are added to the time the served party has to respond.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Affirmative Defenses
Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Waiver & Preservation
<sup>HN12</sup> Fed. R. Civ. P. 8(c) requires a party to plead the affirmative defense of fraud in the answer to the complaint or risk waiving the defense.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Affirmative Defenses
Contracts Law > Defenses > Fraud & Misrepresentation > General Overview
<sup>HN13</sup> Fraud may be used as an affirmative defense to contract claims. There are two types of fraud as a defense: fraud in the inducement and fraud in the execution. Fraud in the inducement occurs when one person induces another to enter into a contract by false representations. Fraud in the execution results where because of a misrepresentation as to the character or essential terms of a proposed contract, a party does not know or have reasonable opportunity to know of its character or essential terms. In either case, the fraud occurs before the parties enter into a contract.

Civil Procedure > Discovery > Methods > Interrogatories > Form
<sup>HN14</sup> Parties answering interrogatories have a duty to answer without evasiveness, and in

good faith. Answers that are evasive or incomplete . are treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(3).

Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > General Overview

Civil Procedure > Remedies > Costs & Attorney Fees > Costs > General Overview

HN15 The Federal Rules of Civil Procedure provide that if responses to discovery are filed after a motion to compel is filed, the non-moving party is still responsible for reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(4)(A); W. Va. R. Civ. P. 37(a)(4)(A).

**COUNSEL:** [*1]  For David J. Shaffer, M.D., Plaintiff: Robert P. Fitzsimmons, Russell J. Guthrie, LEAD ATTORNEYS, Fitzsimmons Law Offices, Wheeling, WV;Shane M. Mallett, LEAD ATTORNEY, Shane M. Mallett Law Offices, Wheeling, WV.

For Northwestern Mutual Life Insurance Company, a foreign corporation, Defendant: A. Michael Gianantonio, Gerald J. Stubenhofer, Jr., LEAD ATTORNEYS, Brad A. Funari, McGuire Woods, LLP - Pittsburgh, Pittsburgh, PA; James F. Companion, LEAD ATTORNEY, Schrader, Byrd & Companion, PLLC, Wheeling, WV.

For Northwestern National Life Insurance Company, a foreign corporation, Northwestern National Insurance Company of Milwaukee, Wisconsin, a foregin corporation, Northwestern Mutual Investment Services, LLC, a foreign corporation, Defendant: Brad A. Funari, McGuire Woods, LLP - Pittsburgh, Pittsburgh, PA.

For Samuel B. Urso, Jr., Defendant: Julie A. Pence, Mychal S. Schulz, LEAD ATTORNEYS, Dinsmore & Shohl, LLP - Charleston, Charleston, WV.

**JUDGES:** James E. Seibert, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** James E. Seibert

**OPINION: MEMORANDUM, OPINION, and ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On November 7, 2006, came the above named Plaintiff, by Russell [*2] Guthrie and Shane Mallett, in person, and the above named Defendant, by Gerald Stubenhofer, Jr. and Melvin Kahle, in person, for Plaintiff's Motion to Compel Discovery. Testimony was not taken, and no other evidence was introduced.

I. Introduction

A. Background.

This case concerns an insurance dispute between Dr. Shaffer and his insurer, Northwestern Mutual Life Insurance Company. The parties engaged in discovery and a dispute arose. Plaintiffs filed their Motion to Compel discovery on October 13, 2006. Defendants filed their Response on November 6, 2006. This Court set an evidentiary hearing and argument for November 7, 2006. The hearing was held on that date.

B. The Motion.

Plaintiffs' Motion to Compel Discovery. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Docket No. 65

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

C. Decision.

Plaintiff's Motion to Compel is DENIED in its entirety. However, the Court finds that all of Defendant's objections are waived as untimely. While Plaintiff asked that Defendant be made to re-file its interrogatory answers without objection **[*3]** since it had waived all objections by failing to answer timely, the Court sees no point in making Defendant do this since Plaintiff already has complete answers. Furthermore, Defendant's answer to interrogatory 27 was complete. Defendant should have the opportunity to conduct additional discovery before having to answer interrogatory 27.

