*2005 U.S. Dist. LEXIS 1119, \**

AETNA LIFE INSURANCE COMPANY, Plaintiff, - against - DAVID **LICHT,** a/k/a DAVID LIGHT, and NEW YORK CITY PAIN RELIEF, Defendants.

View the Full Docket from LexisNexis CourtLink for 1:03cv6764
03 Civ. 6764 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2005 U.S. Dist. LEXIS 1119

**January** 26, 2005, Decided
**January** 27, 2005, Filed

**SUBSEQUENT HISTORY:** Magistrate's recommendation at Aetna Life Ins. Co. v. Licht, 2005 U.S. Dist. LEXIS 12950 (S.D.N.Y., June 14, 2005)

**PRIOR HISTORY:** Aetna Life Ins. Co. v. Licht, 2004 U.S. Dist. LEXIS 21538 (S.D.N.Y., Oct. 25, 2004)

**DISPOSITION:** **[\*1]** Plaintiff's motion to compel discovery granted in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insurer moved to compel defendants to respond to certain discovery requests under Fed. R. Civ. P. 37(a)(2)(B) and (d). The insurer sought an order compelling defendants to respond to the insurer's 2004 interrogatories and documents requests within 10 days. The insurer also requested its fees and expenses in connection with filing the motion. Defendants filed no opposition to the insurer's motion.

**OVERVIEW:** Defendants provided the court with no explanation as to their failure to respond to the insurer's interrogatories and document requests. Therefore, the only proper course was to grant the insurer's motion and find that an award of fees and expenses incurred in bringing the motion was properly granted to the insurer under Fed. R. Civ. P. 37(a)(4)(A). The court took the opportunity to strongly caution defendants that their behavior to date in the litigation was pushing the court closer to issuing sanctions. Defendants had repeatedly defied court orders and already had a default judgment entered against them. In fact, in vacating the default, the court ordered defendants to file an answer to the insurer's complaint within twenty days; however, no answer had been filed. Given the history of defendants' non-compliance with the orders of the court, and defendants' failure to oppose the instant motion, the court notified defendants that further non-compliance would put them in danger that the court would enter default judgment against them, again.

**OUTCOME:** The insurer's motion to compel was granted in part. The insurer was awarded its fees and expenses in connection with its motion. Defendants were ordered to respond to the insurer's interrogatories and documents requests within twenty days of the order.

**CORE TERMS:** interrogatory, discovery, default judgment, reasonable fees, non-

compliance, harsh, entry of default, instant motion, non-responsive, movant, compel discovery, motion to compel discovery, failure to respond, expenses incurred, failure to comply, motion to compel, defense counsel, issuing, caution, confer, expose, oppose

### LexisNexis(R) Headnotes

Civil Procedure > Discovery > Methods > Requests for Production & Inspection
Civil Procedure > Discovery > Misconduct
Civil Procedure > Discovery > Motions to Compel
[HN1] Under Fed. R. Civ. P. 37, a party may move for an order to compel discovery when it has received no response to its interrogatory and document requests, provided movant has in good faith conferred or attempted to confer with the opposing party in an attempt to secure the sought responses. Fed. R. Civ. P. 37(a)(2)(B). Rule 37 also allows the court to impose sanctions on the non-responsive party. Fed. R. Civ. P. 37(a)(4). An award of reasonable fees incurred in bringing a motion to compel discovery is the least harsh of all the sanctions allowed under Rule 37. In fact, Rule 37 states that the court "shall" award reasonable fees to the movant if the motion to compel is granted, so long as a good faith attempt to confer with the non-responsive party is shown. Fed. R. Civ. P. 37(a)(4)(A). Moreover, non-compliance with an order compelling discovery may expose the disobedient party and that party's counsel to liability on all costs incurred due to the failure to comply with the order. Fed. R. Civ. P. 37(d).

Civil Procedure > Parties > Self-Representation > Sanctions
Civil Procedure > Discovery > Misconduct
Civil Procedure > Pretrial Judgments > General Overview
[HN2] A party's failure to respond to movant's document and interrogatory requests justifies the trial court in issuing a harsh punishment by striking all of defendants' answers and defenses. Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(B). Further, a party's continued silence in this regard allows the court to enter default judgment against the non-responsive party. Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(C). The district court's imposition of sanctions pursuant to Fed. R. Civ. P. 37 is reviewed for an abuse of discretion.

