IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson,<br><br>                        Plaintiffs,<br><br>vs.<br><br>Philip Smith,<br><br>                        Defendant. | Civil Action No. 6:06-0109-HMH-WMC<br><br>**O R D E R** |

       This matter is before the court on the plaintiffs' motion to compel (doc. 104). The plaintiffs are represented by counsel, and the defendant is proceeding *pro se*.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       In their complaint against the defendant, the plaintiffs alleged causes of action for violation of the Lanham Act, defamation, and invasion of privacy. The plaintiffs sought injunctive relief and damages. On April 10, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, denied the plaintiffs' motion for preliminary injunction, finding that the defendant's use of BidZirk's trademark was in the context of news reporting or news commentary, and thus the plaintiffs were not entitled to injunctive relief under the Lanham Act. The plaintiffs appealed that order to the United States Court of Appeals for the Fourth Circuit, and on March 6, 2007, the Fourth Circuit affirmed the district court. The defendant alleged several counterclaims, which were dismissed by order of Judge Herlong on November 7, 2006.

       In a status hearing held before this court on May 2, 2007, the defendant was given three days in which to file his responses to requests for admission served upon him

by the plaintiffs on July 28, 2006. This court reminded the defendant that he is to abide by the Federal Rules of Civil Procedure and the deadlines imposed by the court. By e-mail dated May 4, 2007, this court was notified by the defendant that he mailed his responses to the discovery requests to the plaintiffs on that date. According to the plaintiffs, the defendant's responses to discovery were inadequate, and plaintiffs' counsel wrote the defendant on May 14, 2007, requesting complete responses to several discovery requests. On May 15, 2007, the defendant responded to the plaintiffs by e-mail, stating that the plaintiffs should "[g]o ahead and submit to the court that I am refusing to answer anything further" (pl. m. to compel, ex. 6). On June 4, 2007, the plaintiffs filed the instant motion to compel.

This court has reviewed the discovery requests to which the plaintiffs seek further response from the defendant. As stated above, the only claims in this action are for trademark dilution, defamation, and invasion of privacy. This court finds that several of the plaintiffs' discovery requests are irrelevant, vague, overly broad, and unduly burdensome. Specifically, Interrogatory 3, which seeks "all documents that relate in any manner to any fact related to this action," is overly broad and vague. Interrogatory 5, which seeks details about the items the defendant auctioned through BidZirk, does not appear to be relevant to any claim in this action. Interrogatory 13, which seeks identification of "all documents . . . created or maintained through out the course of . . . dealings with BidZirk" is vague, overly broad, and unduly burdensome. Request for Production 3, which requests photographs of items the defendant consigned with BidZirk, does not appear to be related to any claim in this action. Request for Production 7, which seeks the "data contents" of the defendant's computer, is clearly overly broad and unduly burdensome. Request for Production 8, which requests correspondence between the plaintiff and "any individual with legal training" with whom the plaintiff has communicated regarding this action, is also overly broad. Further, two of the discovery requests appear to have been made for no other purpose than to

antagonize and embarrass the defendant. Specifically, the plaintiffs requested that the defendant produce a copy "of any document that evidences your graduation from high school" (Request for Production 5), and that the defendant admit that he believes himself "to be a person of superior intelligence" (Request for Admission 28).

The plaintiffs' motion to compel is denied as to the foregoing discovery requests. The defendant is ordered to provide specific and complete responses to Interrogatories 2, 4, 6, 9, and 14, Requests for Production 1 and 2, and Requests to Admit 14, 15, 17, and 18. The responses shall be provided to the plaintiffs no later than August 28, 2007. The plaintiffs' request for sanctions is denied at this time. However, the failure of the defendant to comply with this order will result in sanctions.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

August 9, 2007

Greenville, South Carolina