IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP RUSS SMITH, | ) ) | RESPONSE TO DEFENDANT'S "REQUEST FOR EXTENSION FOR |
| Defendant. | ) | RESPONSE" AND MOTION FOR HEARING |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III and Jill Patterson, Plaintiffs in the above-captioned action, and file this their response to Defendant's "Request for Extension for Response" and Motion for Hearing, and show the Court as follows:

## INTRODUCTION

On June 4, 2007, Plaintiffs filed their motion to compel discovery and for sanctions. See Doc. 104. Defendant never responded to this motion. On August 9, 2007, the Court entered an order (Doc. 112) granting in part and denying in part Plaintiff's motion. Defendant was ordered to respond to certain enumerated interrogatories, document requests and requests for admission. Id. The Court's order provided specifically that "The responses shall be provided to the plaintiffs no later than August 28, 2007. The plaintiffs' request for sanctions is denied at this time. However, the failure of the defendant to comply with this order will result in sanctions." Id.

Defendant served no discovery responses on or before August 28. Instead, on August 29, Defendant filed a motion seeking an extension of time through September 15 in which to provide the responses previously ordered by the Court. See Doc. 114. Defendant's moving papers contend that he was unable to compile the information as ordered, within the nearly three weeks provided, because he lacked the "time, patience [and] ability" to comply with the Court's order. Id. In yet another nearly unintelligible submission to the Court, Defendant further contends that: (1) the "strict and short deadline" imposed by the Court for compliance with its order did not allow defendant to consult with his "EFF attorney," which individual(s) have entered no appearance in this action; (2) the Court failed in its order to address why all of Plaintiffs' discovery requests were not unduly burdensome, harassing or irrelevant; (3) Plaintiffs should "CLARIFY and RESTATE" their discovery requests, and that the Court "erred in his submission requests" in ordering Defendant to respond to Plaintiffs' discovery requests; and (4) he has already given Plaintiffs enough information, "through deposition and previous submittal." See Doc. 114, p. 2.

Defendant also requests a hearing, to determine the following "issues": (1) how Plaintiffs "expect to receive a judgment" when Defendant's expenses allegedly exceed his income; (2) why the Court has not "confronted counsel on the validity of anything stated in my article," seeming to ignore the pending trial in this action; (3) whether the Court has a response to a remark evidently made to Defendant by "EFF counsel" that "Herlong firm is getting preferential good ole boy treatment" from the Court in this action; and (4) how Defendant "is suppose [sic] to get a fair trial without access to evidence and means to properly prepare for questions that may

2

be asked of me in court." See Doc. 114, p. 3.  For the reasons which follow, Defendant's motion should be denied, and sanctions should be imposed at this time.

## ARGUMENT

Local Rule 6.01, dealing with extensions of time, provides, in pertinent part:

> Any application, including a proposed consent order, for enlargement or shortening of time (except as otherwise allowed by consent under Local Civil Rules 12.01, 29.01, and 37.01) must be accompanied by an affidavit or other statement giving the reasons therefor.
>
> Motions for extension should also include the following information: (1) the date of the current deadline; (2) whether the deadline has previously been extended; (3) the number of additional days requested, as well as the proposed date of the new deadline; and (4) whether the extension requested would affect other deadlines.

Defendant's statement that he lacked the "time, patience, or ability" to comply with the Court's order does not satisfy Rule 6.01's requirement of a "statement or affidavit" concerning the necessity of the extension.  In addition, Defendant's motion includes none of the four items referenced in Rule 6.01 as information to include in a properly-prepared motion for extension of time.

Defendant's argument that he was not afforded an opportunity to consult with "EFF attorney assistance" should be ignored.  While Defendant contends that the Court's deadline for compliance with the order was "strict and short," Plaintiffs' discovery requests have been pending for over one year.  The time allowed by the Court, 19 days, was more than adequate to permit Defendant fully to respond to discovery as ordered.  Defendant's apparent effort to revisit the issues presented in Plaintiffs' motion to compel, and already ruled upon by the Court, should

3

also be ignored. Defendant did not seek reconsideration of the Court's order or otherwise object to any of the order's provisions, until the deadline imposed by the Court <u>had already passed</u>. Defendant's request that Plaintiffs "clarify and restate" their 12-month old discovery requests bespeaks a failure even to consider the issue of compliance with the Court's order until after the August 28 deadline came and went. There exists no basis for further clarification or paring down of discovery requests in this case; the Court has already expended an obvious and considerable effort to do so. Defendant's post-11th hour effort simply to escape his obligations should be rejected.

Defendant's request for a hearing should also be rejected. Plaintiffs' claims are not for mere money judgments – while a preliminary injunction was denied, at trial the same issues must be determined on a permanent basis. Plaintiffs seek to enjoin Defendant's future use of BidZirk's trademarks, as well as damages for infringement, defamation and invasion of privacy. That Defendant may be without attachable assets now does not mean that he always will be so bereft.

Defendant's remark that "Herlong firm is getting preferential good ole boy treatment" from the Court is scandalous, impugns the Court's performance of its duty, and is worthy of rebuke. That Defendant would suggest less than impartial treatment by the Court, and request from the Court a post-deadline extension of time in the same breath, is chutzpah at its zenith.[1]

---

[1] Defendant has repeatedly been advised by counsel that Plaintiffs' attorneys in this action, K.M. Elwell, P.C., are not affiliated with William Herlong or his law firm. K.M. Elwell, P.C. leases office space from Anderson & Herlong, LLC, but your writer is not in partnership with either William Herlong or Scott Anderson, and neither of those attorneys has been retained by Plaintiffs in this case.

4

Finally, Defendant's query concerning how Defendant "is suppose [sic] to get a fair trial without access to evidence and means to properly prepare for questions that may be asked of me in court" should be ignored for the simple reason that it is nonsensical. Defendant has not been denied access to evidence, and has not been restricted in any manner in his ability to prepare for trial. The Court need waste no time attempting to answer these "questions" posed by Defendant.

## **CONCLUSION**

The Court's order on Plaintiffs' motion to compel and for sanctions provided a hard deadline, which Defendant failed to meet. Defendant sought no extension of time prior to August 28, and his motion seeking additional time after that deadline has passed is full of snide suggestions that the Court has erred, failed properly to review the discovery requests before it, and given preferential treatment to Plaintiffs' and their attorneys throughout this case. These contentions are all as ludicrous as they are disrespectful.

Defendant has failed to show the Court good cause to grant any relief in this instance. Plaintiffs pray that the Court (1) deny Defendant's motion for an extension of time to respond to the Court's August 9 order; (2) strike those portions of Defendant's motion that are impertinent to the Court; (3) deny Defendant's request for hearing; and (4) impose the sanctions referenced in the Court's August 9 order for Defendant's failure to comply.

This 29th day of August, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON,   )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>PHILIP J. SMITH,   )<br>)<br>Defendant.   )<br>_____) | Civil Action No. 6:06-CV-109-HMH<br><br>CERTIFICATE OF SERVICE |

This is to certify that I have this day served a copy of the foregoing RESPONSE TO DEFENDANT'S "REQUEST FOR EXTENSION TO RESPOND" AND MOTION FOR HEARING upon the following parties by depositing same in the United States Mail in a properly-addressed envelope with adequate postage affixed to:

Philip J. Smith
601 Cleveland Street
Apartment 5-C
Greenville, South Carolina 29601

This 29th day of August, 2006.

/s/ Kevin M. Elwell
_____
KEVIN M. ELWELL
USDC Bar No. 9706

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson