by the plaintiffs on July 28, 2006. This court reminded the defendant that he is to abide by the Federal Rules of Civil Procedure and the deadlines imposed by the court. By e-mail dated May 4, 2007, this court was notified by the defendant that he mailed his responses to the discovery requests to the plaintiffs on that date. According to the plaintiffs, the defendant's responses to discovery were inadequate, and plaintiffs' counsel wrote the defendant on May 14, 2007, requesting complete responses to several discovery requests. On May 15, 2007, the defendant responded to the plaintiffs by e-mail, stating that the plaintiffs should "[g]o ahead and submit to the court that I am refusing to answer anything further" (pl. m. to compel, ex. 6). On June 4, 2007, the plaintiffs filed the instant motion to compel.

This court has reviewed the discovery requests to which the plaintiffs seek further response from the defendant. As stated above, the only claims in this action are for trademark dilution, defamation, and invasion of privacy. <u>This court finds that several of the plaintiffs' discovery requests are irrelevant, vague, overly broad, and unduly burdensome</u>. Specifically, interrogatory 3, which seeks "all documents that relate in any manner to any fact related to this action," is <u>overly broad and vague</u>. Interrogatory 5, which seeks details about the items the defendant auctioned through BidZirk, <u>does not appear to be relevant to any claim in this action</u>. Interrogatory 13, which seeks identification of "all documents . . . created or maintained through out the course of . . . dealings with BidZirk" <u>is vague, overly broad, and unduly burdensome</u>. Request for Production 3, which requests photographs of items the defendant consigned with BidZirk, <u>does not appear to be related to any claim in this action</u>. Request for Production 7, which seeks the "data contents" of the defendant's computer, <u>is clearly overly broad and unduly burdensome</u>. Request for Production 8, which requests correspondence between the plaintiff and "any individual with legal training" with whom the plaintiff has communicated regarding this action, <u>is also overly broad</u>. Further, <u>two of the discovery requests</u> appear to have been made for no other purpose than to

2