RECEIVED
USDC CLERK, GREENVILLE, SC

2007 SEP 26  P 4: 21

**Bidzirk, LLC Daniel Schmidt III & Jill Patterson**

                                    **Plaintiffs**

**VS**

**Philip J Smith**

                                    **Defendant**

**Civil Action #**
**6:06-0109-HMH-WMC**

**Defendant memorandum for summary judgement**

I philip smith hereby confirm a formal request for Judge Herlong to grant a summary judgement in favor of the Defendant. I also hereby request that sanctions be placed on attorney Kevin Elwell and clients Ty Schmidt and Jill Patterson for gross misconduct and blatant disregard for court procedure.



09/20/07

**This is the summary judgement memorandum that the Honorable Judge Herlong stated that I could submit:**

From Eric Goldman's Blog. (A prominent Internet Law attorney in California, who I have revealed all evidence, paperwork, and briefs to concerning this case)
I have provided my own notes in bold:

"In response to this gripe post, BidZirk sued Smith for Lanham Act violations, defamation and invasion of privacy. Smith fought back with unspecified counterclaims. At a March 16 hearing, Smith promised to remove all but one of BidZirk's logos. On April 10, the judge denied BidZirk a motion for a preliminary injunction because Smith's use of the trademarks was for news reporting and commentary (which isn't actionable under trademark law). BidZirk has appealed the denial of the preliminary injunction to the Fourth Circuit Court of Appeals."

**[Note that Smith only made these concessions as a good faith gesture and was not required to or asked to remove the additional logos by the court]**

**[ Note: Smith prevailed in injunction appeal to 4th Circuit. Plaintiff attorney still contends a copyright issue in this suit although it is now irrelevant ]**

"In the Nov. 7 ruling, the judge evaluates BidZirk's motion to dismiss Smith's counterclaims for lack of federal subject matter jurisdiction. Smith's counterclaims relate to his experiences with BidZirk and their dealings in litigation, neither of which the court felt were close enough to BidZirk's claims over the blog post to mandate consolidation, and there was insufficient basis to support federal jurisdiction otherwise. Presumably, Smith can refile his claims against BidZirk in an appropriate state court."

**[Note that all of Bidzirk's claims beyond the Copyright/Srvice Mark claim were pendant and should thusly be dropped and Bidzirk required to refile in State Court as Smith was]**

"Putting aside the procedural technicalities, I'm still stuck on why the plaintiff brought this lawsuit in the first place. Smith posted a very idiosyncratic story to a relatively low-profile blog about a small eBay reseller with 3 storefronts in South Carolina. As a result, I assume that very few people would notice the post, let alone be

*influenced by it. The lawsuit just escalates the attention paid to the post. Meanwhile, I haven't been able to work through all of the facts, but on its face the trademark claim appears pretty bogus, and the defamation and invasion of privacy claims could be as well. So I have an especially difficult time understanding how this lawsuit is economically rational. Finally, given the website modifications that Smith has already made, I can't figure out why BidZirk thinks that a preliminary injunction is worth pursuing all the way to the Fourth Circuit."*

**[Note that Bidzirk no longer operates in Greenville County due to lack of revenue. It has been my contention that this whole business is a tax shelter]**

**[Also note that the eBay Dropoff chain iSoldit has failed at a local level and it's Franchise CEO potentially is facing franchise fraud charges ( see http://www.amitheonlyone.org ) ]**

*Of course, there is always the possibility that this lawsuit is not about the merits and instead is just an abusive effort to punish a blogger for speaking out.... In any case, the seeming illogic of this lawsuit illustrates why there are comparatively few blog-related lawsuits. Most of the time, it just doesn't make sense to sue over a blog post.*

_____CASE STUDY_____

**Bynog v. SL Green Realty Corp.**, 97 Fair Empl. Prac. Cas. (BNA) 709 (2005) resulted in Plaintiff's failure to get an injunction to stop the blogger from making statements on his website because the Plaintiff could not show irreparable harm.

_____

This litigation STOPPED me from selling my condo as the Plaintiff attorney threatened attaching any asset that I had from the beginning. I was constantly threatened and harassed about selling my condominium.

The following email was sent to me from Kevin Elwell Plaintiff Attorney on May 3 2006:

*You have already been in possession of these requests for over 200 days, and the allowed response time under the rules is 30 days.*

*You have no absolute right to 'pour over' the proceeds of the sale of real property into another residence, simply because you work from home. If judgment is taken against you, proceeds from the sale of your residence are subject to execution.*

Not only is this untrue, but this email was sent the day after Judge Catoe FURIOUSLY reprimanded the Plaintiff attorney for not following Rule 11 Court procedure by jumping ahead to the punitive stage of the trial without any merit or precedent to do so.

I therefore claim the following:
The housing market in Greenville SC has since deteriorated since this action was brought against me. I just finished coming close to a closing until the buyer saw the *lis pendens* (eventhough now removed) when doing Title Research. His attorney recommended that he forfeit his earnest money of $300 and find another residence to purchase I was unable to obtain a statement from the buyer's attorney in such a short

period of time. BUT, I can have affidavits submitted that I was in fact moving out and was fully ready to sell and be out by closing on Oct 15 2007.

This litigation was initiated in January 2006. My condo was placed for sale in November 2005. I had several interested parties. I took my condominium off the market to potentially have as an euity asset to obtain a loan if needed for attorney retainer.

