

Kevin M. Elwell
Attorney at Law
• admitted in •
South Carolina, Georgia and North Carolina

2 May 2007

VIA ELECTRONIC MAIL
Hon. Wm. M. Catoe
U.S. Magistrate Judge
PO Box 10262
Greenville, South Carolina 29603

      RE:   *BidZirk LLC v. Smith*
            United States District Court for the District of South Carolina,
            Greenville Division
            Civil Action No. 6:06-CV-00109-HMH (WMC)

Dear Judge Catoe:

Please allow this correspondence to serve as Plaintiffs' submission of authority regarding the filing of a notice of *lis pendens*, per the Court's order of May 2, 2007. Authority for the filing of a *lis pendens* notice is found in S.C. Code § 15-11-20. A notice of *lis pendens* is intended to provide third parties notice that title to real property may be affected by pending litigation. The notice of *lis pendens* in this case was filed October 23, 2006, by which time Defendant had already been served with requests for admission, and had failed to respond. *See* discovery requests, attached. Accordingly, Defendant was, by the time of his first deposition (September 14, 2006) already subject to judgment for the same reasons outlined in Plaintiff's motion for summary judgment (Doc. 72), which was filed January 15, 2007. On October 26, 2006, Defendant filed a motion which, *inter alia*, requested that Defendant's notice of *lis pendens* be stricken (Doc. 66). This motion was denied as moot per the Court's docket entry of May 2, 2007.

At the time the *lis pendens* notice was filed, Plaintiffs were already entitled to judgment as a matter of law. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Defendant testified at deposition that he intended to sell his condominium. *See* deposition pages, attached. He has in fact attempted to sell the home twice during the pendency of this case, per his admission during today's hearing. The condominium is substantially Defendant's only salable asset. Plaintiffs contend that, under the circumstances presented at the time of filing (including their legal entitlement to judgment), the instant action was one "affecting the title to real property," and that a *lis pendens* was appropriate. *See, e.g., Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 17-8 (S.C. App. 2002) (describing propriety of *lis pendens* notice generally).

Further, the notice itself is drafted in such a way that potential purchasers of Defendant's property would be aware that the property may be subject to execution to satisfy a civil judgment, rather than stating that the property's title itself was clouded due to a dispute about its ownership, fraudulent conveyance, etc. The notice provides that "[t]he purpose of the action is to recover damages for defamation and invasion of privacy, and to enjoin the defendant's infringement of trademarks belonging to BidZirk,

K.M. Elwell, P.C.                                              **Office:** 864.232.8060
111 East North Street                                    **Mobile:** 404.388.0485
Greenville, SC 29601                               **Facsimile:** 404.759.2124
www.kmelwell.com                                  kmelwell@kmelwell.com

Dockets.Justia.com

LLC." *See* notice, attached. A third party reading this notice could not reasonably presume that Plaintiffs, or any of them, asserted an ownership interest in the property prior to the execution of a judgment.

Mr. Schmidt and Ms. Patterson, the two plaintiffs in this action that are natural persons, are sensitive to the Court's weariness, considering Defendant's relative dearth of assets. But this case is not being pursued for nothing. Plaintiffs must first obtain a judgment in their case, and that objective does not lose value because Defendant likely could not pay a substantial judgment today. Defendant may be carrying a winning lottery ticket in his billfold right now; he might inherit a sum of money from a relative at some point in the future; he might accumulate enough assets to satisfy a judgment *in futuro* through his regular employment as a computer technician. What Plaintiffs seek presently is the right answer in response to their claims. If Defendant defamed them, invaded their privacy and infringed on BidZirk's trademarks, Plaintiffs should have judgment on those claims.

Plaintiffs will today provide to Defendant a settlement demand, which we hope will move the parties towards a speedy resolution. If the Court is willing to become involved in the negotiation process, we would welcome it. By copy of this correspondence, we request that Defendant provide some indication of his consent, if he is prepared to give it, for the Court to be privy to settlement demands and offers passing between the parties.

Also by copy of this correspondence, Plaintiffs provide Defendant with another copy of their discovery requests, which were originally served on July 28, 2006.

Finally, Plaintiffs must make one factual clarification. Defendant testified that his *grand*father, not his father, was a tax attorney. *See* deposition pages, attached. Defendant's father is a blueberry farmer, and so far as we know was not in a position to render legal advice to Defendant. I apologize personally for my faulty memory, and for any confusion generated thereby during today's hearing.

