IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BIDZIRK, LLC, DANIEL G. SCHMIDT, III, and JILL PATTERSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | Civil Action No. 6:06-CV-00109-HMH |
| PHILIP J. SMITH, ) ) | AFFIDAVIT OF JACK MARKS |
| Defendant. ) ) | |

State of South Carolina
County of Greenville

CAME BEFORE ME, the undersigned officer duly authorized to administer oaths, Jack Marks, who, upon being sworn, deposes and states:

1.

My name is Jack Marks. I am over 18 years of age and am competent in all respects to testify to the matters asserted herein. I have personal knowledge of those matters and know them to be true. This affidavit is given for any purpose lawful under the Federal Rules of Civil Procedure.

2.

I operate 3 Point Oh!, a production services company in Greenville County, South Carolina. I was retained to videotape the deposition of Defendant Philip Smith by K.M.

Exhibit 10                                                                                        Dockets.Justia.com

2

Elwell, P.C. I was present in person at both of Mr. Smith's depositions, on September 14, 2006 and December 29, 2006.

3.

I have reviewed Mr. Smith's submission to the Court entitled "Defendant memorandum for summary judgement [sic]." In this document, Mr. Smith writes "I walked out of the first deposition after being being [sic] physically threatened. The opposing attorney refused to move on after asking me who my customers were by name. I refused to tell him and he stopped the FILMING and COURT RECORDER and hulked over me threatening me calling me a 'punk.' During both depositions the Plaintiff attorney and Ty Schmidt would laugh after they asked me a harassing question." These allegations are absolutely false.

4.

I was physically present and observed the conduct of Mr. Smith, Mr. Elwell, and Mr. Schmidt during the entirety of both depositions, both on and off the record. At no time did Mr. Elwell physically threaten Mr. Smith. Mr. Smith informed Mr. Elwell that he was a diabetic, and that he required periodic snacks to regulate his blood sugar. Mr. Elwell informed Mr. Smith very clearly that he did not want Mr. Smith to become ill during the deposition, and that breaks during the proceeding were fine at any time. At no time did Mr. Elwell "hulk" over Mr. Smith as he states, which I take to mean that Mr. Smith contends that Mr. Elwell attempted to physically intimidate Mr. Smith. Mr. Elwell never called Mr. Smith a 'punk,' as alleged. I never observed either Mr. Elwell or Mr. Schmidt laugh during the depositions; on the contrary, it was my impression that Mr.

Exhibit 10

Elwell and Mr. Schmidt were frustrated by Mr. Smith's obstreperous attitude throughout the depositions, and found no part of the proceedings on either day to be humorous.

5.

I have been in attendance at many depositions, and I can state that Mr. Smith was a singularly uncooperative witness. Based on my experience as a deposition videographer, and my observation of many lawyers questioning witnesses at depositions, I can state that Mr. Elwell's questions were nothing that I would consider harassing or inappropriate. Mr. Smith refused to answer the most basic of questions, and many times during the depositions simply refused to answer questions, stating that the question asked was irrelevant or not pertinent. In general, Mr. Smith's attitude towards the proceedings was uncooperative, rude and unreasonable.

6.

On the occasions of both depositions, I believe that Mr. Elwell behaved in a professional manner, and that Mr. Smith behaved impolitely.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JACK MARKS

Sworn to and subscribed
before me this 15th day
of October, 2007.

_____
NOTARY PUBLIC

3

Exhibit 10