```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF SOUTH CAROLINA
                    GREENVILLE DIVISION
                  C.A. #6-06-CV-00109-HMH
```

BIDZIRK, LLC, DANIEL G.
SCHMIDT, III, AND JILL
PATTERSON,

    Plaintiffs

vs.

PHILIP J. SMITH,

    Defendant.

_____/

---

VIDEOTAPED & STENOGRAPHIC
DEPOSITION OF PHILIP J. SMITH

---

PURSUANT TO THE NOTICE OF DEPOSITION AND/OR AGREEMENTS IN THE ABOVE-ENTITLED CASE, THE DEPOSITION OF PHILIP J. SMITH WAS TAKEN ON THURSDAY, SEPTEMBER 14TH, 2006, COMMENCING AT 10:34 A.M. AT THE OFFICES OF KEVIN M. ELWELL, ESQUIRE, 111 EAST NORTH STREET, GREENVILLE, SOUTH CAROLINA.


KAREN BELANGER
CERTIFIED VERBATIM REPORTER

FOOTHILLS COURT REPORTING

SERVING THE UPSTATE OF SOUTH CAROLINA
(864) 836-2290

CT REPORTER: KAREN BELANGER

Page 50

```
 1  A.  TODAY?
 2  Q.  NO, THEY WERE SERVED ON YOU, ON THE 28TH OF
 3      JULY --
 4  A.  I DIDN'T RECEIVE THOSE.
 5  Q.  -- PER THE CERTIFICATE OF SERVICE.
 6  A.  I DID NOT RECEIVE THOSE.
 7  Q.  AND IS THAT GOING TO BE YOUR STRATEGY THROUGHOUT
 8      THIS CASE, IS THAT WHEN YOU'RE FAILING TO RESPOND
 9      TO SOMETHING YOU'LL SIMPLY SAY YOU DIDN'T GET IT?
10  A.  NO.  I HAVE ANSWERED EVERY SINGLE THING THAT
11      YOU'VE SENT ME SO FAR, AND I'VE ANSWERED THE COURT
12      THOROUGHLY SO FAR, EVERYTHING THAT THEY HAVE SENT
13      ME.  I DID NOT GET YOUR THING ON THE 28TH OF JULY.
14  Q.  WERE YOU IN GREENVILLE ON THE 28TH OF JULY?
15  A.  I CAN'T SAY WHERE I WAS THAT DAY.
16  Q.  BECAUSE YOU DON'T KNOW, OR YOU'RE NOT --
17  A.  I DON'T KNOW RIGHT NOW, I MEAN, I DON'T HAVE MY
18      RECORDS IN FRONT OF ME.
19  Q.  DO YOU KEEP RECORDS OF WHERE YOU ARE ON A
20      PARTICULAR DAY?  DO YOU HAVE A DIARY?
21  A.  IN GENERAL, YES.
22  Q.  WERE YOU ON VACATION ON THE 28TH OF JULY?
23  A.  I DO NOT THINK SO.
24  Q.  WERE YOU OUT OF TOWN FOR SOME OTHER PURPOSE?
25  A.  I CAN'T SAY.
```

Page 51

```
 1  Q.  WHEN DO YOU GENERALLY CHECK THE MAIL AT YOUR
 2      CONDOMINIUM?
 3  A.  ONCE A WEEK.
 4  Q.  IS THERE A PARTICULAR DAY YOU GO EACH WEEK?
 5  A.  DIFFERENT DAYS.
 6  Q.  AND THIS 28TH OF JULY TIME FRAME WOULD HAVE BEEN
 7      THE TIME WHEN YOU ACTUALLY DIDN'T LIVE IN THIS
 8      CONDO, RIGHT?
 9  A.  NOT RESIDING THERE, YES.
10  Q.  SO YOUR CLAIM IS THAT YOU HAVE NOT SEEN THESE
11      QUESTIONS?
12  A.  IT'S NOT A CLAIM.  IT'S A FACT.  I'VE NEVER SEEN
13      THIS EVER BEFORE.  I HAD NO IDEA OF THIS DATE
14      TODAY.
15  (EXHIBIT NO. 3 MARKED, REQUEST FOR PRODUCTION OF
16  DOCUMENTS)
17  WITNESS:
18      I'M GOING TO NEED TO TAKE A BREAK HERE.  I'VE GOT
19      TO CALL A CUSTOMER.  I WAS SUPPOSED TO MEET THEM,
20      A SECOND CUSTOMER AT NOON.
21  MR. ELWELL:
22      YOU WON'T MAKE THAT EITHER.
23  WITNESS:
24      OKAY, WELL, I'VE GOT TO TAKE A BREAK AND CALL THAT
25      CUSTOMER.
```

