- Pages
  - About
- Categories:
  - Uncategorized
  - News
  - Legal Developments
  - Personal
  - Opinion/Editorial
  - Technology
- Search:

  

- Archives:
  - November 2007
  - July 2007
  - June 2007
  - May 2007
  - February 2007
  - January 2007
- Meta:
  - Login
  - RSS
  - Comments RSS
  - Valid XHTML
  - XFN
  - WP

# BidZirk v. Smith

November 10th, 2007

It's been a while since I posted here; I have simply been too busy to spend time blogging. Lately, however, my silence has been interpreted by some as unprofessional, and so if for no other reason than that, it's time to post again. As many already know, I represented the plaintiffs in *BidZirk v. Smith*, a case in which my clients sued Philip Smith, a blogger. BidZirk is an eBay dropoff store, and Mr. Smith had an unpleasant experience with the company. He posted a story in which he described his experience with BidZirk, which was fine. What wasn't fine was Mr. Smith's use of BidZirk's logo in his blog. BidZirk asserted a claim for trademark dilution under the Lanham Act, and BidZirk's principals asserted claims for defamation and invasion of privacy.

During the course of the litigation, Mr. Smith either neglected or ignored deadline after deadline, and was given second, third and fourth chances by the Court. At one point in the case, Mr. Smith had failed to respond to certain requests for admission, which under normal circumstances would have resulted in the facts contained in those requests being admitted for purposes of the case. These admissions would have normally had the effect of sealing Mr. Smith's fate, because the facts thus admitted would have established his liability. BidZirk moved for summary judgment on this basis. Then, I made a serious error. I filed a notice of *lis pendens* on Mr. Smith's condominium, for the purpose of preserving the availability of that asset to satisfy BidZirk's expected judgment. This was an aggressive move, and in hindsight was too much so. Arguing that an expectation of judgment equates to a claim directly involving the title to real property

took the *lis pendens* statute beyond its intended use. The *lis pendens* was on the books for approximately six months, when it was withdrawn pursuant to the Court's instructions. The Court denied BidZirk's motion for summary judgment.

The Court was hostile to BidZirk's claims from the beginning. The case was referred for pretrial handling to a federal magistrate, who attempted to be fair to Mr. Smith, but also understood that the rules apply evenly to both sides, represented or not. Mr. Smith failed to respond to BidZirk's written discovery requests, and the magistrate eventually granted a motion to compel, with specific instructions to Mr. Smith to answer certain interrogatories, RPODs and requests for admission. Mr. Smith did not serve responses as ordered, but instead sought an extension of time to answer, which was granted. The Court's order relating to this extension of time stated clearly that if Mr. Smith did not respond as ordered in the additional time allowed, he would be sanctioned.

Instead, Mr. Smith filed a paper in which he stated "I deny and defy the Court's order," usually a sure-fire way to earn the Court's contempt. The Court ordered a status conference not with the magistrate, but with the district judge himself. I assumed that the district judge had gotten wind of Mr. Smith's in-your-face refusal to obey a Court order, and that the matter had been 'kicked upstairs' for resolution. On the appointed day, I appeared in the courtroom fully expecting to be witness to the district judge's bollocking of Mr. Smith. Instead, I was excoriated for the better part of 90 minutes, while the judge excused every bit of Mr. Smith's conduct, overruled the magistrate's discovery orders and suggested to Mr. Smith that he make an oral motion for summary judgment. The Court granted the motion, and sanctioned me for filing the notice of *lis pendens*.

The Court wrote that "in essence, this is a case in which the plaintiffs have sued Smith because he published articles on the internet critical of the plaintiffs' business." This is not what the case was about. BidZirk's claim was for trademark dilution; specifically, the negative association BidZirk's trademarks acquired through their connection with Mr. Smith's blog. There are three defenses to infringement liability under the Lanham Act - (1) non-commercial use; (2) comparative advertising; and (3) use of trademarks in "news reporting or news commentary." There is a 4th Circuit case directly on point (*PETA v. Doughney*, 263 F.3d 359 (4th Cir. 2001)) regarding the unavailability of the non-commercial use defense on websites that include any connection to commerce, such as click-through ads. Mr. Smith's website includes click-through ads. Respecting the comparative advertising defense, Mr. Smith's posting on BidZirk was not comparative advertising, and he never claimed that it was.