II. Facts
1. Plaintiff served interrogatories and requests for production on Defendant on August 14, 2006. It appears only interrogatories are at issue in this Motion.

2. On September 13, 2006, Kristi Gedid, a paralegal for defense counsel, contacted Plaintiff's counsel by telephone. The contents of the conversation are in dispute. Plaintiff maintains Gedid told Plaintiff's counsel that Plaintiff's discovery requests would be answered by September 21, 2006, and that Plaintiff's counsel agreed to that date as a matter of professional courtesy. Plaintiff maintains no extension of time to answer was granted. Defendant argues Gedid asked for an extension until September 21 and Plaintiff's counsel agreed.

3. On September 21, 2006, defense counsel contacted Plaintiff's counsel by telephone and informed him he had asked interrogatories **[*4]** in excess of those allowed by the Federal Rules of Civil Procedure. Defense counsel asked Plaintiff's counsel to select some of the interrogatories for Defendant to answer so that the total number would be in conformity with the number allowed under the Rules. Defendant asserts Plaintiff's counsel Mr. Mallett agreed to this proposal, but later retracted his agreement when his co-counsel expressed displeasure. Plaintiff's counsel states defense counsel was told during this conversation that since more than thirty days had passed since the discovery requests were filed, all objections to the interrogatories were waived under the Federal Rules. Whatever the case, Defendant did not answer the discovery requests on September 21.

4. Counsel for both sides spoke by telephone on September 25, 2006. Plaintiff asserts that during this conversation his counsel requested answers to the discovery by September 27. Defendant contends its counsel agreed to make an effort to answer by September 29. Defendant did not answer by the end of September.

5. Plaintiff filed this Motion to Compel on October 13, 2006.

6. Defendant eventually answered Plaintiff's discovery requests on October 30, 2006.

The **[*5]** answers contained a preliminary set of statements concerning rights Defendant did not intend to waive and a general set of objections. These were followed by Defendant's answers.

7. On November 2, 2006, defense counsel contacted Plaintiff's counsel regarding whether Plaintiff would withdraw his Motion to Compel since he had received the discovery responses. Defendant declined to withdraw the Motion.

III. Plaintiffs' Motion to Compel

A. Contentions of the Parties

Plaintiff has not made a court filing regarding the Motion to Compel since Defendant filed its answers. At oral argument, Plaintiff contended Defendant waived all objections by failing to answer within the time prescribed by the Rules. Plaintiff asked the Court to order Defendant to re-file its answers without objection. Plaintiff also asked the Court to compel an answer to interrogatory 27. Plaintiff claimed Defendant's answer to that interrogatory was not responsive.

Defendant argues the Motion to Compel is moot since it has fully answered all the interrogatories posed by Plaintiff. Defendant contends this includes its answer to interrogatory 27.

B. The Standards

1. Discovery - Scope. **[*6]** HN1 "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2. Discovery - Scope. HN2 A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting **[*7]** Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also Saint Bernard Sav. & Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 U.S. Dist. LEXIS 13283, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process"). n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

3. Discovery - Relevancy. <sup>HN3</sup> A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. **[*8]** Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

4. Discovery - Duty to Supplement. <sup>HN4</sup> Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

5. Discovery - Duty to Respond Fully and Completely - No Gamesmanship. <sup>HN5</sup> Parties must respond truthfully, **[*9]** fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa. 1996).

6. Discovery - Interrogatories. <sup>HN6</sup> Federal Rule of Civil Procedure 33 governs interrogatories. It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

7. Discovery - Objections to Interrogatories. <sup>HN7</sup> All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah, v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

8. **[*10]** Discovery - Motion to Compel. <sup>HN8</sup> Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. Id.