**COUNSEL:** For AETNA Life Insurance Company, Plaintiff: Alexander Tripp, Eaton & VanWinkle, LLP, New York, NY.

**JUDGES:** Peter K. Leisure, U.S.D.J.

**OPINION BY:** Peter K. Leisure

**OPINION: MEMORANDUM ORDER**

**LEISURE, District Judge:**

After an arduous procedural history, this Court now considers plaintiff's motion to compel defendants to respond to discovery requests, pursuant to Federal Rules of Civil Procedure 37(a)(2)(B) and 37(d). The facts and history of this case are set out in this Court's October 25, 2004 Opinion and Order granting defendants' motion to vacate default judgment, familiarity with which is assumed. Plaintiff instantly moves the Court to compel defendants to respond to plaintiff's November 9, 2004 interrogatories and document requests. Sometime between November 9, 2004 and December 16, 2004, plaintiff's counsel,

Alexander Tripp, Esq., contacted defense counsel, Donald J. Neidhart, Esq., to request prompt responses to plaintiff's discovery requests. (Affidavit of Alexander Tripp, Esq., in Support **[*2]** of Plaintiff's Motion to Compel Discovery ("Tripp Aff.") P4.) However, Mr. Neidhart stated that he could not supply responses to the discovery requests because he was unable to locate his client. (Id.) Plaintiff herein seeks an order compelling discovery within ten days. (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery Responses and for Sanctions ("Pl.'s Mem."), at 1.) If defendants fail to respond, plaintiff requests that this Court strike all of defendants' answers and defenses with prejudice, and enter judgment against them in this matter. (Id.) Plaintiff also requests all reasonable fees and expenses incurred in the filing of the instant motion. (Id.) Defendants have filed no opposition to plaintiff's motion, though defendants' time to oppose has passed; nor has the Court received any motion for protective order or an extension of time to respond.

**HN1** ⬆Under Rule 37, a party may move for an order to compel discovery when it has received no response to its interrogatory and document requests, provided movant "has in good faith conferred or attempted to confer" with the opposing party in an attempt to secure the sought responses. See **[*3]** Fed. R. Civ. P. 37(a)(2)(B). Rule 37 also allows the Court to impose sanctions on the non-responsive party. 37(a)(4). An award of reasonable fees incurred in bringing a motion to compel discovery is the least harsh of all the sanctions allowed under Rule 37. In fact, Rule 37 states that the court "shall" award reasonable fees to the movant if the motion to compel is granted, so long as a good faith attempt to confer with the non-responsive party is shown. 37(a)(4)(A). Moreover, non-compliance with an order compelling discovery may expose the disobedient party and that party's counsel to liability on all costs incurred due to the failure to comply with the order. 37(d).

**HN2** ⬆A party's failure to respond to movant's document and interrogatory requests justifies the trial court in issuing a harsh punishment by striking all of defendants' answers and defenses. 37(d); 37(b)(2)(B); see, e.g., Textil RV LtdA v. Italuomo, Inc., No. 92 Civ. 526, 1994 U.S. Dist. LEXIS 1542 (S.D.N.Y. Feb. 17, 1994) (Leisure, J.) (finding that, based on the record of repeated abuses, harsh sanctions were proper). Further, a party's continued silence in this regard **[*4]** allows the court to enter default judgment against the non-responsive party. Fed. R. Civ. P. 37(d); 37(b)(2)(C); see MCI Worldcom, Inc. v. Levin, 31 Fed. Appx. 757, 757-758 (2d Cir. 2002) (affirming entry of default against pro se litigant after the litigant repeatedly ignored the District Court's warning that failure to comply with court orders could result in sanctions, including entry of default judgment). The District Court's imposition of sanctions pursuant to Rule 37 is reviewed for an abuse of discretion. See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852 (2d Cir. 1995); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990), cert. denied, 499 U.S. 943 (1991).

Defendants have provided the Court with no explanation as to their failure to respond to plaintiff's interrogatories and document requests. Therefore, the only proper course is to grant plaintiff's instant motion and find that an award of fees and expenses incurred in bringing this motion is properly granted to plaintiff under Rule 37(a)(4)(A). **[*5]** Further, the Court wishes to take the opportunity to strongly caution defendants that their behavior to date in this litigation is pushing the Court closer to issuing sanctions. Defendants have repeatedly defied Court Orders and already had a default judgment entered against them. Order Entering Default Judgment against Defendants, dated January 22, 2004. In fact, in vacating the default, this Court ordered defendants to file an Answer to plaintiff's complaint within twenty days, however no answer has been filed. See Opinion and Order Vacating Default Judgment, dated October 25, 2004. Given the history of defendants' non-compliance with the Orders of this Court, and defendants' failure to oppose the instant motion, the

Court notifies the defendants that further non-compliance puts them in danger that the Court will enter default judgment against them, again. However, because this is an extremely harsh sanction, and plaintiff served its discovery request on November 9, 2004, contacting defense counsel only once in the interim, the Court will not order sanctions at this time. Finally, the Court will allow defendants twenty days to comply with this Order Compelling Discovery, instead **[*6]** of the requested ten days.

Therefore, plaintiff's motion to compel discovery pursuant to Rules 37(a)(2)(B) and 37(d) is hereby GRANTED IN PART. Plaintiff is awarded reasonable fees and expenses in connection with the instant motion and defendants are ORDERED to respond to plaintiff's November 9, 2004 interrogatories and document requests within TWENTY (20) DAYS of this Order. The Court strongly cautions defendants that non-compliance with the instant Order may expose them to an entry of default judgment, pursuant to Rule 37(d).

**SO ORDERED.**
**New York, New York**

January 26, 2005

Peter K. Leisure

U.S.D.J.