My condo payment is $550/monthly x 21 months of this litigation = $11,550.00
My regime fee is $135/monthly x 21 months of this litigation = $2185.00
My HomeOwner's Association assessed $135.00 in August of 2007
My insurance is $155 yearly x 1.75 years = $271.25
My taxes are $460 yearly x 1.75 years = 805.00

------------------------------------

Total $14,946.25

This is the total that I do not feel I would have had to pay out due to this litigation. A COURT ORDERED REMOVAL of the *lis pendens* was made.

Furthermore, I feel I am owed full proceeds from my contract consignment with Bidzirk as the contract states that I will agree to mediation in all disputes. NO MEDIATION took place at ANY time during this litigation. Bidzirk should be required to submit the total revenue received from my consignments and be ordered to return all of the revenue received due to the gross breach of contract and because this litigation has drained ALL proceeds I received from them.

My total expenses for paperwork, attorney, and travel are as follows:

(10) Certified Mailings & Postage Related Costs: Total $54.31

(8) Envelopes $8.40

(1) Travel (2X) to Charleston SC to speak with EFF Consultation Attorney x .30 cents a mile = $286.80

(1) Consulatation with Jim Carpenter (Carpenter Law Firm) $300

(1) Consultation with David Wyatt (Attorney for OMG Greenville) $100 trade for computer repair

The Honorable Judge Herlong said I could make ANY notes in my memorandum for possible sanctions. I therefore put forth the following:

- I walked out of the first deposition after being being physically threatened. The opposing attorney refused to move on after asking me who my customers were by name. I refused to tell him and he stopped the FILMING and COURT RECORDER and hulked over me threatening me calling me a "punk". During both depositions the Plaintiff attorney and Ty Schmidt would laugh after they asked me a harassing question. The SC bar has informed me that this was irresponsible and unquestionably improper for the attorney to do so. It is my contention that the Plaintiff attorney planned that I would leave the deposition to put me in a "not so favorable light" with the court and compel further testimony.

-In the second ~~the second~~ deposition, the Plaintiff attorney stated as his final question, paraphrased, "You say that this matter has depressed you, are you sure you are not depressed because you are 32, unmarried, have no children, no career, live in a rundown condo, and have a junk title car?" The plaintiff and his client smiled and Ty

Schmidt even laughed in a raspy, shoulder moving laugh. Again, the SC bar has informed me that this was irresponsible and unquestionably improper for the attorney to do so.

- The plaintiff attorney refused to send me certified mail. I was traveling a lot and without certified mail, I was unable to know (at first) what was serious and what was not. Also, without certified mail or some sort of proof of delivery, how was the Plaintiff attorney to prove I had received any of his paperwork. Furthermore, Plaintiff attorney claimed multiple hand deliveries. I received one hand delivery in person and saw NO ONE physically after that point.

- I was followed for around a week or maybe more. The Plaintiff attorney put a private investigator on me. What precedent or purpose for? This made me VERY paranoid about the lengths to which this attorney was going to go and scared many of my friends.

- The Plaintiff attorney forced me to reveal trade secret information regarding an invention of mine and also forced me to reveal many of my clients personal information. One subject of a completely unrelated article that I posted was contacted

and prompted to say something bad about me. Instead, he contacted me and I posted his letter on my website [see attached]

- The Plaintiff attorney insinuated during deposition that I could not leave the state, nor did I have the financial means to travel. I wasn't sure at the time ... so I cancelled a planned business trip to california to promote my invention and attend a very important Apple Computer conference and event that I have been attending for the last 7 years.

-The Plaintiff attorney purposely prolonged the depositions and therefore exponentially the expenses of obtaining records of my testimony from the Court Recorder and from the Videographer. I was unable to afford my own testimony for examination.

- I was under the impression due to Judge Catoe's order that the entire trial was on hold while the Federal Appeals court was examining the "Preliminary Injunction". I therefore missed and was subsequently denied my right to discovery, admission, and interrogatory. I feel that if a trial were to come to about I would be at a strong disadvantage without this information. I am Pro Se and trying as hard as I can, but this was an honest misunderstanding.

- I would like to make note of two comments from Judge Catoe's Order (Entry #112)

*"This court finds several of the plaintiff's requests are irrelevant, vague, overly broad, and unduly burdensome"*

*"Two of the discovery requests appear to have been made for no other purpose than to antagonize and embarrass the defendant"*

These unduly burdensome, irrelevant, and embarrassing/antagonizing requests (and their belligerent and disrespectful insistence in the court for compelled submission) total 11.

One discovery request asked for the entire contents of my hard drive for examination. (Not just Bidzirk information which accounts for less than half a percent of the space on my computer.)

- If this court granted ANY claim or ANY motion the opposing attorney is asking for ... it would set a very dangerous precedent and could prompt 10's of 1000's of lawsuits and possibly be used to revisit and overturn many decisions.

- In an amusing fashion, the ONLY handwritten documentation submitted in this case by the Plaintiff was to the FEDERAL COURT of Appeals. I showed this to 4 separate attorneys; each one laughed. This handwritten submission GREATLY slowed the process of decision for the appeal and was actually a few days late in receipt. [see attached] Please also note that Plaintiff attorney (possibly intentionally) did not put my correct address. I live in 5C not 5B, My name is spelled with (1) L not two ... my neighbor's name is also Phillip (spelled with 2 L's)

- None of the expenses listed are punitive or account for the lost time and potential lost opportunity to act on several of my business ventures.