Plaintiffs will submit a proposed scheduling order under separate cover. In the meantime, if the Court has questions or concerns regarding any information contained herein, please do not hesitate to call.

Sincerely yours,

Kevin M. Elwell

Attachments
ec:     Mr. Daniel G. Schmidt, III
        Mr. Philip J. Smith
        (both w/ attachments)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
C.A. #6-06-CV-00109-HMH

BIDZIRK, LLC, DANIEL G.
SCHMIDT, III, AND JILL
PATTERSON,

    Plaintiffs

vs.

PHILIP J. SMITH,

    Defendant.

_____/



---

## VIDEOTAPED & STENOGRAPHIC

## DEPOSITION OF PHILIP J. SMITH

---

PURSUANT TO THE NOTICE OF DEPOSITION AND/OR

AGREEMENTS IN THE ABOVE-ENTITLED CASE, THE DEPOSITION OF

**PHILIP J. SMITH** WAS TAKEN ON THURSDAY, SEPTEMBER 14TH,

2006, COMMENCING AT 10:34 A.M. AT THE OFFICES OF KEVIN M.

ELWELL, ESQUIRE, 111 EAST NORTH STREET, GREENVILLE, SOUTH

CAROLINA.


*KAREN BELANGER*
*CERTIFIED VERBATIM REPORTER*

---

*FOOTHILLS COURT REPORTING*

---

*SERVING THE UPSTATE OF SOUTH CAROLINA*
*(864) 836-2290*

18

```
 1    Q.   IS THAT THE ONLY PLACE?

 2    A.   THOSE ARE THE TWO PLACES THAT I'VE LIVED IN

 3         GREENVILLE.

 4    Q.   WHAT ARE YOUR PLANS FOR THE CONDO THAT YOU OWN?

 5    A.   TO SELL IT.

 6    Q.   IS IT FOR SALE NOW?

 7    A.   SORT OF.  I MEAN I'M PITCHING IT PRIVATELY RIGHT

 8         NOW, BUT I'M FIXING IT UP TO GET RID OF IT.

 9    Q.   WHAT IS THE VALUE OF THE CONDO?

10    A.   THE TAX VALUE IS 42,000.

11    Q.   WHAT ARE YOU ASKING FOR IT?

12    A.   DON'T KNOW YET.  THEY'RE GOING ANYWHERE FROM

13         THIRTY TO FIFTY-FIVE.

14    Q.   DO YOU OWN IT CLEAR, OR DO YOU HAVE A MORTGAGE ON

15         THAT PROPERTY?

16    A.   I OWN IT CLEAR, BUT MY FATHER HAS ASSISTED FOR

17         WHICH I'M PAYING HIM BACK.

18    Q.   WHO'S ON THE DEED?

19    A.   ME.

20    Q.   JUST YOU?

21    A.   YES.

22    Q.   HOW MUCH DO YOU OWE YOUR FATHER?

23    A.   THIRTY-FIVE THOUSAND.

24    Q.   IS THAT EVIDENCED BY A PROMISSORY NOTE?

25    A.   YES.
```

```
1           YEAR?
2    A.     ROUGHLY 15.
3    Q.     AND HOW ABOUT THIS YEAR SO FAR?
4    A.     I CAN'T REALLY ESTIMATE THAT.  I DON'T KNOW,
5           BECAUSE WE'VE BEEN HANDLING THINGS DIFFERENTLY
6           SINCE THIS ISSUE DIDN'T COME THROUGH FOR US.
7    Q.     HOW ARE YOU HANDLING THINGS DIFFERENTLY?
8    A.     WE HAD CAPITAL TIED UP IN THIS INVENTORY.  AND
9           SINCE IT DIDN'T EVEN GET A FOURTH OF THE APPRAISED
10          VALUE, WE WERE NOT ABLE TO PURSUE OUR MATTERS.
11          AND SO WE'VE WORKED OUT THINGS KIND OF IN TRADE.
12          SO I CAN'T REALLY ESTIMATE THAT UNTIL TAXES COME
13          AROUND.
14   Q.     DO YOU HAVE AN ACCOUNTANT?
15   A.     NO, I DO NOT.
16   Q.     YOU DO YOUR OWN TAXES?
17   A.     MY GRANDFATHER WAS A TAX ATTORNEY.  MY FATHER IS A
18          VERY EXPERIENCED TAX PREPARER.  HE HAS BEEN
19          PREPARING MY TAXES FOR ALL OF MY LIFE.  AND MY
20          FATHER DOES SOME OF MY ACCOUNTING, NOT ALL OF IT.
21   Q.     WHO DOES THE REMAINDER OF YOUR ACCOUNTING?
22   A.     I DO.
23   Q.     DOES THE BUSINESS OWN ANY ASSETS IN ITS OWN NAME?
24   A.     NOT BESIDES LIQUID INVENTORY, NO.
25   Q.     WHAT ARE YOU REFERRING TO BY LIQUID INVENTORY?
```