Page 52

```
 1  MR. ELWELL:
 2      OKAY.
 3  WITNESS:
 4      THANK YOU.
 5  (OFF THE RECORD; BRIEF RECESS)
 6  EXAMINATION RESUMED BY MR. ELWELL:
 7  Q.  WE'RE BACK ON THE RECORD AFTER A SHORT BREAK.  MR.
 8      SMITH HAS INDICATED THAT HE WILL BE LEAVING AT
 9      12:30 TODAY.  AND SO I TAKE IT YOU'RE REFUSING TO
10      STAY PAST THAT?
11  A.  I HAVE DIETARY ISSUES AND I HAVE CUSTOMERS.  THIS
12      SHOULD NOT HAVE TAKEN ANY MORE THAN TWO AND A HALF
13      HOURS ANYWAY.
14  Q.  I'M SORRY IF YOU THINK THAT IT SHOULD BE DONE IN A
15      PARTICULAR AMOUNT OF TIME AND IT'S NOT GOING TO BE
16      FINISHED IN THAT AMOUNT OF TIME.  WE CAN CERTAINLY
17      DEAL WITH --
18  A.  I WOULD APPRECIATE SOME RESPECT TO MY DIETARY
19      NEEDS.  THANK YOU.
20  Q.  I HAVE NO PROBLEM GIVING YOU BREAKS AS YOU NEED
21      THEM TO DEAL WITH THAT ISSUE.  I CERTAINLY DON'T
22      WANT YOU TO GET SICK.  I THINK WE'VE JUST COME
23      FROM A BREAK WHERE YOU DID HAVE SOMETHING TO EAT.
24  A.  YES.
25  Q.  DO YOU HAVE NUMBER 3 IN FRONT OF YOU, THE REQUEST
```

Page 53

```
 1      FOR PRODUCTION OF DOCUMENTS?  I TAKE IT YOUR
 2      POSITION WILL BE THAT YOU NEVER RECEIVED THESE
 3      EITHER.
 4  A.  I HAVEN'T RECEIVED ANYTHING THAT YOU'VE SERVED TO
 5      ME BY HAND ON JULY 28TH, IF THAT'S WHAT THIS WAS.
 6      AND I ALSO WANT IT NOTED ON THE RECORD THAT YOU
 7      ARE NOT ASKING ME THESE QUESTIONS.  YOU SEEM TO BE
 8      ASKING THEM FROM SOMETHING ELSE, OR YOU'RE
 9      SKIPPING QUESTIONS.  SO I'M NOT DENYING THAT I --
10      I MEAN I'M NOT SAYING THAT I HAVEN'T ANSWERED
11      THESE QUESTIONS, BECAUSE I EITHER HAVEN'T OR I
12      HAVE.
13  Q.  THIS DOCUMENT, THESE ARE A REQUEST FOR PRODUCTION
14      OF DOCUMENTS.  YOU UNDERSTAND THAT THIS DOCUMENT
15      IS POSING REQUESTS THAT YOU PRODUCE CERTAIN
16      DOCUMENTS AND THINGS, AND THAT THIS ISN'T SOME
17      SORT OF OUTLINE THAT I HAVE TO GO BY HERE TODAY?
18  A.  RIGHT, AND I'M GOING TO NEED TO FILE WITH THE
19      COURT THAT A LOT OF THESE ARE IRRELEVANT OR THAT
20      THEY ARE PROPRIETARY BUSINESS INFORMATION.  AND
21      SOME OF THEM SEEM TO BE JUST DOWNRIGHT DEMEANING,
22      I MEAN, IN THEIR QUESTIONING.
23  Q.  WHICH ONES DO YOU FIND DEMEANING?
24  A.  "PRODUCE IN MACHINE READABLE FORM THE DATA
25      CONTENTS OF THE PERSONAL COMPUTER UPON WHICH YOU
```