Accordingly, Mr. Smith's only defense to infringement was the argument that his posting was "news reporting or news commentary." The Court found that Mr. Smith's piece was news, arriving at that decision by reviewing the content of the posting. The Court also said that Mr. Smith's intent in posting the article was revealed in the article itself. BidZirk contended all along that determining whether Mr. Smith's posting was news requires an examination of his intent in publishing the piece. BidZirk contended, and the record supported, the notion that Mr. Smith did not set out to write an informative piece on BidZirk - rather, he attacked BidZirk *after* he had a bad experience with the company as a customer, not as a newsgatherer. [handwritten: "The RECORD DID NOT SHOW THIS!"]

The problem with the Court's approach is that it involves judges in the critical evaluation of what is published, when the only proper inquiry is *why* it was published. We cannot allow the 'bloggers as journalists' debate to devolve into a situation in which courts weigh whether certain published information is newsworthy. Such is not the function of the courts. BidZirk proposed a test (set forth in its brief to the 4th Circuit) pursuant to which the putative news reporter's intent at the beginning of the newsgathering process is evaluated. If the blogger's intent is to gather facts and compile a story for the purpose of informing readers, it is news. If a story is compiled using facts that were gathered for a purpose other than news reporting, it is not news for purposes of 15 U.S.C. 1125(c)(4)(C). Remember that the context in which this test would be employed is *extremely* limited - the only question presented in *BidZirk v. Smith* was whether Mr. Smith's infringement of BidZirk's trademarks was excused by the character of the posting as

news, a term which the Lanham Act does not define.

Several commentators have cited *BidZirk v. Smith* as a triumph of free speech over evil corporations concerned only with their reputations. However, the case was not about free speech, it was about trademark infringement. Had Mr. Smith published the same story, not using BidZirk's trademarks, BidZirk would not have sued Mr. Smith. BidZirk's issue with Mr. Smith was never about what he said on his blog, it was about his insistence on publishing BidZirk's logo. This may seem like a small thing, but it is the difference between lawful and unlawful use of another's property. If you owned a 20-acre yard, and a stranger insisted on standing on a six-inch wide spot at the very edge of your land, you would probably initially say to yourself that it's no big deal. If you looked out your kitchen window every morning and saw the same fellow standing there, trespassing on your six inches of grass, day after day, you would eventually say to yourself that enough was enough. After all, whether you own 20 acres or just the small space where the stranger is standing, a trespass is a trespass, and property owners are entitled to exclusive use of their property.

The same is true here. Mr. Smith's infringement continues every day that the posting is available on the internet. Infringement is infringement, whether it's the Nike swoosh on 1000 billboards or Philip Smith publishing BidZirk's logo on his blog. The net effect of *BidZirk v. Smith*, aside from the comment mill's First Amendment high-fiving, is to weaken trademark protection in this country. The stage is now set for the next incremental diminishment of property rights, with the test to be applied tasking judges to review the content of stories to determine whether they are newsworthy enough to be entitled to infringe their subjects' trademarks. This thought should give pause to anyone who writes a blog.

I learned two things in this case. First, don't try to expand the limits of the *lis pendens* statute in South Carolina. Second, don't ever try to tell a judge what s/he should be angry about. I pursued what I believed to be a plausible theory of the case. The Court didn't see it BidZirk's way. Time to pick up the next file and continue doing my work. I had hoped to get through my entire career without being sanctioned, and I am upset with myself that I failed in that regard.