9. Discovery - Motion to Compel - Burden of Proof. <sup>HN9</sup> The party opposing a motion to compel bears the burden of showing why it should not be granted. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

C. Discussion

I.

Plaintiff's Arguments Regarding Waiver of Objections

The Court first addresses Plaintiff's argument that Defendant has waived all objections to Plaintiff's interrogatories by failing to timely respond. <sup>HN10</sup> Federal Rule of Civil Procedure 33(b)(4) provides that "Any ground [for objection] not stated in a timely objection is waived **[*11]** unless the party's failure to object is excused by the court for good cause shown." Plaintiff filed his interrogatories on August 14, 2006. Defendant therefore had until September 16, 2006, to answer. n3 It is possible to read the facts stated above as meaning Plaintiff gave Defendant an extension until September 29, 2006. Given that Defendant did not file his responses until October 30, 2006, however, the answers were clearly late. Therefore, Defendant must show good cause to excuse its untimeliness or else waive all objections to the interrogatories. Id. Although Defendant asserted at oral argument that the interrogatories were extremely comprehensive and required significant time to answer, it is difficult to see why they required until October 30. Defendant has not attempted to justify this delay in its written filings. The Court thus finds Defendant has waived all objections to Plaintiff's interrogatories. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 <sup>HN11</sup> Rule 33(b)(3) provides a party must answer interrogatories within 30 days after they are served. However, the Court notes the Federal Rules normally add three days to the time a party has to respond. Rule 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire." Rule 5(b)(2)(B) speaks of mailing service and (D) speaks of service by any means other than hand delivery or leaving service with the clerk of the court if the person has "no known address." Hence, when a party makes service by mail, fax, e-mail, etc., three days are added to the time the served party has to respond. Plaintiff's Motion asserts the interrogatories were served electronically. Therefore, Defendant had until 33 days after service to respond, which in this case was September 16, 2006. **[*12]**


n4 The Court recognizes some courts have given special protection to assertions of work product of attorney-client privilege. See, e.g., Burlington N. & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005); United States v. Phillip Morris, Inc., 358 U.S. App. D.C. 226, 347 F.3d 951, 954 (D.C. Cir. 2003) (quoting First Sav. Bank, F.S.B. v. First Sav. Bank Sys., Inc., 902 F. Supp. 1356, 1361 (D. Kan. 1995)); Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005). Since there do appear to be any of these issues relevant to the instant Motion, the Court finds no need to further address the issue.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Although Plaintiff requested at argument that Defendant be ordered to re-file their answers without objection, the Court sees no need to make Defendant do this as long as Plaintiff has complete answers. Plaintiff appears to concede all the answers but the answer to interrogatory 27 are adequate. Only interrogatory 27 was mentioned in an early November 2006 correspondence from Plaintiff's counsel to Defendant's counsel regarding the sufficiency **[*13]** of the answers. Furthermore, the answer to interrogatory 27 was the only interrogatory Plaintiff's counsel challenged the sufficiency of at argument. The Court will therefore only address the sufficiency of the answer to interrogatory 27. To the extent

Plaintiff's Motion asked for Defendant to re-file their answers to other interrogatories, the Motion is DENIED.

II.

Defendant's Answer to Interrogatory 27

Interrogatory 27 asked Defendant whether it contended Plaintiff "did not suffer an accidental gun shot wound to his left hand on December 23, 2000." Plaintiff indicated at oral argument that the point of this interrogatory was to determine whether Defendant took the position that Dr. Shaffer's gun shot wound was accidental. Defendant responded that it was "unknown" whether Dr. Shaffer's wound was accidental. Plaintiff argues that if Defendant takes the position that Dr. Shaffer's wound was not accidental, it will be accusing him of fraud and that fraud must be plead as an affirmative defense. Defendant argues it cannot provide a better answer since its investigation into the accident is ongoing. It contends the answer is sufficient.