*2006 OCT 23 P 1:36*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

*FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER*

|  |  |  |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) | NOTICE OF LIS PENDENS |
| Defendant. | ) | |

YOU ARE HEREBY NOTIFIED that the above-captioned action is pending in the United States District Court for the District of South Carolina against Philip J. Smith. The purpose of the action is to recover damages for defamation and invasion of privacy, and to enjoin the defendant's infringement of trademarks belonging to BidZirk, LLC. The property affected by this notice is 601 Cleveland Street, Apartment 5-C, Greenville, South Carolina 29601, located on Map No. 0067080103600 in the office of the Register of Deeds of Greenville County, South Carolina. Description and tax information is exhibited hereto.

WHEREFORE Plaintiffs advise and request the Clerk to record the instant Notice on the Court's lis pendens docket, that said Notice shall inform the public of the pendency of the above-captioned action.

**RECORDED IN BOOK** *03* **PAGE** *073*

This 23rd day of October, 2006.

KEVIN M. ELWELL
South Carolina Bar No. 73971

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

2

## Real Property Detail Information

**Select Another *Tax Year* :**    2006          View Map          View Image

| | |
|---|---|
| Map # 0067080103600 | Mail Addr 601 CLEVELAND ST APT 5C |
| Year 2006 | City GREENVILLE |
| Owner 1 SMITH PHILIP J | State SC |
| Owner 2 | Zip 29601 |
| Prev. Owner WERNER CHARLES M III | Desc 5C |
| Care Of | Loc 601 CLEVELAND ST |
| Acreage | SubDiv MCDANIEL HEIGHTS |

| | | |
|---|---|---|
| Deed Book-Pg 1921 - 10 | | Sq Footage 646 |
| Deed Date 08/10/2000 | Land Use 1100 | No Bldgs 1 |
| Will | HmstCd | Bldg Val $38,167 |
| Sales Price $48,500 | Storm $21.50 | Land Val $5,000 |
| Plat Book/ Pg | Num Bathrooms 1 | Total Val $43,167 |
| Dist 500 | Num Bedrooms 1 | Total Rollback $0.00 |
| Juris 1 | Num Half Baths 0 | Assmt Class LR |

| | | |
|---|---|---|
| Cur. Yr Taxes $445.87 | Acct.No 200600020801188001 | Date Paid |
| Amount Due $445.87 | | Amount Paid |

Pay Taxes Online          OFFICIAL PAYMENTS CORP

County Home Page    |    Real Property Search    |    Services    |    Legal Disclaimer

**Greenville County Government**    *online document viewer*

‹‹ Go to Page › [ 1 ] of 1 ›› |‹ ‹| 🔍 🔍 ↻ 🖨 📄 ? ✗

| SHEET NO. 67.8 | BLOCK NO. 1 | LOT NO. |
|---|---|---|
| LISTED | Cleveland Street | |
| DESCRIPTION | Unit#5C | McDaniel Heights Cond. |

| RECORD OF OWNERSHIP | DATE VOL., PAGE |
|---|---|
| | 11-20-78 |
| College Properties, Inc. | 1092-330 |
| 60%INT   40%INT | 9-27-79 |
| Moore, Otis P. & Walter B. | 1112-425 |
| | 10-26-79 |
| Herran, Vincent W. | 1114-335 |
| | 8-1-80 |
| Rodgers, Virginia M. | 1130-341 |
| | 06-29-90 |
| Sultan, Fatema | 1404-204 |
| | 04-16-91 |
| Dickson, Judy McCartt | 1432-756 |
| | 07-16-97 |
| Werner, Charles M., III | 1702-958 |
| | 08-10-2000 |
| Smith, Philip J. | 1921-10 |
| | |
| | |
| | |
| | |
| | |