CT REPORTER: KAREN BELANGER

Page 54

1  WRITE FOR ANY WEBSITE." I MEAN, CAN YOU BE
2  SERIOUS ABOUT THAT?
3  Q. WHY DOES THAT DEMEAN YOU?
4  A. THE DATA CONTENT OF THE PERSONAL COMPUTER UPON
5  WHICH I WRITE FROM MY WEBSITE?
6  Q. WE'LL PROVIDE YOU WITH AN EXTERNAL HARD DRIVE IF
7  YOU WANT TO COPY THAT DATA TO SOMETHING SO THAT IT
8  DOESN'T COST YOU ANYTHING.
9  A. NO. NO, I'M NOT SAYING THE COST. THE COST IS
10 NEGLIGIBLE. THAT YOU WANT THE DATA CONTENTS. IN
11 OTHER WORDS, EVERYTHING THAT I HAVE ON MY
12 COMPUTER?
13 Q. IF IT'S THE ONE THAT YOU USE TO WRITE WEB COPY.
14 A. NO, THAT'S MY PERSONAL COMPUTER. AND NO
15 JOURNALIST, BLOGGER, SANE PERSON WOULD GIVE YOU A
16 COPY OF THEIR HARD DRIVE UNLESS IT WERE A --
17 UNLESS I WERE CONVICTED OF A SEX CRIME OR TERROR
18 AGAINST THE STATE, OR SOMETHING LIKE THAT.
19 Q. HAVE YOU CONSULTED THE FEDERAL RULES DURING THE
20 PENDENCY OF THIS CASE?
21 A. I'VE READ OVER QUITE A BIT OF STUFF, YES.
22 Q. DO YOU KNOW WHETHER YOU'VE READ OVER THE FEDERAL
23 RULES?
24 A. CAN'T SAY THAT I HAVE. DON'T KNOW WHETHER I HAVE
25 OR NOT.

Page 55

1  Q. ARE YOU FAMILIAR WITH THE FEDERAL RULE THAT
2  INDICATES THAT YOU HAVE WAIVED OBJECTIONS TO
3  INTERROGATORIES AND REQUEST FOR PRODUCTION OF
4  DOCUMENTS IF THEY'RE NOT OBJECTED TO WITHIN THE
5  TIME FOR ORIGINAL RESPONSE TIME?
6  A. AGAIN I'M GOING TO SUBMIT TO THE COURT TODAY, OR
7  SOMETIME WITHIN THE NEXT COUPLE OF DAYS, THAT I'VE
8  NEVER SEEN WHAT YOU'RE SHOWING ME HERE.
9  (EXHIBIT NO. 4 MARKED, REQUEST FOR ADMISSIONS)
10 WITNESS:
11     AND, I MEAN, AND THE THINGS ABOUT MY INTELLIGENCE,
12     DO I CONSIDER MYSELF OF SUPERIOR INTELLIGENCE OR
13     WHATEVER.
14 EXAMINATION RESUMED BY MR. ELWELL:
15 Q. YOU REPRESENTED IN OPEN COURT THAT YOU HAVE AN
16 EXTREMELY HIGH IQ, DID YOU NOT?
17 A. THAT'S JUST A DEMEANING QUESTION AND IT'S
18 IRRELEVANT.
19 Q. DID YOU NOT?
20 A. YES, I DID.
21 Q. WELL, YOU EVIDENTLY CONSIDER YOURSELF AN
22 INTELLIGENT PERSON.
23 A. DO YOU NOT? YOU DON'T CONSIDER YOURSELF
24 INTELLIGENT?
25 Q. IF I DO, THAT'S NOT SOMETHING I GO AROUND