I did not know Mr. Smith prior to the *BidZirk v. Smith* case, and I still do not know him. I respect Mr. Smith's tenacity in publishing his views. This case was about BidZirk's trademark. It was not about muzzling Mr. Smith. Congratulations to Mr. Smith for surviving a tough lawsuit. I apologize to him here, publicly, for filing the notice of *lis pendens*; it is a mistake that I shall not repeat. I wish Mr. Smith luck in the future, and hope that I, he and my clients can move on to better and more productive things.

Posted in Uncategorized, News, Legal Developments | No Comments »



Look at the title of this page

This is meant solely to counter a page I have on the internet to manipulate search engine results.

Judge,

This is what is called a gateway page. It was created by remove-negativelistings.com. One client of this company is Bidzirk.



*[handwritten note at top:]* skewed search engine results — these are NOT Russian sites talking about my story or the case.

Web   Images   Video   News   Maps   Mail   more ▼                                    rus@ppple.com | My Account | Sign out

bidzirk                                            [ Search ]   Advanced Search
                                                                Preferences

---

**Web**                                                    Results 211 - 220 of about **6,600** for **bidzirk**. (0.87 seconds)

Tip: Search for English results only. You can specify your search language in Preferences

filed - поиск - [ Translate this page ]
Eric Goldman has the details on how a court has thrown out the lawsuit filed by **BidZirk**,
one of many, many companies that will sell your stuff on eBay for . ...
www.necin.com.ua/search.php?p=10&q=filed - 15k - Cached - Similar pages

Прочее | "Удобные деньги": о финансах простым языком - [ Translate this page ]
Небольшой компании **BidZirk** не удалось выиграть иск против блогера Филипа Смита,
опубликовавшего заметку с критикой в адрес ... подробнее. ...
itware.ru/events.vhtml - 78k - Cached - Similar pages

Суд постановил, что блогеры могут считаться журналистами ... - [ Translate this page ]
Фото: Russian DigitalСуд отклонил претензии небольшой компании **BidZirk** в адрес
блогера Филипа Смита, который обвинялся в нарушении прав на.
softlets.kz/ sud-postanovil-chto-blogery-mogut-schitatsya-zhurnalistami/ - 39k -
Cached - Similar pages

Compulenta.Ru - [ Translate this page ]
Суд постановил, что блогеры могут считаться журналистами [Небольшой компании
**BidZirk** не удалось выиграть иск против блогера Филипа Смита, ...
sidebar.ru/import/32/ - 14k - Cached - Similar pages

    ITUA.info - [ Translate this page ]
    Суд постановил, что блогеры могут считаться журналистами [Суд отклонил претензии
    небольшой компании **BidZirk** в адрес блогера Филипа Смита, который обвинялся ...
    sidebar.ru/import/785/?src=home - 8k - Cached - Similar pages

Интернесные новости... - [ Translate this page ]
Суд отклонил претензии небольшой компании **BidZirk** в адрес блогера Филипа Смита,
который обвинялся ( Дальше подробнее ). Tags: Блог, ЖЖ, Суд, новости ...
intnews.livejournal.com/ - 135k - Cached - Similar pages

Суд став на захист журналіста
Суд відхилив претензії невеликої компанії **BidZirk** на адресу блогера Філіпа Сміта,
повідомляє ArsTechnica. Все сталося після того, як Сміт ще два роки тому ...
uaport.net/UAnews/go.php?UN07110232045 - 5k - Cached - Similar pages

2 ноября — 2007 год — Компьютеры, комплектующие, переферия, ПО ... - [ Translate this page ]
[ 02.11.07 ], Суд отклонил претензии небольшой компании **BidZirk** в адрес блогера
Филипа ... Конфликт между Смитом и владельцем фирмы **BidZirk** Дэниелом Шмидтом
...
www.express.kirov.ru/news/?showD=1& rid=89&d=2&m=11&y=2007 - 38k -
Cached - Similar pages

I showed this front page to several local attorneys, all of which said that it seems he's trying to portray smugness or evil.

[signature] 11/15/07