HN12 Federal Rule of Civil Procedure 8(c) **[*14]** requires a party to plead the affirmative defense of fraud in the answer to the complaint or risk waiving the defense. Wilkinson v. United States, 1992 U.S. App. LEXIS 18497, at *8 (4th Cir.). Waiver will not result, however, where there is no unfair surprise. Id. at *9.

HN13 Fraud may be used as an affirmative defense to contract claims. n5 17A Am. Jur. 2d Contracts § 645. There are two types of fraud as a defense: fraud in the inducement and fraud in the execution. Id. Fraud in the inducement occurs when "one person induces another to enter into a contract by false representations." Cordial v. Ernst & Young, 199 W. Va. 119, 130, 483 S.E.2d 248, 259 (1996) (quoting Syl. Pt. 1, Horton v. Tyree, 104 W. Va. 238, 139 S.E. 737 (1927)). Fraud in the execution results where "because of a misrepresentation as to the character or essential terms of a proposed contract, a party does not know or have reasonable opportunity to know of its character or essential terms." Restatement (Second) of Contracts § 163 cmt. a (1981). In either case, the fraud occurs **[*15]** before the parties enter into a contract.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 Since the Court has diversity jurisdiction, West Virginia law applies.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

If Defendant eventually claims Dr. Shaffer's gun shot wound was not accidental, it will not be asserting fraud, but rather that a condition entitling Dr. Shaffer to benefits under the contract has not occurred. Defendant asserted this defense in its answer. Specifically, Defendant stated that it had "fully performed under any and all contracts it may have with Dr. Shaffer" and that it had "paid all sums to Dr. Shaffer that it is legally obligated to pay." Defendant also specifically denied the allegation in the complaint that the gun shot wound was accidental.

The Court will now examine whether Defendant's answer was sufficient as stated. HN14 Parties answering interrogatories have a duty to answer "without evasiveness, and in good faith." Von Der Heydt v. Kennedy, 112 U.S. App. D.C. 78, 299 F.2d 459, 462 (D.C. Cir. 1962). Answers that are "evasive or incomplete . . . [are] treated as a failure to disclose,

**[*16]** answer, or respond." Fed. R. Civ. P. 37(a)(3). Defendant stated it was "unknown" whether Dr. Shaffer suffered an accidental gun shot wound.

The Court believes this answer is sufficient. Defendant has not even had an opportunity to take a deposition from Dr. Shaffer. The Court certainly believes it should have this opportunity before it must answer an interrogatory regarding whether the gun shot wound was accidental. Dr. Shaffer's testimony could provide critical evidence regarding the events in question. Therefore, Plaintiff's Motion to Compel is DENIED to the extent is seeks an answer to interrogatory 27 regarding whether the shooting was accidental. Plaintiff's Motion is also DENIED to the extent it sought to have Defendant re-file its answer to interrogatory 27 without objection.

IV. Decision

Plaintiff's Motion to Compel is DENIED in its entirety. However, the Court finds that all of Defendant's objections are waived as untimely. While Plaintiff asked that Defendant be made to re-file its interrogatory answers without objection since it had waived all objections by failing to answer timely, the Court sees no point in making Defendant **[*17]** do this since Plaintiff already has complete answers. Furthermore, Defendant's answer to interrogatory 27 was complete. Defendant should have the opportunity to conduct additional discovery before having to answer interrogatory 27.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Unlike the West Virginia Rules of Civil Procedure, HN15 the Federal Rules of Civil Procedure provide that if responses to discovery are filed after a motion to compel is filed, the non-moving party is still responsible for reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(4)(A); W. Va. R. Civ. P. 37(a)(4)(A). If Plaintiff seeks reasonable expenses, he shall file an affidavit of the same within fourteen (14) days of the filing **[*18]** of this Order and will be given an opportunity to be heard on January 31, 2007, at 2:00 p.m. If Plaintiff files this affidavit, both parties may file briefs regarding why reasonable expenses should or should not be granted until January 26, 2007.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 5, 2007

/s/ James E. Seibert

UNITED STATES MAGISTRATE JUDGE