PROPE[RTY]

2006 OCT 23 P 1: 36

IN THE UNITED STATES DISTRICT COURT
FILED-CLERK OF COURT
FOR THE DISTRICT OF SOUTH CAROLINA CO. S.C.
GREENVILLE DIVISION PAUL B. WICKENSIMER

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

This is to certify that I have this day served a copy of the foregoing NOTICE OF LIS

PENDENS upon the following parties by depositing same in the United States Mail in a

properly-addressed envelope with adequate postage affixed to:

Mr. Philip J. Smith
601 Cleveland Street
Apartment 5-C
Greenville, South Carolina 29601

This 23rd day of October, 2006.

KEVIN M. ELWELL
South Carolina Bar No. 73971

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,      )
III, and JILL PATTERSON,              )
                                      )
  Plaintiffs,               )
                                      )
v.                                    ) Civil Action No. 6:06-CV-00109-HMH
                                      )
                                      )
PHILIP J. SMITH,                      )
                                      ) REQUESTS FOR ADMISSION
  Defendant.                  )

_____

  COMES NOW BidZirk, LLC ("BidZirk"), Plaintiff in the above-captioned action and, pursuant to Fed. R. Civ. P. 36, propounds these requests for admission to Defendant:

1.

  Admit that you initiated business dealings with BidZirk in order that BidZirk would administer auctions of computer equipment on eBay.

2.

  Admit that you did not intend at the outset of your business dealings with BidZirk to post information on your blog concerning online auction listing companies.

3.

  Admit that you consigned numerous items with BidZirk in an effort to sell a large inventory of computer equipment.

4.

  Admit that BidZirk paid you all monies which were due and owing as a result of completed auctions administered by BidZirk.

5.

Admit that you publish a web log (or "blog") at www.jackwhispers.blogspot.com which is currently titled www.fixyourthinking.com.

6.

Admit that your blog includes numerous references to and advertisements for goods and services, and that these advertisements, when "clicked" by a visitor to your blog, send the visitor to a website specifically promoting the advertised good or service.

7.

Admit that beginning in December 2005, you promoted a pending series of blog postings concerning online auction listing companies.

8.

Admit that you published a four-part posting (the "posting") on your blog titled "You Gotta be Berserk to use an eBay Listing Company! "

9.

Admit that your purpose in publishing the posting was to injure and defame BidZirk and its principals.

10.

Admit that you defamed Daniel Schmidt in the posting.

11.

Admit that BidZirk was damaged by the posting.

12.

Admit that you offered to remove BidZirk's trademarks from the posting in return for a payment of $500.

13.

Admit that you reposted BidZirk's logo on your blog on December 29, 2005.

14.

Admit that you included a link to a story referencing Mr. Schmidt's and Ms. Patterson's marriage in your article, which included a photographic depiction of the likenesses of Mr. Schmidt and Ms. Patterson.

15.

Admit that you did not have the permission of Jill Patterson or Daniel Schmidt to link the posting to a photograph depicting them.

16.

Admit that you have posted, and continue to post, BidZirk's logo and trademarks on your blog.

17.

Admit that you received actual notice of BidZirk's claim of ownership and exclusive rights to the use of its trademarks, and thereafter have persisted in using BidZirk's trademarks on your blog, without the permission or consent of BidZirk.

18.

Admit that BidZirk is the only eBay listing company mentioned by name in the posting.

19.

Admit that you listed BidZirk on www.ripoffreport.com, claiming that BidZirk paid you less for auctioned items than you were due.

20.

Admit that you publish a website at www.kingkongwrong.blogspot.com that specifically protests against BidZirk and encourages others to do so.

21.

Admit that you posted and continue to post an item on your blog at www.fixyourthinking.com that alleges that BidZirk manipulated an internet search engine to exclude the posting from search results.

22.

Admit that you posted and continue to post a link to the item referenced in Request No. 21 on your website at www.kingkongwrong.blogspot.com.

23.

Admit that you lodged a complaint concerning BidZirk with the South Carolina Better Business Bureau.

24.

Admit that you commenced publication of a separate blog at www.kingkongwrong.blogspot.com for the sole purpose of inciting protests against BidZirk.

25.

Admit that you asserted counterclaims in this action for "causes of action" including tax fraud, breach of contract, and harassment.

26.