Page 56

1  DECLARING. EXHIBIT NUMBER 4, THESE ARE REQUEST
2  FOR ADMISSIONS UNDER RULE 36 OF THE FEDERAL RULES.
3  THIS IS A COPY OF WHAT WAS SERVED ON YOU ON JULY
4  28TH, 2006. YOU AGAIN INDICATE OR WOULD STATE
5  THAT YOU HAVEN'T SEEN THESE BEFORE EITHER?
6  A. THAT IS CORRECT. I MEAN, IS THIS WHAT YOU'RE
7  SHOWING ME RIGHT NOW?
8  Q. I WANT YOU TO LOOK OFF EXHIBIT NUMBER 4. DON'T
9  WORRY ABOUT WHAT I'VE GOT IN FRONT OF ME.
10 A. CAN -- I MEAN, REALLY, IF YOU WANT THIS TO
11 CONTINUE, PLEASE STOP TALKING TO ME IN A DEMEANING
12 WAY. YOU'RE AN ATTORNEY. YOU CAN HANDLE -- YOU
13 KNOW YOU CAN HANDLE A PROFESSIONAL CONVERSATION.
14 I DON'T LIKE THE DEMEANING COMMENTS OUT IN THE
15 HALLWAY, "THE DOOR WHICH YOU CAME IN," AND THE
16 FACT THAT YOU'RE DEMEANING MY NEED TO EAT AND
17 HANDLE MY CUSTOMERS. YOU WERE LATE WITH THIS --
18 Q. JUST A SECOND. NOBODY'S DEMEANED YOUR NEED TO
19 EAT. THE IDEA BEHIND TAKING YOUR DEPOSITION IS
20 NOT TO STICK YOU IN A ROOM WITHOUT FOOD SO THAT
21 YOU BECOME ILL. THAT'S KIND OF AN OUTLANDISH
22 THING FOR YOU TO TRY AND SAY.
23 A. WELL, I THINK IT IS.
24 Q. I'VE TOLD YOU MORE THAN ONCE THAT --
25 A. AGAIN, WE NEED TO CONTINUE.

Page 57

1  Q. -- WE CAN TAKE BREAKS.
2  A. WE NEED TO CONTINUE.
3  Q. CAN YOU ANSWER MY QUESTION CONCERNING WHETHER
4  YOU'VE SEEN EXHIBIT NUMBER 4?
5  A. I HAVE -- YOU KNOW, YOU'VE SENT ME SO MUCH, I
6  DON'T THINK THAT I'VE SEEN THIS. IF THIS CAME
7  WITH THE 28TH THING, I HAVEN'T SEEN IT. I MEAN,
8  I'VE SEEN SOME OF THE THINGS THAT IT SAYS IN HERE,
9  BUT IT SEEMS LIKE THAT IT'S JUST REDUNDANT STUFF.
10 SO I DON'T KNOW WHETHER -- I'VE NEVER BEEN ASKED
11 THESE QUESTIONS.
12 Q. OTHER THAN IN THIS PAPER, RIGHT?
13 A. THAT I'VE EVER SEEN BEFORE. I'VE NEVER SEEN THESE
14 QUESTIONS POSED TO ME ON PAPER FORM BEFORE.
15 Q. AND YOU HAVE NOT RESPONDED TO THEM, OBVIOUSLY.
16 YOU HAVE FILED NO DISCOVERY RESPONSES OR SERVED
17 DISCOVERY RESPONSES IN THIS CASE?
18 A. NEVER SEEN THEM.
19 Q. SO THAT'S NO?
20 A. THAT'S NO, THAT I HAVEN'T RESPONDED -- I MEAN THAT
21 I HAVEN'T RESPONDED BECAUSE I HAVEN'T SEEN THEM.
22 SO ARE WE SKIPPING OVER THESE QUESTIONS BECAUSE --
23 Q. YOU HAVEN'T ANSWERED --
24 A. "ADMIT THAT YOUR PURPOSE IN PUBLISHING THE POSTING
25 WAS TO INJURE AND DEFAME BIDZIRK AND ITS