Admit that you issued threats to BidZirk and its counsel to involve the district attorney in some form of prosecution of BidZirk and its principals.

27.

Admit that you issued threats to picket BidZirk's store locations.

28.

Admit that you believe yourself to be a person of superior intelligence.

29.

Admit that you believe yourself to be a person of superior writing ability.

30.

Admit that you believe that BidZirk should not be in business.

This 28th day of July, 2006.

_____
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT,    )
III, and JILL PATTERSON,            )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )    Civil Action No. 6:06-CV-00109-HMH
                                    )
                                    )
PHILIP J. SMITH,                    )
                                    )    CERTIFICATE OF SERVICE
        Defendant.                  )
_____     )

        This is to certify that I have this day served the foregoing REQUESTS FOR

ADMISSION by hand delivery to:

                    Mr. Philip J. Smith
            601 Cleveland Street, Apartment 5-C
                Greenville, South Carolina 29601

        This 28th day of July, 2006.


                                    _____
                                    KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com               Attorneys for Plaintiffs BidZirk, LLC,
                                    Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) | REQUEST FOR PRODUCTION OF DOCUMENTS |
| Defendant. | ) | |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III, and Jill Paterson, Plaintiffs herein, and pursuant to Fed. R. Civ. P. 34 propound these requests for production of documents to Defendant Philip J. Smith. Defendant is required to answer fully in writing these requests within 30 days after service hereof. These requests are deemed continuing, and require supplemental answers if Defendant obtains additional responsive documents after service of responses.

DEFINITIONS

a. Document – as used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control, or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, taps, stenographic or handwritten notes, microfilm, bulletins,

circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records, tapes or other media, computer diskettes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or cop contains any commentary or notation whatsoever that does not appear on the original.

b. Person – as used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

c. Date – as used herein "date" shall mean the exact day, month and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

d. Communication – as used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally-conveyed meaning.

e. You – as used herein "you" shall mean the defendant responding to these requests, or any person or persons acting or purporting to act in any manner on any defendant's behalf.

f. Or – "or" is used herein exclusively in the conjunctive sense, and shall mean "and/or."

g. Illustrative material – as used herein, "illustrative material" shall mean any photograph, drawing, diagram, chart, model, film, videotape, print, lithograph, tape, computer program, or any other tangible thing which purports visually to recreate or document any fact relevant to any issue in this action, the date each item was made, the

person making each such item, the present location and custodian of each such item, and a description of what each item purports to illustrate.

      h. Identify – as used herein, "identify" when used in reference to (1) a person who is an individual, shall mean to state his or her full legal name, present or last known residence address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers; (2) a person who is a firm, partnership, corporation, proprietorship, association, financial institution or other organization or entity, shall mean to state its full legal name (including any trade names under which the entity does business or was formerly known) and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identify of its chief executive officer; (3) an oral communication, shall mean to state the date, subject matter, communicator, recipient, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; (4) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of persons known to have seen the document or to have received copies, its present location and custodian, and a description of the contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of the document to his responses hereto, specifying the particular interrogatory or request for production of documents to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response

to any interrogatory or request for production of documents was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances and any authorization for such disposition, and, if you know, the present location and custodian of such document.

i. State all facts – as used herein, "state all facts" shall mean to state all facts discoverable under the Federal Rules of Civil Procedure known to Defendant or his attorneys, to identify all persons having knowledge of such facts, and to identify all communication concerning or relating to such facts.  When used in reference to an allegation in the pleadings, "state all facts" shall include all facts negating, as well as supporting, an allegation.

j. Corporate name – when the name of a particular company is used, such use encompasses all names under which the pertinent company has functioned or operated.

INSTRUCTIONS

a. Objections based upon privilege – in the event that any information, document, or thing requested herein is withheld under a claim of privilege, provide the following information with respect to each such fact, document or thing: (1) the type of information, document or thing; its general subject matter; and the place and approximate date it was prepared or created; (2) the name and title of each person who also has the information, or prepared or created the document or thing and the name and title of each other person to whom such information has been related, or who has received or

examined the document or thing or a copy thereof; (3) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to apart of the information, document or thing withheld; and (4) the numbers of all interrogatories or subparts thereto to which the information, document or thing withheld would otherwise be responsive.

b. To the extent the information called for by these interrogatories and requests for production of documents is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

c. Documents no longer in your possession – if any document which you would have produced in response to any interrogatory or request for production of documents was but is no longer in your possession or subject to you control or is no longer in existence, state whether such document or thing is (1) missing or lost; (2) destroyed; (3) transferred to some other person, firm, corporation or entity; (4) otherwise disposed of and, in any such instance, set forth the surrounding circumstances and any authorization for such disposition, state the approximate date of any such disposition and, if known, also state the present location and custodian of each such document or thing.

<u>REQUESTS</u>

1.

Produce all documents identified in Defendant's responses to Plaintiffs' interrogatories.

5

2.

Produce any reports prepared by any testifying expert on behalf of Defendant.

3.

Produce all photographs or other depictions that show the actual items you consigned with BidZirk.

4.

Produce all documents, banners, pamphlets, or other materials that relate in any manner to your protesting of BidZirk.

5.

Produce a copy of any document that evidences your graduation from high school; e.g., G.E.D. or actual diploma.

6.

Produce a copy of any permits in your possession, custody or control that purport to give you permission to protest or picket BidZirk locations.

7.

Produce, in machine-readable form, the data contents of the personal computer upon which you write copy for any website.

8.

Produce all documents, including correspondence and electronic mail, from any individual with legal training with whom you have communicated regarding any aspect of this action.

This 28th day of July, 2006.

KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

This is to certify that I have this day served the foregoing REQUESTS FOR

PRODUCTION OF DOCUMENTS by hand delivery to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 28th day of July, 2006.

_____
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, | ) ) ) | PLAINTIFFS' INTERROGATORIES |
| Defendant. | ) | |

COMES NOW BidZirk, LLC ("BidZirk"), Daniel G. Schmidt, III, and Jill Patterson, Plaintiffs herein, and pursuant to Fed. R. Civ. P. 33 propound the following interrogatories to Defendant Philip J. Smith. Defendant is required to answer fully in writing these interrogatories within 30 days after service hereof. These interrogatories are deemed continuing, and require supplemental answers if Defendant obtains additional responsive information after service of responses.

## DEFINITIONS

a. Document – as used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control, or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, taps, stenographic or handwritten notes, microfilm, bulletins,

circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records, tapes or other media, computer diskettes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or cop contains any commentary or notation whatsoever that does not appear on the original.

b. Person – as used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

c. Date – as used herein "date" shall mean the exact day, month and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

d. Communication – as used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally-conveyed meaning.

e. You – as used herein "you" shall mean the defendant responding to these requests, or any person or persons acting or purporting to act in any manner on Defendant's behalf.

f. Or – "or" is used herein exclusively in the conjunctive sense, and shall mean "and/or."

g. Illustrative material – as used herein, "illustrative material" shall mean any photograph, drawing, diagram, chart, model, film, videotape, print, lithograph, tape, computer program, or any other tangible thing which purports visually to recreate or document any fact relevant to any issue in this action, the date each item was made, the

2

person making each such item, the present location and custodian of each such item, and a description of what each item purports to illustrate.

h. Identify – as used herein, "identify" when used in reference to (1) a person who is an individual, shall mean to state his or her full legal name, present or last known residence address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers; (2) a person who is a firm, partnership, corporation, proprietorship, association, financial institution or other organization or entity, shall mean to state its full legal name (including any trade names under which the entity does business or was formerly known) and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identify of its chief executive officer; (3) an oral communication, shall mean to state the date, subject matter, communicator, recipient, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; (4) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of persons known to have seen the document or to have received copies, its present location and custodian, and a description of the contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of the document to his responses hereto, specifying the particular interrogatory or request for production of documents to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response

3

to any interrogatory or request for production of documents was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances and any authorization for such disposition, and, if you know, the present location and custodian of such document.

i. State all facts – as used herein, "state all facts" shall mean to state all facts discoverable under the Federal Rules of Civil Procedure known to Defendant or his respective attorneys, to identify all persons having knowledge of such facts, and to identify all communication concerning or relating to such facts.  When used in reference to an allegation in the pleadings, "state all facts" shall include all facts negating, as well as supporting, an allegation.

j. Corporate name – when the name of a particular company is used, such use encompasses all names under which the pertinent company has functioned or operated.

<u>INSTRUCTIONS</u>

a. Objections based upon privilege – in the event that any information, document, or thing requested herein is withheld under a claim of privilege, provide the following information with respect to each such fact, document or thing: (1) the type of information, document or thing; its general subject matter; and the place and approximate date it was prepared or created; (2) the name and title of each person who also has the information, or prepared or created the document or thing and the name and title of each other person to whom such information has been related, or who has received or

4

examined the document or thing or a copy thereof; (3) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to apart of the information, document or thing withheld; and (4) the numbers of all interrogatories or subparts thereto to which the information, document or thing withheld would otherwise be responsive.

b. To the extent the information called for by these interrogatories is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

c. Documents no longer in your possession – if any document which you would have produced in response to any interrogatory or request for production of documents was but is no longer in your possession or subject to you control or is no longer in existence, state whether such document or thing is (1) missing or lost; (2) destroyed; (3) transferred to some other person, firm, corporation or entity; (4) otherwise disposed of and, in any such instance, set forth the surrounding circumstances and any authorization for such disposition, state the approximate date of any such disposition and, if known, also state the present location and custodian of each such document or thing.

<u>INTERROGATORIES</u>

1.

Identify all persons known to Defendant to have knowledge concerning any fact related to this action, and state whether any written or recorded statements have been procured from any such witness.

2.

For each person known by Defendant to be a witness concerning any facts relevant to this action, summarize the witness' knowledge or observations, or produce a copy of each written or recorded statement taken from each such witness.

3.

Identify all documents, correspondences, e-mails, and other records that relate in any manner to any fact related to this action.

4.

Identify all photographs, reports, or other prepared documents that relate in any manner to the claims or defenses asserted in this action.

5.

Identify all items that you consigned for auction with BidZirk, as to each such item, state (a) when you dropped off the item; (b) whether the item was sold; (c) the appraised value of the item; (d) how the appraised value was obtained; (e) the price for which the item was sold by BidZirk; (f) the date on which the item was sold; (g) the amount you received for the item; and (h) the amount of fees you paid related to the sale of each item.

6.

Identify all expert witnesses that Defendant proposes to have testify at the trial of this action and, as to each such expert witness, state (a) his or her qualifications; (b) a description of the subject matter upon which each expert is expected to testify; (c) the facts on which each expert is expected to rely in providing testimony; (d) the facts and opinions to which each expert is expected to testify; (e) a summary of the grounds for

each opinion or conclusion; (f) whether each such expert has conducted any investigation, inspection, examination or testing related in any manner to the facts, circumstances or issues presented in this action and, if so, state the nature of such investigation, inspection, examination or testing, the results of same and the date(s) on which such work was performed; and (g) identify any actions in which each such expert has given testimony at trial, arbitration or a deposition.

7.

Identify all documents, pictures, audio or video recordings, or other records that relate to your dealings with Plaintiffs or Plaintiffs' counsel.

8.

Identify all documents, records, receipts, internet protocol ("IP") records, and other electronic or computer data that evidence your ownership or control of the websites at www.jackwhispers.blogspot.com, www.kingkongwrong.blogspot.com, and www.fixyourthinking.com.

9.

Identify all IP records and other computer data and records that relate in any manner to the traffic on your websites or to the facts of this action.

10.

Identify all awards that you have received for your writing.

11.

Identify all materials that evidence your experience as a publisher of news reporting or news commentary.

12.

Identify all documents and records that relate to your dealings with online auction listing companies other than BidZirk.

13.

Identify all documents that you created or maintained throughout the course of your dealings with BidZirk.

14.

Identify all materials that you have published on any media relating in any manner to Plaintiffs, and for each such publication, state (a) where it was published; (b) when it was published; (c) a summary of its contents; (d) whether it remains posted or when it was removed; and (e) your purpose behind the publication.

This 28th day of July, 2006.

_____
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BIDZIRK, LLC, DANIEL G. SCHMIDT, )
III, and JILL PATTERSON, )
 )
  Plaintiffs, )
 )
v. ) Civil Action No. 6:06-CV-00109-HMH
 )
 )
PHILIP J. SMITH, )
 ) CERTIFICATE OF SERVICE
  Defendant. )

This is to certify that I have this day served the foregoing PLAINTIFFS'

INTERROGATORIES by hand delivery to:

Mr. Philip J. Smith
601 Cleveland Street, Apartment 5-C
Greenville, South Carolina 29601

This 28th day of July, 2006.

_____
KEVIN M. ELWELL

K. M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Plaintiffs BidZirk, LLC,
Daniel G. Schmidt, III and Jill Patterson